UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
105 STREET ASSOCIATES, LLC              Index No.: 05-cv-9938 (VM)

                Plaintiff,

       -against-                         **DEFENDANT GREENWICH INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

GREENWICH INSURANCE COMPANY

                Defendant.
------------------------------------------------------------------- X

Defendant, GREENWICH INSURANCE COMPANY, (hereinafter "Greenwich"), whose principal place of business is 70 Seaview Avenue, Stamford, Connecticut, by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby answers the Complaint of the Plaintiff, 105 STREET ASSOCIATES, LLC (hereinafter "105" or "Plaintiff"), upon information and belief, as follows:

## THE PARTIES

FIRST:    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

SECOND:    Denies each and every allegation contained in paragraph 2 of the complaint except admits that Greenwich is a Connecticut corporation with a principal place of business at 70 Seaview Avenue, Stamford, Connecticut, engaged in the practice of issuing insurance policies and begs leave to refer all questions of fact to the Court upon the trial of this action.

THIRD:    Denies the allegations contained in paragraph 3 of the Complaint except admits that Greenwich is a Connecticut corporation with a principal place of business at 70 Seaview Avenue, Stamford, Connecticut, engaged in the practice of issuing insurance policies in the State

2121611.1

of New York and begs leave to refer all questions of fact to the Court upon the trial of this action.

### ADDITIONAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

### AS TO THE INSURANCE POLICY

FOURTH:   Denies the allegations contained in paragraph 4 of the Complaint except admits Greenwich issued a commercial general liability policy no. WGG5001058 to provide plaintiff with general liability insurance and begs leave to refer to the true terms and conditions of the policy at the trial of this action.

FIFTH:   Denies the allegations contained in paragraph 5 of the Complaint except admits Greenwich issued a commercial general liability policy to plaintiff and begs leave to refer to the true terms and conditions of the policy at the trial of this action.

SIXTH:   Denies the allegations contained in paragraph 6 of the Complaint.

### THE CLAIM BY RICHARD CONRAD

SEVENTH:   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and begs leaves to all questions of fact to the Court upon trial of this action.

EIGHTH:   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and begs leaves to all questions of fact and law to the Court upon trial of this action.

2121611 1

NINTH: Denies the allegations contained in paragraph 9 of the Complaint and begs leaves to all questions of fact to the Court upon trial of this action.

TENTH: Denies the allegations contained in paragraph 10 of the Complaint and begs leave to refer to the true terms and conditions of the policy at the trial of this action.

ELEVENTH: Denies the allegations contained in paragraph 11 of the Complaint and begs leave to refer to the true terms and conditions of the policy at the trial of this action.

TWELFTH: Denies the allegations contained in paragraph 12 of the Complaint.

THIRTEENTH: Denies the allegations contained in paragraph 13 of the Complaint and begs leave to refer all questions of fact to the Court upon trial of this action.

FOURTEENTH: Denies the allegations contained in paragraph 14 of the Complaint.

FIFTEENTH: Denies the allegations contained in paragraph 15 of the Complaint and begs leave to refer all questions of law to the Court upon the trial of this action.

## FIRST CAUSE OF ACTION

SIXTEENTH: Repeats, reiterates and realleges each and every response to the allegations contained in paragraphs 1-15 of the Complaint as and for its response to the allegations contained in paragraph 16 of the Complaint with the same force and effect as if fully set forth at length herein.

SEVENTEENTH: Denies the allegations contained in paragraph 17 of the complaint except admits that Greenwich is not obligated to defend and indemnify plaintiff with respect to the

2121611 1

"Conrad action" and begs leave to refer to the Contract and to refer the policy and all questions of fact to the Court at the trial of this action.

EIGHTEENTH:   Denies the allegations contained in paragraph 18 of the Complaint.

## SECOND CAUSE OF ACTION

NINETEENTH:   Repeats, reiterates and realleges each and every response to the allegations contained in paragraphs 1-18 of the Complaint as and for its response to the allegations contained in paragraph 19 of the Complaint with the same force and effect as if fully set forth at length herein.

TWENTIETH:   Denies the allegations contained in paragraph 20 of the Complaint.

## THIRD CAUSE OF ACTION

TWENTY-FIRST:   Repeats, reiterates and realleges each and every response to the allegations contained in paragraphs 1-20 of the Complaint as and for its response to the allegations contained in paragraph 21 of the Complaint with the same force and effect as if fully set forth at length herein.

TWENTY-SECOND: Denies the allegations contained in paragraph twenty second of the Complaint as against Greenwich and begs leave to refer all questions of fact and law to the Court upon the trial of this action.

TWENTY-THIRD:   Denies knowledge and information sufficient to form a belief as to the truth of the allegation contained in paragraph twenty third of the Complaint and begs leave to refer all questions of fact to the Court upon the trial of this action.

2121611 1

TWENTY-FOURTH: Denies the allegations contained in paragraph twenty fourth of the Complaint.

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH:   The Complaint fails to state a cause of action for which relief can be granted.

## AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SIXTH:   Upon information and belief, if damages were sustained by plaintiff, which Greenwich expressly denies, as alleged in the Complaint such damages are attributable in whole or in part to the culpable conduct of plaintiff without any negligence, fault or want of care on the part of Greenwich.

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:  Upon information and belief, plaintiff has failed to take such reasonable measures so as to mitigate and reduce losses and damages, if any, as alleged in the Complaint.

## AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-EIGHTH:   The alleged insured has failed to carry their burden of proof by clear and convincing evidence to demonstrate the compliance of all terms, conditions and coverage, of the purported Greenwich Policy.

## AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-NINTH:   To the extent that the Complaint states a claim against Greenwich upon which relief could be granted, which Greenwich expressly denies, such claim is or may be barred in whole or in part by application of the doctrines of laches, estoppel, waiver, unclean hands, other equitable doctrines and/or by the applicable statutes of limitations.

## AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH: The Complaint is, or may be, barred and subject to dismissal for failure to join necessary and/or indispensable parties.

## AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIRST: Coverage, if any, for the alleged "Conrad Action" as set forth in the Complaint is or may barred or excluded to the extent that the insured has failed to comply with any or all material terms and conditions precedent to the purported Greenwich Policy including, without limitation, any provisions governing notice of occurrence or accident, notice of claims or suit, assistance and cooperation.

## AS AND FOR A EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SECOND: The purported Greenwich Policy is not applicable to and Greenwich has no indemnity obligation, if any, for any liabilities or monetary obligations assumed, or monies voluntary paid, or that it was not legally obligated to pay as damages by its alleged insured or that were paid without Greenwich's consent for the alleged "Conrad Action" as set forth in the Complaint.

## AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-THIRD: The purported Greenwich Policy would not provide coverage for non-fortuitous acts and/or any loss, injury, damage or risks which was known or should have been known by the insured at the time of application and/or inception of the purported Greenwich Policy.

## AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FOURTH: Greenwich's indemnity obligation, which Greenwich expressly denies, under the purported Greenwich Policy for the alleged "Conrad Action" as set forth in the

Complaint, would be limited to amounts the insured is legally obligated to pay as damages because of "personal injury" or "bodily injury" within the meaning of the purported Greenwich Policy.

### AS AND FOR A ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIFTH: As a condition precedent to coverage, the Greenwich Policy requires that the insured comply with notice requirements. Greenwich has no obligation under the purported Greenwich Policy to the extent that it was not provided with timely and proper notice required by the purported Greenwich Policy with respect to the alleged "Conrad Action" as set forth in the Complaint.

### AS AND FOR A TWELVTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SIXTH: The claims are barred because there is no actual and justiciable controversy existing between the parties.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: Upon information and belief, the plaintiff in the underlying action sustained his injuries, if any, wholly due to the negligence of the plaintiff in the instant action.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: The insurance/indemnity provisions contained in the contract relied upon by plaintiff in its complaint are in violation of the New York General Obligations Law Section 15-108 and are void and unenforceable as against public policy.

## AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-NINETH: To the extent that the Greenwich is liable, which Greenwich expressly denies, in the underlying Conrad action, a proper allocation of loss or damage between Greenwich, the plaintiff and/or other insurers, if any, is required. Such allocation may result in no sums being allocated to the Greenwich policy. In no event is Greenwich required to provide coverage in excess of its share under a fair and proper allocation.

## AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTIETH: Any person/entity seeking to establish coverage under any policy issued to 105 by Greenwich bears the burden of proving the terms and conditions of that policy. To the extent that the terms and conditions of a policy cannot be established for any particular policy period during which coverage is alleged, claims of coverage as to that period fail as a matter of law.

## AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FIRST: The Complaint does not set forth sufficient facts to allow Greenwich to determine all potential affirmative defenses (including defenses based upon the terms, conditions or exclusions of the policies that have been issued by Greenwich.) Accordingly, Greenwich reserves its right to assert additional defenses when such information is ascertained through discovery and further investigation. Greenwich specifically reserves the right to rely upon any defense arising from the terms, conditions and exclusions of its purported policy.

2121611.1

**WHEREFORE**, Defendant Greenwich demands judgment dismissing the plaintiff's Complaint; judgment over and against plaintiff declaring that Greenwich has no obligation to provide any coverage to plaintiff with respect to the underlying Conrad action; judgment declaring the rights of Greenwich as to a proper allocation of loss or damages against plaintiffs; judgment declaring the rights of Greenwich as to a proper allocation of loss or damages against the other insurers, if any; judgment awarding Greenwich its costs, disbursements and attorneys' fees incurred in this action; and such other and further relief as to this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant Greenwich demands a trial by jury on all issues so triable.

Dated: New York, New York
December 16, 2005

By: _____
Jill Cadre (JC-4127)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant
Greenwich Insurance Company
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No.: 06928.00226

TO: Donald F. Schneider
Attorney for Plaintiff
90 Broad Street, 6th Floor
New York, NY 10004
212-265-2266

2121611.1

STATE OF NEW YORK         )
                                              ss.:
COUNTY OF NEW YORK   )

MICHELE SAVINI, being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age and resides in Staten Island, New York.

That on the 16th day of December, 2005 deponent served the within **DEFENDANT GREENWICH INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** upon:

DONALD F. SCHNEIDER
Attorney for Plaintiff
90 Broad Street, 6th Floor
New York, NY  10004
212-265-2266

the attorneys for the respective parties in this action, at the above address designated by said attorneys for that purpose by depositing same, enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
MICHELE SAVINI

Sworn to before me this

16th day of December, 2005.

_____
JILL CADRE
Notary public, State of New York
No. 02CA6121054
Qualified in Westchester County
Commission Expires Jan 3 2009

2123144.1