# SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

COUNSELLORS AT LAW
90 BROAD STREET, 6TH FLOOR
NEW YORK, NY 10004

(212) 265-2266

JAY BLOOMFIELD
HARVEY N. GOLDSTEIN
DONALD F. SCHNEIDER

FAX: (212) 265-2442
EMAIL@LEXNEWYORK.COM

May 25, 2006

**VIA FEDERAL EXPRESS**
Honorable Debra C. Freeman
United States Magistrate Judge
United States Courthouse
40 Centre Street, Room 631
New York, New York 10007

Re: _105 Street Associates, LLC v. Greenwich Insurance Company_
05 CV 9938 (VM) (DCF)

Dear Magistrate Judge Freeman:

We represent Plaintiff in the above-referenced action. We write with respect to ongoing discovery difficulties.

**Defendant's Failure to Provide a Privilege Log Results
in Waiver of Privilege. Defendant Should Be Directed to Produce
All Requested Documents Withheld on the Basis of a Purported Privilege.**

The Scheduling Order directs that all depositions be completed by June 12, 2006 and all fact discovery by June 23, 2006. Exhibit "A". On February 23, 2006, we served a document request. Exhibit "B". On two occasions, we consented to the request of Defendant's counsel to extend the time in which to respond to Plaintiff's document request and produce documents. The most recent Stipulation extended Defendant's time until May 1, 2006, and provided that such extension is "final" and "may not be adjourned." Exhibit "C."

Subsequently, I wrote to Your Honor concerning Defendant's failure to comply with any of its discovery obligations. On the day of the ensuing conference call with you, we

S:\docs\BFC\Conrad\Greenwich Ins\ltrs memos\magistrate Freeman 5-24-06

finally received Defendant's responses to the document demand. No privilege log was provided. I asked Defendant's counsel whether any documents had been withheld on the ground of privilege. He replied "yes." In light of the soon impending discovery cutoff, I requested a privilege log immediately and followed up with a written request for same by the end of last week. Exhibit "D." Still, no privilege log has been provided, while depositions are required to be completed in about two weeks.

A privilege log is required by _Fed. R. Civ. P._ 26(b)(5) and Civil Rule 26.2 and is due when responses to the document demand are due. Civil Rule 26.2. Here Defendant's responses to the document demand were due on May 1, 2006, which date Defendant stipulated to be "final." Exhibit "C."

Judges in the Southern District of New York have repeatedly held that the failure to timely provide a privilege log constitutes a waiver of any potentially applicable privilege. _See_ _e.g._, _FG Hemisphere Assocs., LLC v. Republique du Congo_, 2005 WL 545218 at *6 (S.D.N.Y. Mar. 8, 2005); _Bruker v. City of New York_, 2002 WL 484843 at *5 (S.D.N.Y. Mar. 29, 2002); _A.I.A. Holdings, S.A. v. Lehman Bros., Inc._, 2000 WL 1538003 at *3 (S.D.N.Y. Oct. 17, 2000); _Jackson v. Edwards_, 2000 WL 782947 at *2 (S.D.N.Y. June 16, 2000); _Large v. Our Lady of Mercy Med. Ctr._, 1998 WL 65995 at *4 (S.D.N.Y. Feb. 17, 1998); _Hurst v. F.W. Woolworth Co._, 1997 WL 61051 at *6 (S.D.N.Y. Feb. 11, 1997); _PKFinans Int'l Corp. v. IBJ Schroeder Leasing Corp._, 1996 WL 525862 at *3-*4 (S.D.N.Y. Sept. 17, 1996); _John Labatt Ltd. v. Molson Breweries_, 1995 WL 23603 at 1 (S.D.N.Y. Jan. 20, 1995), _app. transferred sub nom., Dorf & Stanton Communications, Inc. v. Molson Breweries_, 56 F. 3d 13 (2d Cir. 1995), _aff'd_, 100 F. 3d 919 (Fed. Cir. 1996) _cert. den._, 520 U.S.1275 (1997); _Smith v. Conway Org., Inc._, 154 F.R.D. 73, 76 (S.D.N.Y. 1994); _Allstate Life Ins. Co. v. First Trust N.A._, 1993 WL 138844 at *3 (S.D.N.Y. Apr. 27, 1993); _Bank v. Mfrs. Hanover Trust Co._, 1990 WL 155591 *2 (S.D.N.Y. Oct. 9, 1990); _Carte Blanche (Singapore) PTE., Ltd. v. Diner's Club Int'l, Inc._, 130 F.R.D. 28, 32 (S.D.N.Y. 1990).

Allowing a party to avoid the consequences of its failure timely to provide a privilege log by belatedly submitting a privilege log would encourage disregard of the rules and would render _Fed. R. Civ. P._ 26(b)(5) and Civil Rule 26.2 regarding privilege log disclosures all out meaningless. _See e.g._, _PKFinans Int'l Corp. v. IBJ Schroeder Leasing Corp._, _supra_, 1996 WL 525862 at *4 ("Limiting the remedy to the belated preparation of a privilege log effectively ells practitioners they can flout the Court's Rules and incur no sanction other than an Order directing compliance with the Rules."); _Hurst v. F.W. Woolworth Co._, _supra_, 1997 WL 61051 at "6 (recognizing that while waiver may be a serious sanction for violation of _Fed. R. Civ. P._ 26(b)(5) and Civil Rule 26.2, the importance of these Rules "should not be dismissed by skirting their application when the results prove harsh to a party"); _John Labatt Ltd. v. Molson Breweries_, _supra_, 1995 WL 23603 at * 1 (Rule would be rendered "meaningless" absent declaring a

waiver.").

In view of the foregoing, we request an Order directing Defendant forthwith to produce all documents previously withheld on the ground of any purported privilege.

**Defendant Should Be Directed to
Fully Comply With Plaintiff's Document Demand**

Upon receipt of Defendant's responses to Plaintiff's document demand and documents on May 16, 2006, I faxed a letter to Defendant's counsel the following day (Exhibit "D"), setting forth issues that we had with respect to Defendant's responses and production. The letter raises the following issues:

(a)    Request No. 8 seeks daily reports and time entries of each person who participated in any evaluation or investigation concerning whether to approve or deny coverage, defense or investigation with respect to the Conrad Claims..." Defendant's response is that all responsive documents were produced under GR1-GR188. However, the only responsive documents that appear within that production are a few entries of Michael Barnaba during a five-day period (8/20/04-8/24/04, GR33-34). No daily reports or time entries of Mr. Barnaba subsequent to August 24, 2004, or of the individual whom you advised made the decision to disclaim, or of any other person, were produced. Please provide any such documents or advise in writing that no such documents exist.

(b)    Request No. 7 seeks "documents constituting or evidencing any of the results of any evaluation or investigation as to whether to allow or deny coverage, defense or indemnity with respect to the Conrad Claims." Defendant responded that all responsive documents were produced under GR1-GR188. However, we do not believe that any responsive document was included in such production. Not a single note or other document was produced concerning such evaluation or investigation. Please produce such documents or state in writing that no such document exists.

(c)    Request No. 12 seeks a portion of Defendant's "internal policies and/or procedures manuals concerning determining whether to allow or deny coverage, defense or indemnity with respect to the Conrad

Claims." Defendant's response refers to documents bates numbered GR1-GR43. However, none of those documents are responsive to Request No. 12. Please provide a copy of same.

(d)    In a number of cases, Defendant's responses state that responsive documents "in the possession of Greenwich" have been produced. Under the Federal Rules of Civil Procedure, however, we believe that Defendant's discovery obligation is broader than that and includes production of documents that are within its control or custody as well. We believe this would include, *inter alia*, all responsive documents in possession of Defendant's agent and claims administrator, WKF&C Agency, Inc. and XL respectively. Please either produce such documents or advise that no further documents are within the control or custody of Defendant other than those that have been produced to date.

The only identifiable response that we subsequently received were documents from WKF&C Agency, Inc. in response to subdivision (d) above. We have not received the requested portion of Defendant's policies and procedures manual (subd. (c)), any documents or other response to subd. (a) or (b), or any other response or other documents with respect to subd. (d).

Defendant's delays to date in providing discovery have put the parties close to the June 12 deadline for completing depositions. These document production issues would be most meaningfully addressed prior to depositions of the Defendant which are scheduled to commence in ten days. Accordingly, we request an Order directing Defendant to comply with Plaintiff's document demand by complying with subd. (a) through (d) above to the extent not previously complied with.

We thank you for your time and attention to this matter.

Respectfully submitted,

Donald F. Schneider

DFS/gk
Cc: Glenn Fuerth, Esq. (via federal express)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
  105 STREET ASSOCIATES LLC,

                     Plaintiff(s),

       - against -

  GREENWICH INSURANCE COMPANY,

                     Defendant(s).
-------------------------------------------------------X

05 ___ Civ. 9938 ___ (VM)

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

This Scheduling Order and Case Management Plan is adopted in accordance with Fed. R. Civ. P. 16-26(f).

1. This case (is) (is not) to be tried to a jury: [circle one]

2. Joinder of additional parties to be accomplished by ___March 23, 2006___.

3. Amended pleadings may be filed without leave of the Court until ___March 23, 2006___.

4. Initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1) to be completed within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f), specifically by not later than ___March 9, 2006___.

5. All <u>fact</u> discovery is to be completed either:

    a. Within one hundred twenty (120) days of the date of this Order, specifically by not later than ___June 23, 2006___; or

    b. Within a period exceeding 120 days, with the Court's approval, if the case presents unique complexities or other exceptional circumstances, specifically by not later than _____

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

    a. Initial requests for production of documents to be served by ___March 15, 2006___

    b. Interrogatories to be served by all party by ___March 15, 2006___

    c. Depositions to be completed by ___June 12, 2006___

        i. Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

        ii. Depositions of all parties shall proceed during the same time.

        iii. Unless the parties agree or the Court so orders, non-party depositions shall follow party depositions when possible.

d.  Any additional contemplated discovery activities and the anticipated completion date:

_____

_____

e.  Requests to Admit to be served no later than __May 23, 2006__

7.  All __expert__ discovery (ordinarily conducted following the completion of fact discovery) including parties expert reports and depositions, witness lists and identification of documents pursuant to Fed. R. Civ. P 26(a)(2), (3) and 35(b), is to be completed by:

a.  Plaintiff _____

b.  Defendant _____

8.  Contemplated motions:

a.  Plaintiff: ___Summary Judgment___

b.  Defendant: _____

9.  Following all discovery, all counsel must meet for at least one hour to discuss settlement, such conference to be held by not later than ___August 7, 2006___

10.  Do all parties consent to trial by a Magistrate Judge under 28 U.S.C. § 636(c)?

Yes _____        No ___X___

## TO BE COMPLETED BY THE COURT:

7.  The next Case Management Conference is scheduled for _____

In the event the case is to proceed to trial, a firm trial date and the deadline for submission of the Joint Pretrial Order and related documents shall be scheduled at the pretrial conference following either the completion of all discovery or the Court's ruling on any dispositive motion.

The Joint Pretrial Order should be prepared in accordance with Judge Marrero's Individual Practices. If this action is to be tried before a jury, proposed voir dire and jury instructions shall be filed with the Joint Pretrial Order. No motion for summary judgment shall be served after the deadline fixed for the Joint Pretrial Order.

SO ORDERED:

DATED:    New York, New York

_____

_____
Victor Marrero
U.S.D.J.

Respectfully submitted,

Schneider Goldstein Bloomfield LLP

Donald F. Schneider

Wilson Elser Moskowitz Edelman
& Dicker, LLP

Glenn J. Fuerth

**B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

1 05 STREET ASSOCIATES, LLC,

                            Plaintiff,

           -against-

    GREENWICH INSURANCE COMPANY,

                         Defendant.

------------------------------------------------------------X

05 CV 9938 (VM)

**PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF
<u>DOCUMENTS AND THINGS</u>**

Pursuant to <u>Fed. R. Civ. P.</u> 34 and the Civil Rules of this Court, Plaintiff requests that Defendant produce for inspection and copying those documents and things described below which are in its possession, custody or control, at the offices of Schneider Goldstein Bloomfield LLP, attorneys for Plaintiff, at 90 Broad Street, New York, New York 10004, within thirty (30) days.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the documents must be produced as they are kept in the usual course of business or must be organized and labeled to correspond with the categories in this request.

S:\docs\BFC\Conrad\Greenwich\Disc\first request for documents 2-16-06.wpd

## DEFINITIONS AND INSTRUCTIONS

This First Request for Production of Documents and Things is governed by the definitions and rules of construction set forth in the Civil Rules of the United States District Court for the Southern District of New York, including but not limited to Civil Rules 26.2 and 26.3.

Additionally, the following definitions and instructions shall be applicable to this First Request for Production of Documents and Things:

1.    The term "agreement" means any document or oral understanding that constitutes or purports to be, in whole or in part, a contract, license, lease or custom, and includes all amendments, modifications, interpretations and drafts thereof, whether or not executed, and any exercise of an option or other rights embodied therein.

2.    "Greenwich" or "Defendant" means Defendant Greenwich Insurance Company and, where applicable, its officers, directors, employees, partners, parent, subsidiaries and affiliates.

3.    The "Policy" means commercial general liability insurance policy no. WGG5001058 issued by Greenwich for the policy period from April 15, 2002 to April 15, 2003.

4.    The "Conrad Lawsuit" means the action entitled _Richard Conrad v. 105 Street Associates, LLC, et al.,_ N.Y. Co. Index No. 105554/04.

5.    The "Conrad Claims" mean the Claims against 105 Street Associates LLC in the Conrad Lawsuit.

6.    The term "possession, custody or control" includes, with limitation, possession, custody or control of Defendant and all persons and entities acting or purporting to act on behalf of either Defendant, whether as agent, officer, director, accountant, employee, attorney, sponsor, spokesman or otherwise.

7.    Unless otherwise indicated, these requests apply to the time period from January 1, 2002 through the present.

8.    This First Request for Production of Documents and Things imposes a continuing obligation upon you to make further and supplemental document productions if, between the time of the original production and the time of trial, you receive or generate additional documents satisfying the request set forth below.

## REQUESTS FOR PRODUCTION

1.    The Policy.

2.    All documents constituting or concerning notice of the accident or occurrence involving Richard Conrad.

3. All documents constituting or concerning notice of the Conrad Lawsuit.

4. All documents constituting or concerning any denial of coverage, disclaimer or reservation of rights with respect to the Conrad Claims or the Conrad Lawsuit.

5. All documents constituting or reflecting any evaluation, investigation or decision as to whether to allow or deny coverage, defense or indemnity with respect to the Conrad Claims.

6. All documents that were reviewed or relied upon in determining to deny coverage, defense or indemnity with respect to the Conrad Claims.

7. All documents constituting or evidencing any of the results of any such evaluation or investigation as to whether to allow or deny coverage, defense or indemnity with respect to the Conrad Claims.

8. All daily activity reports and time entries of each person who participated in any evaluation or investigation concerning whether to approve or deny coverage, defense or indemnity with respect to the Conrad Claims, limited to the portion of the entries which relate to Plaintiff 105 Street Associates LLC, the Conrad Claims or the Conrad Lawsuit.

9. All documents constituting or evidencing any recommendation as to

whether to allow or deny coverage, defense or indemnity with respect to the Conrad Claims.

10.    All documents created in determining whether to allow or deny coverage, defense or indemnity with respect to the Conrad Claims.

11.    To the extent not requested above, Greenwich's claim file with respect to Plaintiff 105 Street Associates LLC, the Conrad Claims and/or the Conrad Lawsuit.

12.    The portion of Greenwich's internal policies and/or procedures manuals concerning determining whether to allow or deny coverage, defense or indemnity with respect to the Conrad Claims.

13.    All documents that support any of the affirmative defenses contained in the Answer to the Complaint in this action.

14.    To the extent not requested above, all correspondence and memoranda between or among any of the following concerning any accident or occurrence involving Richard Conrad, the Conrad Claims the Conrad Lawsuit or the Policy:

(a)    Greenwich;

(b)    105 Street Associates LLC;

(c)    XL Speciality Conrad Claims Administrators;

(d)    North Shore Risk Management;

(e)     Barbara Weiner;

(f)     Tri-City Insurance Brokers;

(g)     WKF&C Agency, Inc.;

(h)     BFC Construction Corp.;

(i)     Michael Barnaba;

(j)     Robert Klipera;

(k)     Wilson, Elser, Moskowitz, Edelman & Dicker LLP; or

(l)     Any agent, employee or partner of any of the foregoing.

15.     All documents identified or requested to be identified in Plaintiff's First Set of Interrogatories to Defendant in this action.

Dated: New York, New York
       February 23, 2006

                    SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

                    By:_____
                       Donald F. Schneider (DFS-9886)
                    Attorneys for Plaintiff
                    Address and P.O. Box:
                    90 Broad Street, 6th Floor
                    New York, New York 10004
                    Tel.: (212) 265-2266
                    Fax : (212) 265-2442

S:\docs\BFC\Conrad\Greenwich\Disc\first request for documents 2-16-06.wpd

STATE OF NEW YORK      )
                                        : ss.:
COUNTY OF NEW YORK  )


**GAYLE KAPLAN**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn,

New York.

On February 23, 2006, deponent served the within Plaintiff's First Request For

Production of Documents and Things upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP,

attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, by causing a

true copy of same to be delivered by Federal Express for next day delivery.

                                                    _____
                                                            GAYLE KAPLAN

Sworn to before me this
23rd   day of February, 2006

_____
              Notary Public

DONALD F. SCHNEIDER
Notary Public, State of New York
No. 02SC6034524
Qualified in Westchester County
Commission Expires: Dec. 13, 2009

S:\docs\BFC\Conrad\Greenwich Ins\affidavit of service by fed ex.wpd

C

APR.14. 2006  2:08PM

NO. 9220   P. 2

*JFC. Copy*
*Greenwich*
*Copy*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

105 STREET ASSOCIATES, LLC

Index No.: 05-cv-9938 (VM)

Plaintiff,

-against-

**STIPULATION
ADJOURNING DISCOVERY**

GREENWICH INSURANCE COMPANY

Defendant.

------------------------------------------------------------ X

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned attorneys for the parties, that defendant Greenwich Insurance Company's Answers to Plaintiff's First Set of Interrogatories and Response to Plaintiff's First Request for Production of Documents and Things will be served on May 1, 2006, provided that Plaintiff's Answers and Responses to Greenwich's First Set of Interrogatories, and First Request for Production of Documents and Certain Things be served on May 15, 2006.

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned attorneys for the parties, that the abovementioned dates are final for both parties and may not be adjourned.

Dated: New York, New York
       April 14, 2006

Jill Cadre, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
150 East 42nd Street
New York, NY 10017
(212) 490-3000

Donald Schneider, Esq.
Schneider, Goldstein & Bloomfield, LLP
90 Broad Street, 6th Floor
New York, NY 10004
(212) 265-2266

2257906.1

D

# SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

COUNSELLORS AT LAW

90 BROAD STREET, 6TH FLOOR

NEW YORK, NY 10004

(212) 265-2266

JAY BLOOMFIELD
HARVEY N. GOLDSTEIN
DONALD F. SCHNEIDER

FAX: (212) 265-2442
EMAIL@LEXNEWYORK.COM

May 17, 2006

**VIA FAX 212.490.3038**
**AND OVERNIGHT COURIER**

Glenn J. Fuerth, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, New York 10017

Re: _105 Street Associates LLC v. Greenwich Insurance Company_
05 Civ. 9938 (VM) (DF)

Dear Glenn:

We are transmitting by overnight courier documents bates numbered P0001 through P00136 in response to Defendant's First Request for Production of Documents and Things. Pursuant to your request, we have included in the production copies of the Plaintiff's Bills of Particulars in the underlying personal injury action; the remaining litigation documents in that action are available for review at my offices due to their bulk as you and I agreed.

We would like to schedule depositions of Defendant but have not yet received its interrogatory responses. We would like to examine before trial the individual whom you advised me made the decision to disclaim. Please provide alternative dates for his deposition. We will advise you of any other deponents after we receive and review Defendant's interrogatory responses which you advised the Court would be forthcoming today and the remaining documents.

We are still awaiting, in addition to the foregoing, a privilege log to the extent that any documents have been withheld on the ground of privilege.

S:\docs\BFC\Conrad\Greenwich Ins\ltrs memos\fuerth ltr 5-17-06.wpd

We have issues with Defendant's responses that we received yesterday to Plaintiff's First Request for Production of Documents and Things:

(a)    Request No. 8 seeks daily reports and time entries of each person who participated in any evaluation or investigation concerning whether to approve or deny coverage, defense or investigation with respect to the Conrad Claims..." Defendant's response is that all responsive documents were produced under GR1-GR188. However, the only responsive documents that appear within that production are a few entries of Michael Barnaba during a five-day period (8/20/04-8/24/04, GR33-34). No daily reports or time entries of Mr. Barnaba subsequent to August 24, 2004, or of the individual whom you advised made the decision to disclaim, or of any other person, were produced. Please provide any such documents or advise in writing that no such documents exist.

(b)    Request No. 7 seeks "documents constituting or evidencing any of the results of any evaluation or investigation as to whether to allow or deny coverage, defense or indemnity with respect to the Conrad Claims." Defendant responded that all responsive documents were produced under GR1-GR188. However, we do not believe that any responsive document was included in such production. Not a single note or other document was produced concerning such evaluation or investigation. Please produce such documents or state in writing that no such document exists.

(c)    Request No. 12 seeks a portion of Defendant's "internal policies and/or procedures manuals concerning determining whether to allow or deny coverage, defense or indemnity with respect to the Conrad Claims." Defendant's response refers to documents bates numbered GR1-GR43. However, none of those documents are responsive to Request No. 12. Please provide a copy of same.

(d)    In a number of cases, Defendant's responses state that responsive documents "in the possession of Greenwich" have been produced. Under the Federal Rules of Civil Procedure, however, we believe that Defendant's discovery obligation is broader than that and includes production of documents that are within its control or custody as well. We believe this would include, *inter alia,* all responsive documents in possession of Defendant's agent and claims administrator, WKF&C Agency, Inc. and XL respectively. Please either produce such documents or advise that no further documents are within the control or custody of Defendant other than those that have been produced to date.

We look forward to a response and resolution by the end of this week so that we may move forward with and complete depositions in the time remaining under the Court's Scheduling Order.

Very truly yours,

Donald F. Schneider

DFS/gk

STATE OF NEW YORK    )
                   : ss.:
COUNTY OF NEW YORK  )

**GAYLE KAPLAN**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

On May 25, 2006, deponent served the within letter motion to Magistrate Judge Freeman, upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, by causing a true copy of same to be delivered by Federal Express for next day delivery.

_____
GAYLE KAPLAN

Sworn to before me this
25th day of May, 2006

_____
Notary Public

DONALD F. SCHNEIDER
Notary Public, State of New York
No. 02SC6034524
Qualified in Westchester County
Commission Expires: Dec. 13, 2009