# SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

COUNSELLORS AT LAW

90 BROAD STREET, 6TH FLOOR

NEW YORK, NY 10004

(212) 265-2266

JAY BLOOMFIELD
HARVEY N. GOLDSTEIN
DONALD F. SCHNEIDER

FAX: (212) 265-2442
EMAIL@LEXNEWYORK.COM

May 30, 2006

**VIA FEDERAL EXPRESS**
Honorable Debra C. Freeman
United States Magistrate Judge
United States Courthouse
40 Centre Street, Room 631
New York, New York 10007

Re:    *105 Street Associates, LLC v. Greenwich Insurance Company*
       **05 CV 9938 (VM) (DCF)**

Dear Magistrate Judge Freeman:

We represent Plaintiff in the above-referenced action.

By letter motion dated May 25, 2006, we requested an Order directing Defendant to produce to Plaintiff all documents previously withheld on the ground of a purported privilege as a result of Defendant's waiver due to its failure to provide the information required by *Fed. R. Civ. P.* 26(b)(5) and Civil Rule 26.2 in a privilege log.

Defendant's counsel received our letter motion on the morning of May 26, 2006. Late that day, we received a privilege log from Defendant's counsel. Exhibit "A."

For the reasons stated in our letter motion of May 25, 2006, we submit that Defendant has waived any purported privilege and that the documents withheld by Defendant should be produced. However, we modify our request to the extent of seeking turnover of only the first six documents on the privilege log (bates numbered GR288-309, but excluding the document described as "Guidelines Regarding Payment of Defense Costs"), which pre-date the denial of coverage letter of Stephen Postelnek dated September 20, 2004 (Exhibit "B").

S:\docs\BFC\Conrad\Greenwich Ins\ltrs memos\magistrate Freeman 5-26-06

There is a second reason why such documents should be produced: they are relevant and are not privileged and not immune from disclosure.

The nature of the work admittedly engaged in by attorney Stephen Postelnek prior to denial of coverage was in whole or in part not of a nature protected by attorney-client or work product privileges under governing case law. Defendant's denial of coverage is based solely upon late notice. Exhibit "B." As acknowledged by Defendant in its answers to Interrogatory No. 1(j), Stephen Postelnek, Esq., then a partner of the law firm of Wilson Elser Moskowitz Edelman & Dicker LLP, "was assigned by Greenwich Insurance Company to determine coverage with respect to the Conrad claims." Exhibit "C." Defendant identified Mr. Postelnek as a person "who participated in any evaluation or investigation concerning whether to approve or deny coverage, defense or indemnity with respect to the Conrad Claims."[1] *Id.* at response 1(a).

August 18, 2004 is when Defendant acknowledged receiving notice of the accident and the Conrad Action. September 20, 2004 is the date of the letter denying coverage. Exhibit "B." The documents that are the subject of Plaintiff's motion are all dated during such period.

**Applicable Law**

The investigation and evaluation of claims is part of the regular business of an insurance company. *See Ins. Co. of North Am. v. M/V Savannah,* 1995 WL 608295 at *1 (S.D.N.Y. Oct. 17, 1995); *St. Paul Fire Marine Ins. Co. v. Continental Cameras Co., Inc.,* 1986 WL 6497 at *1 (S.D.N.Y. June 5, 1986); *Fine v. Bellefonte Underwriters Ins. Co.,* 91 F.R.D. 420, 422 (S.D.N.Y. 1981); *Westhemeco Ltd. v. New Hampshire Ins. Co.,* 82 F.R.D. 702, 708 (S.D.N.Y. 1979), *mod. on other gds.,* 484 F. Supp. 1153 (S.D.N.Y. 1980).

The attorney-client privilege and the work product doctrine do not protect documents sent to or prepared by the outside counsel to the extent counsel is performing the work of a claims adjuster, a claims process supervisor or a claims investigation monitor rather than of a legal advisor. *See e.g., Awkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.,* 1994 WL 510043 at *5 (S.D.N.Y. Sept. 16, 1994) ("[A]n insurance company may not insulate itself from discovery by hiring an attorney to conduct ordinary claims investigation."); *Bank Hapoalim, B.M. v. American Home Assur. Co.,* 1993 WL 37506 at *4 (S.D.N.Y. Feb. 8, 1993) (documents not protected by attorney-client privilege to extent that the attorney acted as a claims adjuster, a claims process supervisor or claims investigation monitor);

---

[1] We are advised by Defendant's counsel that, unfortunately, Mr. Postelnek recently passed away.

_Amer. Ins. Co. v. Elgot Sales Corp._, 1998 WL 647206 at *2 (S.D.N.Y. Sept. 21, 1998) (insurer routinely referred to counsel all claims in excess of $100,000); Leitner, _Law and Practice of Insurance Coverage Litigation_, § 2.4 ("Thus, merely turning over the investigation to an attorney will not shield communications concerning the ordinary business of the insurer.").

Courts often presume that investigative reports prepared by or for an insurer prior to a coverage decision are prepared in the ordinary course of the insurer's business. _See e.g._, _Amoco Oil Co. v. Hartford Accident & Indem. Co._, 1995 WL 555696 at *1 (S.D.N.Y. Sept. 18, 1995); _SEC v. Thrasher_, 1995 WL 46681 at *16 n. 3 (S.D.N.Y. Feb. 7, 1995), _aff'd_, 1995 WL 456402 (S.D.N.Y. Aug. 2, 1995), _recon. den._, 1996 WL 528999 (S.D.N.Y. Sept. 18, 1996); _Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co._, 1994 WL 698298 at *2; _Bank Hapoalim, B.M. v. American Home Assurance Co._, 1994 WL 119575 at *3, 8-9 (insurer's decision to decline coverage is the point where ordinary course of business ends); _Mt. Vernon Fire Ins. Co. v. Try 3 Building Services, Inc._, 1998 WL 729735*7 (S.D.N.Y. Oct. 16, 1998) (insurer did not disclaim until it obtained a preliminary report and received counsel's advice concerning coverage).

These principles have been applied to require production of reports prepared by or at the request of counsel for an insurer before a coverage decision is made. In _Merrin Jewelry Co. v. St. Paul Fire & Marine Ins. Co._, 49 F.R.D. 54 (S.D.N.Y. 1970), the insured sought discovery of an investigation report of the carrier's attorney, among other things. The District Court held that, to the extent that the investigation and report did not necessarily have to be done by an attorney, using an attorney to conduct such work does not "cloak with privilege matters that would otherwise be discoverable."[2] _Id._ at 57. Thus, with the exception of two paragraphs of the report which were in the nature of legal advice, the District Court ordered disclosure of the attorney's report.[3] _Id._

_Westhemeco, Ltd. v. New Hampshire Ins. Co._, 82 F.R.D. 702 (S.D.N.Y. 1979) was an action against an insurer on a property damage claim. Plaintiff sought disclosure of a report that was prepared by a surveyor at the request of the insurer's counsel. Defendant-insurer alleged that the report was protected as attorney work-product and as material prepared in anticipation of litigation. _Id._ at 708. The District Court ordered the report produced, finding that the record demonstrated that at the time counsel was retained, defendants had not determined to reject

---

[2] The nature of the work must be unique to the qualifications of an attorney. _See e.g._, _Westhampton Adult Home, Inc. v. Nat'l Union Fire Ins. Co._, 105 A.D. 2d 627, 481 N.Y.S. 2d 358 (1ˢᵗ Dep't 1984) (reports of attorneys engaged in fact finding and supervision of investigation prior to insurer's rejection of claim are discoverable).

[3] Two of the challenged documents (GR 300-306 and 307) were authored by an attorney and should be reviewed in camara.

plaintiff's claim and thus, the report was not prepared in anticipation of litigation.[4] 82 F.R.D. at 709.

For the foregoing reasons, Plaintiff's motion should be granted.

We thank you for your time and attention to this matter.

Respectfully submitted,

Donald F. Schneider

DFS/gk
Cc: Glenn Fuerth, Esq. (via federal express, w/encl.)

---

[4] The burden of establishing that a document falls within the ambit of the work-product doctrine rests upon the party resisting discovery, who must show that, at the time of the document's preparation, litigation was substantially probable and its commencement imminent. *See St. Paul Fire and Marine Ins. Co. v. Continental Cameras Co., Inc.*, 1986 WL 6497 *1 (S.D.N.Y. June 5, 1986); *Westhemeco Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. at 708. Other courts require an "identifiable resolve to litigate." *Fine v. Bellefonte Underwriters Ins. Co.*, 91 F.R.D. 420, 422-23 (S.D.N.Y. 1981); *Mt. Vernon Fire Ins. Co. v. Try 3 Building Services, Inc.*, *supra*, 1998 WL 729735 at *8.

# A

Privilege Log
105 Street Associates v. Greenwich Insurance Comp.

# PRIVILEGE LOG
# 105 Street Associates v. Greenwich Insurance Comp.

| BATES STAMPED # | DATE OF DOCUMENT | FROM | TO | DESCRIPTION DOCUMENT | PRIVILEGE ASSERTED |
|---|---|---|---|---|---|
| GR288 | 9/1/04 | Michael J. Barnaba (XL INS) | Stephen A. Postelnek, Esq. (WEMED) | 1 page cover letter to attached package of materials received from insured | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege |
| GR289-297 | 8/25/04 | Michael J. Barnaba (XL INS) | Stephen A. Postelnek, Esq. (WEMED) | 5 page letter re: the retention of WEMED and 4 page "Guidelines Regarding Payment of Defense Costs" attached to letter | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege |
| GR298-299 | 8/25/04 | Michael J. Barnaba (XL INS) | Estelle Rodriguez (105 STREET ASSOC.) | 2 page letter to Insured and attached to letter dated 8/25/04 to Stephen A. Postelnek from Barnaba | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege |
| GR300-306 | 9/10/04 | Stephen A. Postelnek, Esq. (WEMED) | Mike Barnaba (XL INS) | 6 page - first report of coverage counsel | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, |

1

Privilege Log
105 Street Associates v. Greenwich Insurance Comp.

| | | | | | Attorney Work Product |
|---|---|---|---|---|---|
| GR307 | 9/10/04 | Reena Blinkoff, Esq. (WEMED) | Mike Barnaba (XL INS) | 1 page email re: attached first report and denial letter | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR308-309 | 9/16/04 | Mike Barnaba (XL INS) | Reena Blinkoff, Esq. WEMED | 2 page email | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR310-323 | 8/16/05 | Lori Ruprecht (Broadspire) | Stephen Postelnek, Esq. (WEMED) | 1 page fax with 13 pages attached | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR324-330 | 8/16/05 | Lori Ruprecht (Broadspire) | Stephen Postelnek, Esq. (WEMED) | 1 page fax with 6 pages attached (duplicative of GR 311-314 above) | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR331 | 8/17/05 | Thomas C. Wolski, Esq. (WEMED) | Lori Ruprecht (Broadspire) | 1 page email | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney |

2304659.1

Privilege Log
105 Street Associates v. Greenwich Insurance Comp.

| | | | | | Work Product |
|---|---|---|---|---|---|
| GR332 | 8/23/05 | Thomas C. Wolski, Esq. (WEMED) | Lori Ruprecht (Broadspire) | 1 page email | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR333-335 | 8/29/05 | Stephen Postelnek, Esq. (WEMED) | Lori Ruprecht (Broadspire) | 3 page -second report of coverage counsel | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR336 | 11/10/05 | Lori Ruprecht (Broadspire) | Glenn J. Fuerth, Esq. (WEMED) | 1 page email | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR337-355 | 12/9/05 | Stephen Postelnek, Esq. (WEMED) | Lori Ruprecht (Broadspire) | 2 page - third report of coverage counsel w/ copies of pleadings attached | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR356-368 | 12/30/05 | Jill Cadre, Esq. (WEMED) | Lori Ruprecht (Broadspire) | 1 page letter with copy of Greenwich's Answer to Plaintiff's complt attached | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |

3

2304659.1

Privilege Log

105 Street Associates v. Greenwich Insurance Comp.

| | | | | | |
|---|---|---|---|---|---|
| GR369-371 | 3/8/06 | Glenn J. Fuerth, Esq. (WEMED) | Lori Ruprecht (Broadspire) | 3 page - fourth report of coverage counsel | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR372 | 3/8/06 | Glenn J. Fuerth, Esq. (WEMED) | Lori Ruprecht (Broadspire) | 1 page email | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR373-374 | 4/17/06-4/18/06 | Jill Cadre, Esq. (WEMED) | Robert Klipera (WKF&C) | 2 page email – re litigation documents | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR375-376 | 5/12/06 | Glenn J. Fuerth, Esq. (WEMED) | Lori Ruprecht (Broadspire) | 2 page - fifth report of coverage counsel | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR377 | 5/12/06 | Glenn J. Fuerth, Esq. (WEMED) | Lori Ruprecht (Broadspire) cc: Tom Helmig and Michael Barnaba | 1 page email | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR378 | 5/15/06 | Glenn J. | Lori | 1 page email | Material |

2304659.1

Privilege Log

105 Street Associates v. Greenwich Insurance Comp.

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | Fuerth, Esq. (WEMED) | Ruprecht (Broadspire) Cc: Tom Helmig (XL INS) and Michael Barnaba (XL INS) |  | Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR379-380 | 5/15/06 | Glenn J. Fuerth, Esq. (WEMED) Cc: Michael Barnaba (XL INS) and Edward Walsh | Tom Helmig (XL INS) | 2 page email | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR381-382 | 5/17/06 | Glenn J. Fuerth, Esq. (WEMED) | Tom Helmig (XL INS) | 2 page email | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR 383-385 | 5/17/06 | Tom Helmig (XL INS) and Edward Walsh. Cc: Michael Barnaba (XL INS) | Glenn J. Fuerth, Esq. (WEMED) | 3 page email | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR 386390 | 4/6/06 | Glenn J. Fuerth, Esq. (WEMED) | Lori Ruprecht (Broadspire) | 5 page Firm invoice and cover letter | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR391-395 | 1/4/06 | Stephen Postelnek, | Lori Ruprecht | 5 page Firm invoice and | Material Prepared in |

5

Privilege Log
105 Street Associates v. Greenwich Insurance Comp.

| | | | | | |
|---|---|---|---|---|---|
| | | Esq. (WEMED) | (Broadspire) | cover letter | Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |
| GR396-400 | 9/21/05 | Stephen Postelnek, Esq. (WEMED) | Lori Ruprecht (Broadspire) | 5 page Firm invoice and cover letter | Material Prepared in Contemplation of Litigation, Attorney-Client Privilege, Attorney Work Product |

2304659.1

# B

09/27/2004  10:36    2125345821                    BFC CONSTRUCTION                      PAGE    02

                                                                                          BFC. Conrad

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, New York 10017-5639    Tel: (212) 490-3000    Fax: (212) 490-3038

*New York• Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago • White Plains, NY*
*Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • McLean, VA • Stamford • London*
*Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich*

www.wemed.com

September 20, 2004

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

105 Street Associates, LLC
C/o BFC Construction Corp.
2226 First Avenue
New York, New York 10029

Attention: Brad Richards

|           | Re: |              |                         |
|-----------|-----|--------------|-------------------------|
|           |     | **Insured:**      | **105 Street Associates, LLC** |
|           |     | **Claimant:**     | **Richard Conrad**             |
|           |     | **Policy No.:**   | **WGG 5001058**                |
|           |     | **D/Loss:**       | **July 2, 2002**               |
|           |     | **Client File:**  | **P5502044**                   |
|           |     | **Our File:**     | **06928.00226**                |

Dear Mr. Richards:

Please be advised that the undersigned law firm represents the interests of Greenwich Insurance Company ("Greenwich"), which provides Commercial General Liability Insurance on an occurrence basis to 105 Street Associates, LLC ("105 Street Associates") for the period of April 15, 2002, to April 15, 2003, under policy number WGG5001058. This letter will serve to advise you of Greenwich's coverage position regarding the claim initiated by Richard Conrad ("Conrad") with respect to an accident that allegedly occurred on July 2, 2002.

This letter sets forth the facts upon which we rely at this time in evaluating coverage and our understanding of the situation from the materials provided to date, and may be subject to change as more information becomes available. Should you have information that is contrary to these facts that may impact your coverage or our evaluation, this information should be provided to the undersigned as soon as possible.

We are recently in receipt of the information and documentation you submitted in regard to the above-referenced matter. While we lend no credence to Mr. Conrad's claim, referenced therein, we are constrained to advise you on behalf of Greenwich that coverage is not afforded under the Policy for this matter.

1702393.1

Our File No. 06928.00226
Page 2

By way of background, based upon the documents reviewed to date, on July 2, 2002, Richard Conrad ("Conrad"), was allegedly injured when he fell at a work site at a building located at 235-237 East 105th Street, New York, New York (the "Building"). Conrad was an employee of Jem Erectors, Inc., the subcontractor working at the Building. The Building is owned by the insured entity 105 Street Associates, LLC, whose office is located at 2226 First Avenue, New York, New York 10029.

We understand that 105 Street Associates first received notice of the claim on April 20, 2004, with the affidavit of service of the summons and verified complaint served on the Secretary of State. In turn, notice of the alleged accident was first received by WKF&C Agency, Inc. on August 18, 2004, by facsimile from the insured's broker, North Shore Risk Management, LLC ("North Shore"), with a Notice of Occurrence/Claim. Also, on August 20, 2004, North Shore also submitted the Notice of Occurrence/Claim, the summons and verified complaint and an August 6, 2002 letter from the claimant's counsel to the insured advising of a workmen's compensation claim filed on the claimant's behalf.

While we are unclear as to whether you received notice of the August 6, 2002 letter from claimant's counsel, should further investigation establish that you received notice of the occurrence prior to April 20, 2004, we reserve our rights to deny coverage for late notice on that basis as well.

## THE POLICY

After reviewing the policy language and the applicable case law, Greenwich Insurance Company denies coverage for late notice in accordance with the terms and conditions of the Policy.

Greenwich Commercial General Liability Insurance Policy No. WGG 5001058 was issued to 105 Street Associates, LLC for the period of April 15, 2002 to April 15, 2003, with a limit of liability of $1,000,000 per occurrence and $2,000,000 in the aggregate.

Under the heading, "**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**," the subject Policy provides:

1.     Insuring Agreement.

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

b.     This insurance applies to "bodily injury" and "property damage" only if:

Our File No. 06928.00226
Page 3

> (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
> (2)     The "bodily injury" or "property damage" occurs during the policy period.
>
> c.     Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

The Policy contains the following definitions:

> (3)     "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> (13)     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

The Policy further sets forth in "**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**":

> 2.     Duties In The Event Of Occurrence, Offense, Claim Or Suit
>
> a.     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.   To the extent possible, notice should include:
>
> (1)     How, when and where the "occurrence" or offense took place;
>
> (2)     The names and addresses of any injured persons and witnesses; and
>
> (3)     The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> b.     If a claim is made or "suit" is brought against any insured, you must:
>
> (1)     Immediately record the specifics of the claim or "suit" and the data received; and

Our File No. 06928.00226
Page 4

          (2)    Notify us as soon as practicable.  You must
               see to it that we receive written notice of the
               claim or "suit" as soon as practicable.

    c.    You and any other involved insured must:

          (1)    Immediately send us copies of any demands,
               notices, summonses or legal papers received
               in connection with the claim of "suit";

          (2)    Authorize us to obtain records  and other information;

          (3)    Cooperate with us in the investigation of settlement of
               the claim or defense against the "suit";

As provided in the Policy, "[t]he words "we", "us" and "our" refer "to the Company providing the insurance."

As you can see from the above cited policy language, the insured is required to give Greenwich notice of an occurrence which may result in a claim as soon as practicable.

Under New York law, compliance with an insurance policy notice provision operates as a condition precedent to coverage.  Sirignano v. Chicago Ins. Co., 192 F. Supp. 2d 199, 203 (S.D.N.Y. 2002); White v. City of New York, 598 N.Y.S.2d 759,760 (1993); Paramount Ins. Co. v. Rosedale Gardens, Inc., 743 N.Y.S.2d 59, 62 (1st Dep't 2002).  Absent a showing of legal justification, the failure to comply with the notice condition vitiates coverage.  Sirignano, supra, at 203; Security Mut. Ins. Co. v. Acker-Fitzsimons Corp., 340 N.Y.S.2d 902, 905 (1972); Paramount Ins. Co., supra, at 63.

The duty to provide notice arises when circumstances known to the insured at that time would have suggested to a reasonable person the possibility of a claim on the subject policy. Sirignano, supra, at 203; Security Mut. Ins. Co., supra, at 907; Paramount Ins. Co. , supra, at 62. Therefore, the duty to give notice frequently arises prior to the commencement of an action with respect to a claim.

Knowledge of an occurrence obtained by an agent charged with the duty to report such matters is imputed to the principal.  Paramount Ins. Co., supra, at 63; White v. City of New York, supra, at 760.  A reasonable possibility that coverage "may exist even though there are some factors that tend to suggest the opposite" of the policy's involvement is sufficient to trigger the duty.  Christiania General Ins. Corp. v. Great American Ins. Co., 979 F.2d 268, 276 (2d Cir. 1992).  A provision requiring notice when it "appears likely" that a claim will or "may" involve a policy does not require a certainty, or even a probability, that the policy will be involved.  Id. When the policy requires notice whenever a claim may arise, the fact that a particular occurrence will result in a ripened claim does not relieve the insured from advising the carrier of that event. Heydt Contracting Corp. v. American Home Assur. Co., 536 N.Y.S.2d 770, 773 (1st Dep't 1989).  An insurer need not demonstrate prejudice in order to deny coverage on the basis of late

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
J702393.1

09/27/2004  10:36    2125345821                BFC CONSTRUCTION                PAGE    06

Our File No. 06928.00226
Page 5

notice.  Travelers Insurance Company v. Buffalo Reinsurance Company, 735 F. Supp. 2d 492 (S.D.N.Y. 1990); Security Mut. Ins. Co., supra, at 905.

Where a policy requires notice of loss "as soon as practicable", the insured must provide such notice within a reasonable time in view of all the facts and circumstances.  Security Mut. Ins. Co., supra, at 906; Paramount Ins. Co., supra, at 62; Nationwide Ins. Co. v. Empire Ins. Group, 742 N.Y.S.2d 387, 389 (2d Dep't 2002).  The phrase "as soon as practicable" is an "elastic" measure of time, and "there is no inflexible test of reasonableness." Mighty Midgets, Inc. v. Centennial Ins. Co., 416 N.Y.S.2d 559 (1979).  While New York courts recognize some excuses for an insured's failure to provide timely notice of a potential claim, the insured has the burden of proving the reasonableness of the delay.  Security Mut. Ins. Co., supra, at 906; Paramount Ins. Co., supra, at 63.  New York courts have held that relatively short delays in providing notice of an actual or potential claim violate the notice requirement.  American Home Assur. Co. v. Republic Ins. Co., 984 f.2d 76 (2d Cir. 1993) [one to two month delay]; Heydt, supra [approximately 4 months]; Power Authority of New York v. Westinghouse Elec. Corp., 502 N.Y.S.2d 420 (1st Dep't 1986) [53 days]; Horowitz v. Transamerica Ins. Co., 683 N.Y.S.2d 290 (2nd Dep't 1999) [48 days].

As referenced above, here, notice was first received on April 20, 2004 by affidavit of service of the summons and verified complaint served on the Secretary of State. However, notice was first reported to WKF&C on August 18, 2004 in the form of a facsimile from North Shore, with a Notice of Occurrence/Claim. Therefore, 105 Street Associates was on notice of the claim well in advance of its notice of the Claim to Greenwich.

The nearly four (4) month delay in reporting this matter is clearly unreasonable and leads Greenwich to deny coverage.  Since coverage is denied based on your breach of the policy's requirements, a defense of any lawsuit filed will not be afforded to you, nor will Greenwich indemnify 105 Street Associates for any losses that may be asserted with this claim. Therefore, we suggest that you contact your personal attorney regarding this matter.

We understand, however, that the general contractor, BFC Construction Corporation is insured by Sirius with regard to the construction project related to this claim.  In addition, pursuant to the Subcontractor Agreement between BFC Construction and Larry E. Knight, coverage is to be afforded for this matter by Graphic Arts Mutual Insurance Company. We note that Greenwich's coverage is excess to all other valid and collectible insurance. We recommend, therefore, if you have not already done so, that you contact the relevant carriers, as well as any Umbrella Carriers, Errors and Omissions Carriers, or other insurance carriers where coverage may be applicable.

Please note that this letter is not to be construed as a waiver of any of the rights, which Greenwich Insurance Company may have under the policy.  Nor is it an admission of any liability of Greenwich Insurance Company to your company. Furthermore, if you have any information that would contradict this coverage determination, please provide the information as soon as possible.

We trust the foregoing is satisfactory.  Should you have any questions or comments, or if you believe you have any material information, documentation or evidence which would alter

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1702393.1

Our File No. 06928.00226
Page 6

this determination that there is no coverage under the Policy, please do not hesitate to contact the undersigned.

   **Should you wish to take up this matter with the New York State Insurance Department, you may write or visit the: 1) Consumer Services Bureau, New York State Insurance Department, at either 160 W. Broadway, New York, NY 10013; 2) Agency Building One, Governor Nelson A. Rockefeller Empire State Plaza, Albany, NY 12257; or 3) 220 Delaware Avenue, Suite 229, Buffalo, NY 14202.**

   If you have any questions or comments concerning this letter or your Policy, or if you have additional information that you would like to bring to our attention, please do not hesitate to contact us.

                              Very truly yours,

                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                              Stephen A. Postelnek

SAP:ms

cc:    Michael Barnaba, Claims Analyst
       XL Specialty Claims Administrators

       Robert Klipera, CPCU- Vice President, Claims
       WKF&C Agency, Inc.

       North Shore Risk Management LLC

# C



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

)
105 STREET ASSOCIATES, LLC          )     05-CV-9938 (VM)
)
            Plaintiff,    )
)
                    )     **DEFENDANT GREENWICH**
     -against-        )     **INSURANCE COMPANY'S**
)     **ANSWERS TO PLAINTIFF'S**
GREENWICH INSURANCE COMPANY,   )     **FIRST SET OF**
)     **INTERROGATORIES**
             Defendant   )
)

Defendant Greenwich Insurance Company ("Greenwich") by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP hereby answers Plaintiff's First Set of Interrogatories propounded to Greenwich Insurance Company as follows:

## INTRODUCTORY STATEMENT AND GENERAL OBJECTIONS

1.    The objections and statements set forth in this section apply to each of Plaintiff's Interrogatories, Definitions and/or Instructions and are not necessarily repeated in response to each individual Interrogatory, Definition, and/or Instruction.

2.    Greenwich generally objects to these Interrogatories to the extent that they seek information or documents protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or doctrine. Nothing contained in these objections is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, any work product privilege or any other applicable privilege or doctrine. Greenwich also generally objects to these Interrogatories to the extent they seek

1

confidential or proprietary business information of third parties. Greenwich further objects to these Interrogatories to the extent they seek confidential or other business information.

_____3. Greenwich generally objects to these Interrogatories to the extent they seek information and/or documents not in the possession, custody, or control of Greenwich.

_____4. Greenwich generally objects to these Interrogatories to the extent they seek information relating to insurance policies or insureds which are not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

_____5. Greenwich generally objects to these Interrogatories to the extent they are unlimited in time or otherwise not limited to a time frame relevant to this litigation on the grounds that they are overly broad, unduly burdensome and seek information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

_____6. Greenwich generally objects to these Interrogatories to the extent they: (a) attempt to impose any obligation upon Greenwich beyond the obligations established in the Federal Rules of Civil Procedure; (b) seek discovery which is unreasonably cumulative or duplicative; (c) seek information which may be derived or ascertained from documents already within Plaintiff's knowledge, possession and/or control; and (d) seek the production of information from other sources not within the possession or control of Greenwich, or obtainable with equal or greater facility by Plaintiffs.

_____7. Greenwich generally objects to Interrogatories which purport to require Greenwich to produce "all" information or documents "referring" or "relating" to a certain

fact or issue on the grounds that such Interrogatories are vague, overly broad, unduly burdensome, and seek information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8.    Greenwich generally objects to these Interrogatories to the extent they seek information or documents which were prepared, generated or received in anticipation of, or after the commencement of, this litigation.

9.    Greenwich objects to each and every Interrogatory to the extent they purport to require Greenwich to search for information from every employee, department and field office, past and present, of Greenwich on the grounds that it would be unduly burdensome.

10.    These answers are based upon information and documents known or believed by Greenwich at the time of answering these Interrogatories.  Greenwich reserves the right to amend these answers if it learns of new information through discovery or otherwise, and will supplement these answers to the extent required under Fed. Civ. P. Rule 26.

11.    The fact that Greenwich states that it will provide any relevant, non-objectionable and non-privileged documents or information does not mean that it has determined that such documents or information exists.  By referring plaintiffs to documents, Greenwich does not concede admissibility or relevance of any document produced or that the document is original, true, accurate, complete or authentic.  Greenwich reserves the right to challenge the competency, relevancy, materiality and admissibility of, or to object on any ground to, the use of information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

12.    Greenwich objects to each Interrogatory insofar as it seeks information that are matters of opinion and/or legal conclusions and/or a combination of law and fact.

14.    Greenwich objects to each Interrogatory to the extent that it seeks information regarding reserves or reinsurance.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**Interrogatory No. 1 Identify:**    **(a)**    each person who participated in any evaluation or investigation concerning whether to approve or deny coverage, defense or indemnity with respect to the Conrad Claims;

**Answer to Interrogatory No. 1 (a):** Greenwich objects to this interrogatory on the basis that it seeks information protected by the attorney client privilege.  Without waiving the objection, Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba, Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No. 1 Identify:**    **(b)**    each person who made a recommendation or who participated in any decision as to whether to approve or deny coverage, defense or indemnity with respect to the Conrad Claims;

**Answer to Interrogatory No. 1 (b):**  Greenwich objects to this interrogatory on the basis that it seeks information protected by the attorney client privilege.  Without waiving the objection, Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba, Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview Boulevard, P.O. Box 688, Exton, PA 19341.

*Identify*

**Interrogatory No. 1  Identify:** ~~(c)~~     each document which has reviewed and/or relied upon, and each person spoken with, in determining whether to deny coverage, defense or indemnity ~~with respect to the Conrad~~ Claims;

**Answer to Interrogatory No. 1 (c):** Without waiving the objections above, see all responsive documents in Greenwich's possession which were served on Plaintiff as part of Greenwich's Initial Disclosures pursuant to Fed. Civ. P. Rule 26 dated March 8, 2006, bates stamped GR1-GR43, GR189-199.

**Interrogatory No. 1  Identify:**     (d)     each document which constitutes or evidences any of the results of any evaluation, investigation or determination of whether to approve or deny coverage, defense or indemnity with respect to the Conrad Claims;

**Answer to Interrogatory No. 1 (d):** Without waiving the objections above, see all responsive documents in Greenwich's possession which were served on Plaintiff as part of Greenwich's Initial Disclosures pursuant to Fed. Civ. P. Rule 26 dated March 8, 2006, bates stamped GR1-GR43, GR189-199.

**Interrogatory No. 1  Identify:**     (e)     each document which is contained in Greenwich's claim file with respect to the Conrad Claims;

**Answer to Interrogatory No. 1 (e):** Without waiving the objections above, see all responsive documents in Greenwich's possession which were served on Plaintiff as part of Greenwich's Initial Disclosures pursuant to Fed. Civ. P. Rule 26 dated March 8, 2006, bates stamped GR1-GR188.

**Interrogatory No. 1  Identify:**     (f)     XL Specialty Conrad Claims Administrators;

**Answer to Interrogatory No. 1 (f):** Greenwich objects to this interrogatory on the basis that it is vague, ambiguous and unintelligible and as such, Greenwich is incapable of responding.

**Interrogatory No. 1  Identify:**  **(g)**  Michael Barnaba;

**Answer to Interrogatory No. 1 (g):** Michael Barnaba is a senior claims analyst employed by XL Insurance.


**Interrogatory No. 1  Identify:**  **(h)**  WKF&C Agency, Inc.;

**Answer to Interrogatory No. 1 (h):** WKF&C Agency, Inc. is Greenwich Insurance Company's agent.


**Interrogatory No. 1  Identify:**  **(i)**  Robert Klipera

**Answer to Interrogatory No. 1 (i):** Robert Klipera is the Director of Claims employed by WKF&C Agency, Inc.


**Interrogatory No. 1  Identify:**  **(j)**  Stephen A. Postelnek

**Answer to Interrogatory No. 1 (j):** Stephen A. Postelnek, a member of Wilson, Elser, Moskowitz, Edelman & Dicker at the time coverage was determined, was assigned by Greenwich Insurance Company to determine coverage with respect to the Conrad claims.


**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support:

**(a)**  the second separate complete affirmative defense alleged by Defendant in its Answer: Upon information and belief, if damages were sustained by plaintiff, which Greenwich expressly denies, as alleged in the Complaint such damages are attributable in whole or in part to the culpable conduct of plaintiff without any negligence, fault or want of care on the part of Greenwich;

**Answer to Interrogatory No. 2 (a):** Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba,

Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520

Eagleview Boulevard, P.O. Box 688, Exton, PA 19341.


**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(b)**     the third separate complete affirmative defense alleged by Defendant in its Answer:
Upon information and belief, plaintiff has failed to take such reasonable measures so as to
mitigate and reduce losses and damages, if any, as alleged in the Complaint;

**Answer to Interrogatory No. 2 (b):** Stephen A. Postelnek, former member of Wilson, Elser,

Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba,

Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520

Eagleview Boulevard, P.O. Box 688, Exton, PA 19341.


**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(c)**     the fifth separate complete affirmative defense alleged by Defendant in its Answer: To
the extent that the Complaint states a claim against Greenwich upon which relief could be
granted, which Greenwich expressly denies, such claim is or may be barred in whole or in part
by application of the doctrines of laches, estoppel, waiver, unclean hands, other equitable
doctrines and/or by the applicable statutes of limitations;

**Answer to Interrogatory No. 2 (c):** Stephen A. Postelnek, former member of Wilson, Elser,

Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.


**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(d)**     the sixth separate complete affirmative defense alleged by Defendant in its Answer: The
Complaint is, or may be, barred and subject to dismissal for failure to join necessary and/or
indispensable parties;

**Answer to Interrogatory No. 2 (d):** Stephen A. Postelnek, former member of Wilson, Elser,

Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(e)** the seventh separate complete affirmative defense alleged by Defendant in its Answer: Coverage, if any, for the alleged "Conrad Action" as set forth in the Complaint is or may barred or excluded to the extent that the insured has failed to comply with any or all material terms and conditions precedent to the purported Greenwich Policy including, without limitation, any provisions governing notice of occurrence or accident, notice of claims or suit, assistance and cooperation;

**Answer to Interrogatory No. 2 (e):** Stephen A. Postelnek, former member of Wilson, Elser,

Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba,

Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520

Eagleview Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(f)** the eighth separate complete affirmative defense alleged by Defendant in its Answer: The purported Greenwich Policy is not applicable to and Greenwich has no indemnity obligation, if any, for any liabilities or monetary obligations assumed, or monies voluntary paid, or that it was not legally obligated to pay as damages by its alleged insured or that were paid without Greenwich's consent for the alleged "Conrad Action" as set forth in the Complaint;

**Answer to Interrogatory No. 2 (f):** Without waiving any of the objections, Greenwich is not

aware that the plaintiff has assumed any monetary obligations or liabilities, or voluntary paid any

monies for the alleged "Conrad Action". Discovery is ongoing and Greenwich reserves its right

to amend or supplement this answer.

**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(g)** the ninth separate complete affirmative defense alleged by Defendant in its Answer: The purported Greenwich Policy would not provide coverage for non-fortuitous acts and/or any loss, injury, damage or risks which was known or should have been known by the insured at the time of application and/or inception of the purported Greenwich Policy;

**Answer to Interrogatory No. 2 (g):** Robert Klipera, Director of Claims, WKF&C Agency, Inc.,

One Huntington Quadrangle, Suite 2C18, Melville, NY 11747; Michael Barnaba, Senior Claims

Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview

Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(h)** the tenth separate complete affirmative defense alleged by Defendant in its Answer: Greenwich's indemnity obligation, which Greenwich expressly denies, under the purported Greenwich Policy for the alleged "Conrad Action" as set forth in the Complaint, would be limited to amounts the insured is legally obligated to pay as damages because of "personal injury" or "bodily injury" within the meaning of the purported Greenwich Policy;

**Answer to Interrogatory No. 2 (h):** Robert Klipera, Director of Claims, WKF&C Agency, Inc.,

One Huntington Quadrangle, Suite 2C18, Melville, NY 11747; Michael Barnaba, Senior Claims

Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview

Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(i)** the eleventh separate complete affirmative defense alleged by Defendant in its Answer: As a condition precedent to coverage, the Greenwich Policy requires that the insured comply with notice requirements. Greenwich has no obligation under the purported Greenwich Policy to the extent that it was not provided with timely and proper notice required by the purported Greenwich Policy with respect to the alleged "Conrad Action" as set forth in the Complaint;

**Answer to Interrogatory No. 2 (i):** Robert Klipera, Director of Claims, WKF&C Agency, Inc.,

One Huntington Quadrangle, Suite 2C18, Melville, NY 11747; Michael Barnaba, Senior Claims

Analyst; Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview

Boulevard, P.O. Box 688, Exton, PA 19341 and Stephen A. Postelnek, former member of Wilson,

Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support
**(j)** the twelfth separate complete affirmative defense alleged by Defendant in its Answer: The claims are barred because there is no actual and justiciable controversy existing between the parties;

**Answer to Interrogatory No. 2 (j):** Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

**Interrogatory No. 2** Identify all persons who have knowledge of any facts which support
**(k)** the thirteenth separate complete affirmative defense alleged by Defendant in its Answer: Upon information and belief, the plaintiff in the underlying action sustained his injuries, if any, wholly due to the negligence of the plaintiff in the instant action;

**Answer to Interrogatory No. 2 (k):** Without waiving the affirmative defense, Greenwich currently does not discovery or information pertaining to the underlying action to identify an individual who has knowledge to support the thirteenth defense. Greenwich reserves its right to supplement or amend this answer if it learns of new information through discovery.

**Interrogatory No. 2.** Identify all persons who have knowledge of any facts which support
**(l)** the decision to deny coverage with respect to the Conrad Claims.

**Answer to Interrogatory No. 2 (l):** Michael Barnaba, Senior Claims Analyst; Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview Boulevard, P.O. Box 688, Exton, PA 19341 and Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

**Interrogatory No. 3.** Pursuant to correspondence dated March 29, 2006, plaintiff withdraws Interrogatory No. 3.

**Interrogatory No. 4.** Pursuant to correspondence dated March 29, 2006, plaintiff withdraws Interrogatory No. 4

Dated: New York, New York
        May 17, 2006

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


                    _____
                    Glenn J. Fuerth (GJF-5848)
                    Attorneys for Defendant
                    150 East 42nd Street
                    New York, NY 10017
                    Phone (212) 490-3000

To:    Donald Schneider
       Attorney for Plaintiff
       90 Broad Street, 6th Floor
       New York, NY 10004
       (212) 265-2266

STATE OF NEW YORK )
                                                    : ss.:
COUNTY OF NEW YORK )

      **GAYLE KAPLAN**, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

      On May 30, 2006, deponent served the within letter motion to Magistrate Judge Freeman, upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, by causing a true copy of same to be delivered by Federal Express for next day delivery.

_____
GAYLE KAPLAN

Sworn to before me this
30th day of May, 2006

_____
Notary Public

**DONALD F. SCHNEIDER**
Notary Public, State of New York
No. 02SC6034524
Qualified in Westchester County
Commission Expires: Dec. 13, 2009

S:\docs\BFC\Conrad\Greenwich Ins\affidavit of service by fed ex.wpd