# SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

### COUNSELLORS AT LAW
90 BROAD STREET, 6TH FLOOR
NEW YORK, NY 10004
_____
(212) 265-2266

JAY BLOOMFIELD
HARVEY N. GOLDSTEIN
DONALD F. SCHNEIDER

FAX: (212) 265-2442
EMAIL@LEXNEWYORK.COM

June 5, 2006

**VIA FEDERAL EXPRESS**
Honorable Debra C. Freeman
United States Magistrate Judge
United States Courthouse
40 Centre Street, Room 631
New York, New York 10007

Re:    _105 Street Associates, LLC v. Greenwich Insurance Company_
       **05 CV 9938 (VM) (DCF)**

Dear Magistrate Judge Freeman:

We represent Plaintiff in the above-referenced action. Please accept this letter as Plaintiff's motion for an Order: (i) directing Defendant to produce Michael Barnaba, the claims analyst in this matter, for deposition; (ii) directing Defendant to produce the documents identified at page 2 below; and (iii) compelling the law firm of Wilson Elser Moskowitz Edelman & Dicker LLP ("WEMED") to fully comply with a Subpoena Duces Tecum served upon it.[1]

**The Deposition of Michael Barnaba**

This is an action to compel Defendant-insurer to fulfill its contractual defense and indemnity obligations to Plaintiff-insured in connection with a personal injury action in which Plaintiff has been sued. Defendant-insurer disclaimed based upon late notice, and has pled thirteen separate affirmative defenses.

_____

[1] There is pending before you Plaintiff's separate motion for an order compelling Defendant to produce certain documents. Some of the documents specified in the Subpoena Duces Tecum are not the subject of the prior motion, while others may be.

S:\docs\BFC\Conrad\Greenwich Ins\ltrs memos\magistrate Freeman 6-5-06

Michael Barnaba was the claims analyst for the subject claim. *See* response to Interrogatory Nos. 1(g), 2 (i), Ex. "A." Defendant identified Mr. Barnaba in its Interrogatory responses as one of two individuals (a third is deceased) who (i) "participated in an evaluation or investigation concerning whether to approve or deny coverage, defense or indemnity with respect to the Conrad Claims"; (ii) "made a recommendation or ...participated in any decision as to whether to approve or deny coverage"; (iii) has knowledge of facts which support the decision to deny coverage; and (iv) has knowledge of facts concerning several other affirmative defenses pled by Defendant. *Id.* at responses to Int. Nos. 1(a), 1(b), 2 (i), 2 (a)-(b), 2(e), 2(g), 2(h), 2(l). Mr. Barnaba is the author or recipient of numerous documents produced by Defendant in discovery, as well as a few documents which are a subject of the within motion to compel production.

Defendant produced for deposition Edward Walsh, a claim account manager who testified, among other things, that Mr. Barnaba had determined to deny coverage, and had requested Mr. Walsh's authorization to involve counsel to "confirm" his decision. (Mr. Barnaba's own notes state that he requested such permission "as late reporting denial may be supported," Ex. "B"). Mr. Walsh testified that Mr. Barnaba thereafter sought Mr. Walsh's authorization to have issued a particular denial of coverage letter. Unlike Mr. Barnaba, Mr. Walsh was not the author or recipient of any document produced by Defendant in discovery. According to his deposition testimony, Mr. Walsh received one e-mail from Mr. Barnaba and authored a responsive e-mail concerning denial of coverage, which documents are a subject of the within motion to compel. Mr. Walsh testified that his involvement in this matter was limited to these two communications with Mr. Barnaba.

Defendant has declined to set a date for Mr. Barnaba's deposition, asserting that his testimony will be entirely "cumulative" of Mr. Walsh's testimony and that Mr. Barnaba has child care issues, which we have offered to accommodate in terms of the day and time of the deposition. Ex. "C." We request an Order directing production of Mr. Barnaba for deposition.

## Defendant Should Be Directed To Produce Specified Documents Identified at Mr. Walsh's Deposition

At his deposition today, Mr. Walsh identified certain documents that are encompassed by Plaintiff's prior document demand but which were not produced or identified on a privilege log. Mr. Walsh testified that he received an e-mail from Michael Barnaba setting forth reasons for denying coverage to Plaintiff and in which Mr. Barnaba requested approval of a draft denial of coverage letter which was included with his e-mail. Mr. Walsh further testified that he gave his approval in a subsequent e-mail to Mr. Barnaba.

Such documents have not been produced. They are clearly relevant and their production should be required.[2]

## Subpoena Duces Tecum Directed to WEMED

Plaintiff caused a Subpoena Duces Tecum (Ex. "D") to be served upon WEMED, which was assigned by Defendant to determine coverage. Ex. "A," Resp. to Int. 1(j). WEMED served objection to all document requests contained therein, save one, on the ground of "attorney-client, attorney work product and material prepared in contemplation of litigation privileges." Ex. "E." As for the time sheets of WEMED attorneys for the period prior to denial of coverage, WEMED states that "when redacted for the above noted privileges, [they] would only have the time entry, date of service and billed amount remaining [and that information]... does not meet the definition of relevance per F.R.C.P. Rule 401." *Id.* Although the documents requested of WEMED include some documents not previously requested of Defendant and which were not a subject of Defendant's privilege log, WEMED did not serve a privilege log. Plaintiff seeks an order compelling Defendant fully to comply with the Subpoena Duces Tecum for the reasons set forth below.

Defendant's denial of coverage is based solely upon alleged late notice. Ex. "F." Significantly, as acknowledged by Defendant in its answer to Interrogatory No. 1(j), Stephen Postelnek, Esq., then a partner of WEMED who has since passed away, "was assigned by Greenwich Insurance Company to determine coverage with respect to the Conrad Claims." (emphasis supplied). Ex. "A." Mr. Postelnek was involved after Michael Barnaba, claims analyst, requested permission to hire coverage counsel "as late reporting denial may be supported." Ex. "B." Defendant identified Mr. Postelnek as a person "who participated in an evaluation or investigation concerning whether to approve or deny coverage, defense or indemnity with respect to the Conrad Claims." *Id.* at response 1(a).

August 18, 2004 is when Defendant acknowledged receiving notice of the accident and the Conrad Action. September 20, 2004 is the date of Defendant's letter denying coverage. Ex. "F." The documents that are the subject of Defendant's motion are all dated during such period.

## Applicable Law

The investigation and evaluation of claims is part of the regular business of an

---

[2] Mr. Walsh testified that the denial of coverage letter was drafted by counsel and was ultimately transmitted to Plaintiff as Exhibit "F."

insurance company. *See Ins. Co. of North Am. v. M/V Savannah*, 1995 WL 608295 at *1 (S.D.N.Y., Oct. 17, 1995); *St. Paul Fire Marine Ins. Co. v. Continental Cameras Co., Inc.*, 1986 WL 6497 at *1 (S.D.N.Y. June 5, 1986); *Fine v. Bellefonte Underwriters Ins. Co.*, 91 F.R.D. 420, 422 (S.D.N.Y. 1981); *Westhemeco Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702, 708 (S.D.N.Y. 1979), *mod. on other gds.*, 484 F. Supp. 1153 (S.D.N.Y. 1980).

The attorney-client privilege and the work product doctrine do not protect documents sent to or prepared by the outside counsel to the extent counsel is performing the work of a claims adjuster, a claims process supervisor or a claims investigation monitor rather than of a legal advisor. *See e.g., Awkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, 1994 WL 510043 at *5 (S.D.N.Y. Sept. 16, 1994) ("[A]n insurance company may not insulate itself from discovery by hiring an attorney to conduct ordinary claims investigation."); *Bank Hapoalim, B.M. v. American Home Assur. Co.*, 1993 WL 37506 at *4 (S.D.N.Y. Feb. 8, 1993) (documents not protected by attorney-client privilege to extent that the attorney acts as a claims adjuster, claims process supervision or claims investigation monitor); *Amer. Ins. Co. v. Elgot Sales Corp.*, 1998 WL 647206 at *2 (S.D.N.Y. Sept. 21, 1998) (insurer routinely referred to counsel all claims in excess of $100,000); Leitner, *Law and Practice of Insurance Coverage Litigation*, § 2.4 ("Thus, merely turning over the investigation to an attorney will not shield communications concerning the ordinary business of the insurer."). This follows from the general rule that when an attorney acts as a business advisor, his or her communications with the company are not protected from disclosure. *See Standard Chartered Bank PLC v. Ayala Intern. Holdings (U.S.), Inc.*, 111 F.R.D. 76, 80 (S.D.N.Y. 1986), *citing In Re Grand Jury Subpoena Duces Tecum*, 731 F. 2d 1032, 1037 (2d Cir. 1984); Silberberg, *Civil Practice in the Southern District of New York*, § 14.6 at 14-25-26.

Courts generally presume that investigative reports prepared by or for an insurer prior to a coverage decision are prepared in the ordinary course of the insurer's business. *See e.g., Amoco Oil Co. v. Hartford Accident & Indem. Co.*, 1995 WL 555696 at *1 (S.D.N.Y. Sept. 18, 1995); *SEC v. Thrasher*, 1995 WL 46681 at *16 n. 3 (S.D.N.Y. Feb. 7, 1995), *aff'd*, 1995 WL 456402 (S.D.N.Y. Aug. 2, 1995), *recon. den.*, 1996 WL 528999 (S.D.N.Y. Sept. 18, 1996); *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, 1994 WL 698298 at *2; *Bank Hapoalim, B.M. v. American Home Assurance Co.*, 1994 WL 119575 at *3, 8-9 (insurer's decision to decline coverage is the point where ordinary course of business ends); *Mt. Vernon Fire Ins. Co. v. Try 3 Building Services, Inc.*, 1998 WL 729735*7 (S.D.N.Y. Oct. 16, 1998) (insurer did not disclaim until it obtained a preliminary report and it received counsel's advice concerning coverage).

These principles have been applied to require production of reports prepared by or at the request of counsel for an insurer before a coverage decision is made. In *Merrin Jewelry Co. v. St. Paul Fire & Marine Ins. Co.*, 49 F.R.D. 54 (S.D.N.Y. 1970), the insured sought

discovery of an investigation report of the carrier's attorney, among other things. The District Court held that, to the extent that the investigation and report did not necessarily have to be done by an attorney, using an attorney to conduct such work does not "cloak with privilege matters that would otherwise be discoverable."[3] *Id.* at 57. Thus, with the exception of two paragraphs of the report which were in the nature of legal advice, the District Court ordered disclosure of the attorney's report. *Id.*

*Westhemeco, Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702 (S.D.N.Y. 1979) was an action against an insurer on a property damage claim. Plaintiff sought disclosure of a report that was prepared by a surveyor at the request of the insurer's counsel. Defendant-insurer alleged that the report was protected as attorney work-product and as material prepared in anticipation of litigation. *Id.* at 708. The District Court ordered the report produced, finding that the record demonstrated that at the time counsel was retained, defendants had not determined to reject plaintiff's claim and thus, the report was not prepared in anticipation of litigation.[4] 82 F.R.D. at 709.

## Document Request Nos. 1-2

These requests seek:

> 1. All documents constituting or evidencing time records and/or time entries of Stephen Postelnek for the period from August 18, 2004 through September 20, 2004 inclusive in connection with the notice by 105 Street Associates, LLC to Greenwich Insurance Company concerning the occurrence involving, or claims by, Richard Conrad or the lawsuit entitled *Richard Conrad v. 105 Street Associates, LLC, et al.*, N.Y. Co. Index No. 105554/04 (collectively, the "Conrad Claims").

---

[3] The nature of the work must be unique to the qualifications of an attorney. *See e.g., Westhampton Adult Home, Inc. v. Nat'l Union Fire Ins. Co.*, 105 A.D. 2d 627, 481 N.Y.S. 2d 358 (1st Dep't 1984) (reports of attorneys engaged in fact finding and supervision of investigation prior to insurer's rejection of claim are discoverable).

[4] The burden of establishing that a document falls within the ambit of the work-product doctrine rests upon the party resisting discovery. *See St. Paul Fire and Marine Ins. Co. v. Continental Cameras Co., Inc.*, 1986 WL 6497 *1 (S.D.N.Y. June 5, 1986). The test articulated by the Second Circuit in determining whether a document was prepared in anticipation of litigation is whether "'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation.'" (emphasis in original) *United States v. Adlman*, 134 F. 3d 1194, 1202 (2d Cir. 1998), *quoting* 8 Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 2024 at 343 (2d ed. 1994).

2.    All documents constituting or evidencing time
records and/or time entries for the period from August 18,
2004 through September 20, 2004 inclusive of any
paralegal or attorney other than Stephen Postelnek who
was affiliated with or employed by Wilson Elser
Moskowitz Edelman & Dicker LLP in connection with the
Conrad Claims.

Such documents will show several relevant facts. First, in an action such as this
to determine rights and obligations of an insurer, such documents are relevant to show the
general "purposes for which defendant [insurer] retained attorneys in connection with the claim
which is the subject of this action." *Westhemeco Ltd. v. Commercial Union Ins. Co.*, 82 F.R.D.
at 707. Inquiries into the "general nature of the legal services performed" do not invade the
attorney-client privilege. *Id.* at 707-08.

Such time records should be ordered produced for a second reason: information
contained therein is claimed to be privileged but such records are not included on a privilege log
and therefor any privilege that may apply is waived. *See e.g., FG Hemisphere Assocs., LLC v.
Republique du Congo*, 2005 WL 545218 at *6 (S.D.N.Y. Mar. 8, 2005); *Bruker v. City of New
York*, 2002 WL 484843 at *5 (S.D.N.Y. Mar. 29, 2002); *A.I.A. Holdings, S.A. v. Lehman Bros.,
Inc.*, 2000 WL 1538003 at *3 (S.D.N.Y. Oct. 17, 2000); *Jackson v. Edwards*, 2000 WL 782947
at *2 (S.D.N.Y. June 16, 2000).

## Document Request Nos. 3-6

These requests seek documents concerning the determination of coverage with
respect to the Conrad Claims which Defendant's interrogatory responses state was assigned to
WEMED's then partner, Stephen Postelnek (*see* Response to Interrogatory No. 1(j), Ex. "A"),
including "evaluation or investigation" of the insurance claim (Resp. to Interrogatory 1(a)),
which is the regular business of an insurance company, *see Fine v. Bellefonte Underwriters Ins.
Co.*, 91 F.R.D. at 422; *Bogan v. Northwestern Mut. Life Ins. Co.*, 163 F.R.D. 460, 464 (S.D.N.Y.
1995). The requests seek:

3.    All documents reviewed, relied upon and/or utilized to
determine coverage with respect to the Conrad Claims, including
whether to disclaim.

4.    All documents that constitute or evidence any of the
results of an investigation or determination of coverage with
respect to the Conrad Claims, including disclaimer.

5.    The files of Wilson Elser Moskowitz Edelman & Dicker LLP concerning any investigation or determination of coverage with respect to the Conrad Claims, including disclaimer.

6.    All reports prepared from August 18, 2004 through September 20, 2004 inclusive which relate to the Conrad Claims.

Except for any legal advice given, the involvement by WEMED in the business decision of whether to deny coverage to Plaintiff is a relevant subject of discovery that is not immune from disclosure. *See e.g., Park Ave. Bank, N.A. v. Bankasi*, 1994 WL 722690*1 (S.D.N.Y. Dec. 30, 1994) (ordering discovery concerning the involvement of counsel in the decision to dishonor a letter of credit presented by plaintiff). In addition, the report of WEMED prior to the ultimate decision to deny coverage is discoverable. *See e.g., Merrin Jewelry Co. v. St. Paul Fire & Marine Ins. Co.*, 49 F.R.D. at 57 (in an action to enforce insurance policy, ordering production of most of attorney's report); *Westhemeco, Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. at 709 (ordering production of report commissioned by attorney before determination of claim was made). Also discoverable are the underlying facts known by a party or its counsel or ascertained during the investigation, *see e.g., Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, 1994 WL 510043 at * 5, and what was observed or learned during the investigation, *see e.g., Westhemeco*, 82 F.R.D. at 709.

In view of the foregoing, we respectfully request an Order directing WEMED to fully comply with the Subpoena Duces Tecum.

We thank you for your time and attention to this matter.

Respectfully submitted,

Donald F. Schneider

DFS/gk
Cc: Glenn J. Fuerth, Esq. (via federal express)





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 105 STREET ASSOCIATES, LLC | ) 05-CV-9938 (VM) |
| Plaintiff, | ) |
| -against- | ) **DEFENDANT GREENWICH** |
| GREENWICH INSURANCE COMPANY, | ) **INSURANCE COMPANY'S** |
| Defendant | ) **ANSWERS TO PLAINTIFF'S** |
| | ) **FIRST SET OF** |
| | ) **INTERROGATORIES** |

Defendant Greenwich Insurance Company ("Greenwich") by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP hereby answers Plaintiff's First Set of Interrogatories propounded to Greenwich Insurance Company as follows:

## INTRODUCTORY STATEMENT AND GENERAL OBJECTIONS

1.    The objections and statements set forth in this section apply to each of Plaintiff's Interrogatories, Definitions and/or Instructions and are not necessarily repeated in response to each individual Interrogatory, Definition, and/or Instruction.

2.    Greenwich generally objects to these Interrogatories to the extent that they seek information or documents protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or doctrine. Nothing contained in these objections is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, any work product privilege or any other applicable privilege or doctrine. Greenwich also generally objects to these Interrogatories to the extent they seek

confidential or proprietary business information of third parties. Greenwich further objects to these Interrogatories to the extent they seek confidential or other business information.

_____3. Greenwich generally objects to these Interrogatories to the extent they seek information and/or documents not in the possession, custody, or control of Greenwich.

_____4. Greenwich generally objects to these Interrogatories to the extent they seek information relating to insurance policies or insureds which are not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

_____5. Greenwich generally objects to these Interrogatories to the extent they are unlimited in time or otherwise not limited to a time frame relevant to this litigation on the grounds that they are overly broad, unduly burdensome and seek information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

_____6. Greenwich generally objects to these Interrogatories to the extent they: (a) attempt to impose any obligation upon Greenwich beyond the obligations established in the Federal Rules of Civil Procedure; (b) seek discovery which is unreasonably cumulative or duplicative; (c) seek information which may be derived or ascertained from documents already within Plaintiff's knowledge, possession and/or control; and (d) seek the production of information from other sources not within the possession or control of Greenwich, or obtainable with equal or greater facility by Plaintiffs.

_____7. Greenwich generally objects to Interrogatories which purport to require Greenwich to produce "all" information or documents "referring" or "relating" to a certain

fact or issue on the grounds that such Interrogatories are vague, overly broad, unduly burdensome, and seek information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8.      Greenwich generally objects to these Interrogatories to the extent they seek information or documents which were prepared, generated or received in anticipation of, or after the commencement of, this litigation.

9.      Greenwich objects to each and every Interrogatory to the extent they purport to require Greenwich to search for information from every employee, department and field office, past and present, of Greenwich on the grounds that it would be unduly burdensome.

10.     These answers are based upon information and documents known or believed by Greenwich at the time of answering these Interrogatories.  Greenwich reserves the right to amend these answers if it learns of new information through discovery or otherwise, and will supplement these answers to the extent required under Fed. Civ. P. Rule 26.

11.     The fact that Greenwich states that it will provide any relevant, non-objectionable and non-privileged documents or information does not mean that it has determined that such documents or information exists.  By referring plaintiffs to documents, Greenwich does not concede admissibility or relevance of any document produced or that the document is original, true, accurate, complete or authentic.  Greenwich reserves the right to challenge the competency, relevancy, materiality and admissibility of, or to object on any ground to, the use of information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

12.    Greenwich objects to each Interrogatory insofar as it seeks information that are matters of opinion and/or legal conclusions and/or a combination of law and fact.

14.    Greenwich objects to each Interrogatory to the extent that it seeks information regarding reserves or reinsurance.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**Interrogatory No. 1  Identify:**    **(a)**    each person who participated in any evaluation or investigation concerning whether to approve or deny coverage, defense or indemnity with respect to the Conrad Claims;

**Answer to Interrogatory No. 1 (a):** Greenwich objects to this interrogatory on the basis that it seeks information protected by the attorney client privilege.  Without waiving the objection, Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba, Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No. 1  Identify:**    **(b)**    each person who made a recommendation or who participated in any decision as to whether to approve or deny coverage, defense or indemnity with respect to the Conrad Claims;

**Answer to Interrogatory No. 1 (b):** Greenwich objects to this interrogatory on the basis that it seeks information protected by the attorney client privilege.  Without waiving the objection, Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba, Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No. 1  Identify:**    **(c)**    each document which has reviewed and/or relied upon, and each person spoken with, in determining whether to deny coverage, defense or indemnity with respect to the Conrad Claims;

**Answer to Interrogatory No. 1 (c):** Without waiving the objections above, see all responsive documents in Greenwich's possession which were served on Plaintiff as part of Greenwich's Initial Disclosures pursuant to Fed. Civ. P. Rule 26 dated March 8, 2006, bates stamped GR1-GR43, GR189-199.

**Interrogatory No. 1  Identify:**    **(d)**    each document which constitutes or evidences any of the results of any evaluation, investigation or determination of whether to approve or deny coverage, defense or indemnity with respect to the Conrad Claims;

**Answer to Interrogatory No. 1 (d):** Without waiving the objections above, see all responsive documents in Greenwich's possession which were served on Plaintiff as part of Greenwich's Initial Disclosures pursuant to Fed. Civ. P. Rule 26 dated March 8, 2006, bates stamped GR1-GR43, GR189-199.

**Interrogatory No. 1  Identify:**    **(e)**    each document which is contained in Greenwich's claim file with respect to the Conrad Claims;

**Answer to Interrogatory No. 1 (e):** Without waiving the objections above, see all responsive documents in Greenwich's possession which were served on Plaintiff as part of Greenwich's Initial Disclosures pursuant to Fed. Civ. P. Rule 26 dated March 8, 2006, bates stamped GR1-GR188.

**Interrogatory No. 1  Identify:**    **(f)**    XL Specialty Conrad Claims Administrators;

**Answer to Interrogatory No. 1 (f):** Greenwich objects to this interrogatory on the basis that it is vague, ambiguous and unintelligible and as such, Greenwich is incapable of responding.

**Interrogatory No. 1  Identify:**    **(g)**    Michael Barnaba;

**Answer to Interrogatory No. 1 (g):** Michael Barnaba is a senior claims analyst employed by XL Insurance.

**Interrogatory No. 1  Identify:**    **(h)**    WKF&C Agency, Inc.;

**Answer to Interrogatory No. 1 (h):** WKF&C Agency, Inc. is Greenwich Insurance Company's agent.

**Interrogatory No. 1  Identify:**    **(i)**    Robert Klipera

**Answer to Interrogatory No. 1 (i):** Robert Klipera is the Director of Claims employed by WKF&C Agency, Inc.

**Interrogatory No. 1  Identify:**    **(j)**    Stephen A. Postelnek

**Answer to Interrogatory No. 1 (j):** Stephen A. Postelnek, a member of Wilson, Elser, Moskowitz, Edelman & Dicker at the time coverage was determined, was assigned by Greenwich Insurance Company to determine coverage with respect to the Conrad claims.

**Interrogatory No 2.**  Identify all persons who have knowledge of any facts which support:

**(a)**    the second separate complete affirmative defense alleged by Defendant in its Answer: Upon information and belief, if damages were sustained by plaintiff, which Greenwich expressly denies, as alleged in the Complaint such damages are attributable in whole or in part to the culpable conduct of plaintiff without any negligence, fault or want of care on the part of Greenwich;

**Answer to Interrogatory No. 2 (a):** Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba,

Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520

Eagleview Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No 2.**   Identify all persons who have knowledge of any facts which support

**(b)**   the third separate complete affirmative defense alleged by Defendant in its Answer: Upon information and belief, plaintiff has failed to take such reasonable measures so as to mitigate and reduce losses and damages, if any, as alleged in the Complaint;

**Answer to Interrogatory No. 2 (b):** Stephen A. Postelnek, former member of Wilson, Elser,

Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba,

Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520

Eagleview Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No 2.**   Identify all persons who have knowledge of any facts which support

**(c)**   the fifth separate complete affirmative defense alleged by Defendant in its Answer: To the extent that the Complaint states a claim against Greenwich upon which relief could be granted, which Greenwich expressly denies, such claim is or may be barred in whole or in part by application of the doctrines of laches, estoppel, waiver, unclean hands, other equitable doctrines and/or by the applicable statutes of limitations;

**Answer to Interrogatory No. 2 (c):** Stephen A. Postelnek, former member of Wilson, Elser,

Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

**Interrogatory No 2.**   Identify all persons who have knowledge of any facts which support

**(d)**   the sixth separate complete affirmative defense alleged by Defendant in its Answer: The Complaint is, or may be, barred and subject to dismissal for failure to join necessary and/or indispensable parties;

**Answer to Interrogatory No. 2 (d):** Stephen A. Postelnek, former member of Wilson, Elser,

Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

**Interrogatory No 2.**  Identify all persons who have knowledge of any facts which support

**(e)**    the seventh separate complete affirmative defense alleged by Defendant in its Answer: Coverage, if any, for the alleged "Conrad Action" as set forth in the Complaint is or may barred or excluded to the extent that the insured has failed to comply with any or all material terms and conditions precedent to the purported Greenwich Policy including, without limitation, any provisions governing notice of occurrence or accident, notice of claims or suit, assistance and cooperation;

**Answer to Interrogatory No. 2 (e):** Stephen A. Postelnek, former member of Wilson, Elser,

Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba,

Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520

Eagleview Boulevard, P.O. Box 688, Exton, PA  19341.

**Interrogatory No 2.**  Identify all persons who have knowledge of any facts which support

**(f)**    the eighth separate complete affirmative defense alleged by Defendant in its Answer: The purported Greenwich Policy is not applicable to and Greenwich has no indemnity obligation, if any, for any liabilities or monetary obligations assumed, or monies voluntary paid, or that it was not legally obligated to pay as damages by its alleged insured or that were paid without Greenwich's consent for the alleged "Conrad Action" as set forth in the Complaint;

**Answer to Interrogatory No. 2 (f):**  Without waiving any of the objections, Greenwich is not

aware that the plaintiff has assumed any monetary obligations or liabilities, or voluntary paid any

monies for the alleged "Conrad Action".  Discovery is ongoing and Greenwich reserves its right

to amend or supplement this answer.

**Interrogatory No 2.**  Identify all persons who have knowledge of any facts which support

**(g)**    the ninth separate complete affirmative defense alleged by Defendant in its Answer: The purported Greenwich Policy would not provide coverage for non-fortuitous acts and/or any loss, injury, damage or risks which was known or should have been known by the insured at the time of application and/or inception of the purported Greenwich Policy;

**Answer to Interrogatory No. 2 (g):** Robert Klipera, Director of Claims, WKF&C Agency, Inc.,

One Huntington Quadrangle, Suite 2C18, Melville, NY 11747; Michael Barnaba, Senior Claims

Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview

Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(h)**    the tenth separate complete affirmative defense alleged by Defendant in its Answer: Greenwich's indemnity obligation, which Greenwich expressly denies, under the purported Greenwich Policy for the alleged "Conrad Action" as set forth in the Complaint, would be limited to amounts the insured is legally obligated to pay as damages because of "personal injury" or "bodily injury" within the meaning of the purported Greenwich Policy;

**Answer to Interrogatory No. 2 (h):** Robert Klipera, Director of Claims, WKF&C Agency, Inc.,

One Huntington Quadrangle, Suite 2C18, Melville, NY 11747; Michael Barnaba, Senior Claims

Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview

Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(i)**    the eleventh separate complete affirmative defense alleged by Defendant in its Answer: As a condition precedent to coverage, the Greenwich Policy requires that the insured comply with notice requirements. Greenwich has no obligation under the purported Greenwich Policy to the extent that it was not provided with timely and proper notice required by the purported Greenwich Policy with respect to the alleged "Conrad Action" as set forth in the Complaint;

**Answer to Interrogatory No. 2 (i):** Robert Klipera, Director of Claims, WKF&C Agency, Inc.,

One Huntington Quadrangle, Suite 2C18, Melville, NY 11747; Michael Barnaba, Senior Claims

Analyst; Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview

Boulevard, P.O. Box 688, Exton, PA 19341 and Stephen A. Postelnek, former member of Wilson,

Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support
**(j)**    the twelfth separate complete affirmative defense alleged by Defendant in its Answer: The claims are barred because there is no actual and justiciable controversy existing between the parties;

**Answer to Interrogatory No. 2 (j):** Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

**Interrogatory No. 2** Identify all persons who have knowledge of any facts which support
**(k)** the thirteenth separate complete affirmative defense alleged by Defendant in its Answer: Upon information and belief, the plaintiff in the underlying action sustained his injuries, if any, wholly due to the negligence of the plaintiff in the instant action;

**Answer to Interrogatory No. 2 (k):** Without waiving the affirmative defense, Greenwich currently does not discovery or information pertaining to the underlying action to identify an individual who has knowledge to support the thirteenth defense. Greenwich reserves its right to supplement or amend this answer if it learns of new information through discovery.

**Interrogatory No. 2.** Identify all persons who have knowledge of any facts which support
**(l)** the decision to deny coverage with respect to the Conrad Claims.

**Answer to Interrogatory No. 2 (l):** Michael Barnaba, Senior Claims Analyst; Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview Boulevard, P.O. Box 688, Exton, PA 19341 and Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

**Interrogatory No. 3.** Pursuant to correspondence dated March 29, 2006, plaintiff withdraws Interrogatory No. 3.

**Interrogatory No. 4.** Pursuant to correspondence dated March 29, 2006, plaintiff withdraws Interrogatory No. 4

Dated: New York, New York
        May 17, 2006

                              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                              _____
                                    Glenn J. Fuerth (GJF-5848)
                                    Attorneys for Defendant
                                    150 East 42nd Street
                                    New York, NY 10017
                                    Phone (212) 490-3000

To:    Donald Schneider
        Attorney for Plaintiff
        90 Broad Street, 6th Floor
        New York, NY 10004
        (212) 265-2266

**B**

Policy WGG5001058   Claim . 502044
Insured 105 STREET ASSOCIATES, LLC

Note Pad Date  8/20/04 User ID BARNABAM
LOSS DATES BACK TO 2002 SO LATE NOTICE MAY BE AN ISSUE.  ATTY'S LETTER THAT
GENERATED THIS CLAIM DID NOT MAKE IT TO THE FILE.  I CALLED BROKER TO SEE  IF
THEY HAVE IT-THEY HAVE SUMMONS, LETTERS FROM ATTY, ETC.  THEY WILL FAX OVER.
I SENT E-MAIL AT THEIR REQUEST TO CONFIRM WHO WE ARE.  PER BROKER, INSURED IS
STATING BROKER WAS NOTIFIED OF THIS IN THE PAST.  I WILL SEE WHAT BROKER
Note Pad Date  8/20/04 User ID BARNABAM
FORWARDS AND GO FROM THERE.  BROKER IS NOT AGENT OF CARRIER.  NOTICE TO BROKER
IS NOT NOTICE TO CARRIER AND DOES NOT SATISFY REPORTING REQUIREMENTS UNDER
POLICY.  ONLY NOTICE TO WKF & C OR GREENWICH WOULD MEET REQUIREMENTS.  MJB


Note Pad Date  8/24/04 User ID BARNABAM
I HAVE ADDITIONAL MATERIALS FROM BROKER INCLUDING A LOR DIRECTED TO BFC
CONSTRUCTION (I PRESUME THEY ARE GC...THEY ARE THE C/O IN MAILING ADDRESS TO
NAMED INSURED) DATED 8/6/02 ALTHOUGH IT ONLY STATES FOR W/COMP AGAINST BFC.
ALSO I HAVE SUIT PAPERS WHICH WERE APPARENTLY SERVED ON THE INSURED ON 4/20/04
NOTIFIED XLP OF LABOR LAW MATTER.  REQUESTED PERMISSION TO CONSULT WITH

CMD:   3 Update

GR0000000038

Policy WGG5001058  Claim . 502044        Time . 8/43/04 09.38.21  Change
Insured 105 STREET ASSOCIATES, LLC

Note Pad Date  8/24/04 User ID BARNABAM
COVERAGE COUNSEL AS LATE REPORTING DENIAL MAY BE SUPPORTED.  I CALLED INSURED
CONTACT TO REQUEST CONTRACTS WITH GC AND SUB SO I CAN TENDER TO THE OTHER
CARRIERS (PENDING COVERAGE ANALYSIS) I WAS ASKED TO PUT REQUEST IN WRITING SO I
FAXED A REQUEST TO THEM.  MJB

Note Pad Date  8/25/04 User ID PARRIERV

Note Pad Date  8/25/04 User ID PARRIERV

                                                                              +

CMD :  3 Update

GR0000000034

C

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 E. 42nd Street, New York, New York 10017-5639
Tel: (212) 490-3000  Fax: (212) 490-3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

—
www.wemed.com

May 26, 2006

VIA E-MAIL

**dschneider@lexnewyork.com**

Donald Schneider
90 Broad Street, 6th Floor
New York, NY 10004

    Re:    105   Street   Associates,   LLC   v.   Greenwich   Insurance   Company
           Index No.: 05-CV-9938

Dear Donald:

    I write in response to your letter of this date.

    As we discussed at Mr. Richards' deposition on May 24, 2006, I would try to let you know at the end of the day about deposing Mr. Walsh on May 30 as opposed to June 5, 2006, as the former date became available on your schedule. Alas, I did not know when we spoke that Mr. Walsh was out of town. I have been in communication with him and May 30, is no longer available so the deposition will proceed on June 5, 2006, at my office at 10:00 am. With respect to Mike Barnaba, I told you that Mr. Walsh's anticipated testimony should fully cover all issues and that the deposition of Mr. Barnaba would be cumulative. Moreover, I advised you of his child care issues that in my view mandate a showing of need before he is inconvenienced by being required to be deposed.

    Your reference to discovery obligations that are outstanding I presume relate to the items in your May 17, 2006, which I will address in the order set forth in your letter. The response to Request 8 stands. You have been provided with the cases notes that exist. The response to Request 7 stands. You have provided with all responsive documents that are not subject to privilege. The Greenwich privilege log is attached. The response to Request 12 stands as written manuals/policies do not exist. Your final comment, item (e) is moot as I provided you with copies of the WFK&C documents.

    Accordingly, Greenwich has fully complied with all discovery demands in full and in an appropriate manner. However, should you wish to seek judicial intervention, I am unable to

Page 2


prevent same.  However, I do not believe there is any basis for such a request.


With regards,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Glenn J.Fuerth


Attachment
GJF:lp

D

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

### Issued by the
# UNITED STATES DISTRICT COURT

_____ SOUTHERN _____  **DISTRICT OF** _____ NEW YORK _____

1 05 STREET ASSOCIATES, LLC

### V.

GREENWICH INSURANCE COMPANY

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  05 CV 9938 (VM) (DF)

TO:  Custodian of Records
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street, New York, NY 10017

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Schneider Goldstein Bloomfield LLP, 90 Broad Street, 6th Floor, New York, NY 10004 | 10:00 a.m., on June 1, 2006 |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Schneider Goldstein Bloomfield LLP, 90 Broad Street, 6th Floor, New York, NY 10004 | 10:00 a.m. on June 1, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Donald F. Schneider, Partner, Schneider Goldstein Bloomfield_ | May 19, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Donald F. Schneider, Esq., Schneider Goldstein Bloomfield LLP, 90 Broad Street, 6th Floor, New York, NY 10004, (212) 265-2266

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE "A"

The term "document" is used herein as set forth in Rule 26.3(c)(2) of the Civil Rules of the United States District Court for the Southern District of New York.

1.    All documents constituting or evidencing time records and/or time entries of Stephen Postelnek for the period from August 18, 2004 through September 20, 2004 inclusive in connection with the notice by 105 Street Associates, LLC to Greenwich Insurance Company concerning the occurrence involving, or claims by, Richard Conrad or the lawsuit entitled *Richard Conrad v. 105 Street Associates, LLC, et al.*, N.Y. Co. Index No. 105554/04 (collectively, the "Conrad Claims").

2.    All documents constituting or evidencing time records and/or time entries for the period from August 18, 2004 through September 20, 2004 inclusive of any paralegal or attorney other than Stephen Postelnek who was affiliated with or employed by Wilson Elser Moskowitz Edelman & Dicker LLP in connection with the Conrad Claims.

3.    All documents reviewed, relied upon and/or utilized to determine coverage with respect to the Conrad Claims, including whether to disclaim.

4.    All documents that constitute or evidence any of the results of an investigation or determination of coverage with respect to the Conrad Claims, including disclaimer.

5.    The files of Wilson Elser Moskowitz Edelman & Dicker LLP concerning any investigation or determination of coverage with respect to the Conrad Claims, including disclaimer.

6.    All reports prepared from August 18, 2004 through September 20, 2004 inclusive which relate to the Conrad Claims.

**E**

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 E. 42nd Street, New York, New York 10017-5639
Tel: (212) 490-3000   Fax: (212) 490-3038

*Albany ● Baltimore ● Boston ● Chicago ● Dallas ● Garden City ● Houston ● Las Vegas ● London ● Los Angeles ● McLean*
*Miami ● Newark ● New York ● Philadelphia ● San Diego ● San Francisco ● Stamford ● Washington, DC ● White Plains*
*Affiliates: Berlin ● Cologne ● Frankfurt ● Munich ● Paris*

———

www.wemed.com

May 30, 2006

VIA E-MAIL

**dschneider@lexnewyork.com**

Donald Schneider
90 Broad Street, 6th Floor
New York, NY 10004

      Re:   105   Street   Associates,   LLC   v.   Greenwich   Insurance   Company
            Index No.: 05-CV-9938

Dear Donald:

      I write to confirm our telephone conversation of this date which in part responded to the subpoena dated May 19, 2006, faxed to me on May 22, 2006, returnable on June 1, 2006, directed to the Custodian of Records for Wilson, Elser and also to respond to your e-mail letter to me of this date dated May 26, 2006.

      As we discussed, no documents will be produced pursuant to the subpoena as the documents are subject to the attorney-client, attorney work product and material prepared in contemplation of litigation privileges and but for the time sheets, have been so noted in the privilege log sent to you on May 26, 2006. Additionally, with respect to the time sheets demanded, which you confirmed refer to the time sheets of attorneys Stephen Postelnek and Reena Blinkoff, when redacted for the above noted privileges would only have the time entry, date of service and billed amount remaining. I submit that this remaining information does not meet the definition of relevance per F.R.C.P. Rule 401. Finally, buttressing the claim of privilege is the fact, as I told you, that Greenwich as not asserted the defense of "reliance upon the advice of counsel" and that Wilson Elser, did not make any decision whether or not to deny coverage.

      With regard to the deposition of Mr. Walsh, it is my intention to produce him at my office on June 5, 2006, at 10:00 am. He will be capable of testifying concerning the factors that gave rise to the decision to deny coverage. As such, his testimony should be sufficient for your needs and as Mr. Walsh was Mr. Barnaba's supervisor who authorized the decision to deny coverage, the deposition of Mr. Barnaba would be cumulative. If you still believe, at the

Page 2

conclusion of Mr. Walsh's testimony, that there is a viable reason to depose Mr. Barnaba, I am willing to reconsider my position. Yet, there is nothing in your May 26, 2006, letter that would tend to sway me. As we discussed, the basis for the denial of coverage is simply late notice, nothing more and nothing less. Hence, I am at a loss to understand all this jumping through hoops.

With regards,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Glenn J.Fuerth

GJF:lp

# F

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, New York 10017-5639    Tel: (212) 490-3000    Fax: (212) 490-3038

New York• Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago • White Plains, NY
Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • McLean, VA • Stamford • London
Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich

www.wemed.com

September 20, 2004

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

105 Street Associates, LLC
C/o BFC Construction Corp.
22-26 First Avenue
New York, New York 10029

Attention: Brad Richards

Re:    Insured:        105 Street Associates, LLC
       Claimant:       Richard Conrad
       Policy No.:     WGG 5001058
       D/Loss:         July 2, 2002
       Client File:    P5502044
       Our File:       06928.00226

Dear Mr. Richards:

Please be advised that the undersigned law firm represents the interests of Greenwich Insurance Company ("Greenwich"), which provides Commercial General Liability Insurance on an occurrence basis to 105 Street Associates, LLC ("105 Street Associates") for the period of April 15, 2002, to April 15, 2003, under policy number WGG5001058. This letter will serve to advise you of Greenwich's coverage position regarding the claim initiated by Richard Conrad ("Conrad") with respect to an accident that allegedly occurred on July 2, 2002.

This letter sets forth the facts upon which we rely at this time in evaluating coverage and our understanding of the situation from the materials provided to date, and may be subject to change as more information becomes available. Should you have information that is contrary to these facts that may impact your coverage or our evaluation, this information should be provided to the undersigned as soon as possible.

We are recently in receipt of the information and documentation you submitted in regard to the above-referenced matter. While we lend no credence to Mr. Conrad's claim, referenced therein, we are constrained to advise you on behalf of Greenwich that coverage is not afforded under the Policy for this matter.

1702393.1

P00103

Our File No. 06928.00226
Page 2

By way of background, based upon the documents reviewed to date, on July 2, 2002, Richard Conrad ("Conrad"), was allegedly injured when he fell at a work site at a building located at 235-237 East 105th Street, New York, New York (the "Building"). Conrad was an employee of Jem Erectors, Inc., the subcontractor working at the Building. The Building is owned by the insured entity 105 Street Associates, LLC, whose office is located at 2226 First Avenue, New York, New York 10029.

We understand that 105 Street Associates first received notice of the claim on April 20, 2004, with the affidavit of service of the summons and verified complaint served on the Secretary of State. In turn, notice of the alleged accident was first received by WKF&C Agency, Inc. on August 18, 2004, by facsimile from the insured's broker, North Shore Risk Management, LLC ("North Shore"), with a Notice of Occurrence/Claim. Also, on August 20, 2004, North Shore also submitted the Notice of Occurrence/Claim, the summons and verified complaint and an August 6, 2002 letter from the claimant's counsel to the insured advising of a workmen's compensation claim filed on the claimant's behalf.

While we are unclear as to whether you received notice of the August 6, 2002 letter from claimant's counsel, should further investigation establish that you received notice of the occurrence prior to April 20, 2004, we reserve our rights to deny coverage for late notice on that basis as well.

## THE POLICY

After reviewing the policy language and the applicable case law, Greenwich Insurance Company denies coverage for late notice in accordance with the terms and conditions of the Policy.

Greenwich Commercial General Liability Insurance Policy No. WGG 5001058 was issued to 105 Street Associates, LLC for the period of April 15, 2002 to April 15, 2003, with a limit of liability of $1,000,000 per occurrence and $2,000,000 in the aggregate.

Under the heading, "**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**," the subject Policy provides:

1.      Insuring Agreement

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

b.      This insurance applies to "bodily injury" and "property damage" only if:

Our File No. 06928.00226
Page 3

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

The Policy contains the following definitions:

(3) "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

(13) "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

The Policy further sets forth in "SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS":

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the data received; and

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1702393.1

Our File No. 06928.00226
Page 4

(2)   Notify us as soon as practicable.  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.   You and any other involved insured must:

(1)   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim of "suit";

(2)   Authorize us to obtain records and other information;

(3)   Cooperate with us in the investigation of settlement of the claim or defense against the "suit";

As provided in the Policy, "[t]he words "we", "us" and "our" refer "to the Company providing the insurance."

As you can see from the above cited policy language, the insured is required to give Greenwich notice of an occurrence which may result in a claim as soon as practicable.

Under New York law, compliance with an insurance policy notice provision operates as a condition precedent to coverage.  Sirignano v. Chicago Ins. Co., 192 F. Supp. 2d 199, 203 (S.D.N.Y. 2002); White v. City of New York, 598 N.Y.S.2d 759,760 (1993); Paramount Ins. Co. v. Rosedale Gardens, Inc., 743 N.Y.S.2d 59, 62 (1st Dep't 2002).  Absent a showing of legal justification, the failure to comply with the notice condition vitiates coverage. Sirignano, supra, at 203; Security Mut. Ins. Co. v. Acker-Fitzsimons Corp., 340 N.Y.S.2d 902, 905 (1972); Paramount Ins. Co., supra, at 63.

The duty to provide notice arises when circumstances known to the insured at that time would have suggested to a reasonable person the possibility of a claim on the subject policy. Sirignano, supra, at 203; Security Mut. Ins. Co., supra, at 907; Paramount Ins. Co. , supra, at 62. Therefore, the duty to give notice frequently arises prior to the commencement of an action with respect to a claim.

Knowledge of an occurrence obtained by an agent charged with the duty to report such matters is imputed to the principal. Paramount Ins. Co., supra, at 63; White v. City of New York, supra, at 760. A reasonable possibility that coverage "may exist even though there are some factors that tend to suggest the opposite" of the policy's involvement is sufficient to trigger the duty. Christiania General Ins. Corp. v. Great American Ins. Co., 979 F.2d 268, 276 (2d Cir. 1992). A provision requiring notice when it "appears likely" that a claim will or "may" involve a policy does not require a certainty, or even a probability, that the policy will be involved. Id. When the policy requires notice whenever a claim may arise, the fact that a particular occurrence will result in a ripened claim does not relieve the insured from advising the carrier of that event. Heydt Contracting Corp. v. American Home Assur. Co., 536 N.Y.S.2d 770, 773 (1st Dep't 1989). An insurer need not demonstrate prejudice in order to deny coverage on the basis of late

Our File No. 06928.00216
Page 5

notice. Travelers Insurance Company v. Buffalo Reinsurance Company, 735 F. Supp. 2d 492 (S.D.N.Y. 1990); Security Mut. Ins. Co., supra, at 905.

Where a policy requires notice of loss "as soon as practicable", the insured must provide such notice within a reasonable time in view of all the facts and circumstances. Security Mut. Ins. Co., supra, at 906; Paramount Ins. Co., supra, at 62; Nationwide Ins. Co. v. Empire Ins. Group, 742 N.Y.S.2d 387, 389 (2d Dep't 2002). The phrase "as soon as practicable" is an "elastic" measure of time, and "there is no inflexible test of reasonableness." Mighty Midgets, Inc. v. Centennial Ins. Co., 416 N.Y.S.2d 559 (1979). While New York courts recognize some excuses for an insured's failure to provide timely notice of a potential claim, the insured has the burden of proving the reasonableness of the delay. Security Mut. Ins. Co., supra, at 906; Paramount Ins. Co., supra, at 63. New York courts have held that relatively short delays in providing notice of an actual or potential claim violate the notice requirement. American Home Assur. Co. v. Republic Ins. Co., 984 f.2d 76 (2d Cir. 1993) [one to two month delay]; Heydt, supra [approximately 4 months]; Power Authority of New York v. Westinghouse Elec. Corp., 502 N.Y.S.2d 420 (1st Dep't 1986) [53 days]; Horowitz v. Transamerica Ins. Co., 683 N.Y.S.2d 290 (2nd Dep't 1999) [48 days].

As referenced above, here, notice was first received on April 20, 2004 by affidavit of service of the summons and verified complaint served on the Secretary of State. However, notice was first reported to WKF&C on August 18, 2004 in the form of a facsimile from North Shore, with a Notice of Occurrence/Claim. Therefore, 105 Street Associates was on notice of the claim well in advance of its notice of the Claim to Greenwich.

The nearly four (4) month delay in reporting this matter is clearly unreasonable and leads Greenwich to deny coverage. Since coverage is denied based on your breach of the policy's requirements, a defense of any lawsuit filed will not be afforded to you, nor will Greenwich indemnify 105 Street Associates for any losses that may be asserted with this claim. Therefore, we suggest that you contact your personal attorney regarding this matter.

We understand, however, that the general contractor, BFC Construction Corporation is insured by Sirius with regard to the construction project related to this claim. In addition, pursuant to the Subcontractor Agreement between BFC Construction and Larry E. Knight, coverage is to be afforded for this matter by Graphic Arts Mutual Insurance Company. We note that Greenwich's coverage is excess to all other valid and collectible insurance. We recommend therefore, if you have not already done so, that you contact the relevant carriers, as well as any Umbrella Carriers, Errors and Omissions Carriers, or other insurance carriers where coverage may be applicable.

Please note that this letter is not to be construed as a waiver of any of the rights, which Greenwich Insurance Company may have under the policy. Nor is it an admission of any liability of Greenwich Insurance Company to your company. Furthermore, if you have any information that would contradict this coverage determination, please provide the information as soon as possible.

We trust the foregoing is satisfactory. Should you have any questions or comments, or if you believe you have any material information, documentation or evidence which would alter

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1702393.1

Our File No. 06928.00226
Page 6

this determination that there is no coverage under the Policy, please do not hesitate to contact the undersigned.

Should you wish to take up this matter with the New York State Insurance Department, you may write or visit the: 1) Consumer Services Bureau, New York State Insurance Department, at either 160 W. Broadway, New York, NY 10013; 2) Agency Building One, Governor Nelson A. Rockefeller Empire State Plaza, Albany, NY 12257; or 3) 220 Delaware Avenue, Suite 229, Buffalo, NY 14202.

If you have any questions or comments concerning this letter or your Policy, or if you have additional information that you would like to bring to our attention, please do not hesitate to contact us.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Stephen A. Postelnek

SAP:ms

cc:    Michael Barnaba, Claims Analyst
       XL Specialty Claims Administrators

       Robert Klipera, CPCU- Vice President, Claims
       WKF&C Agency, Inc.

       North Shore Risk Management LLC

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1702393.1

P00108

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK  )


      **GAYLE KAPLAN**, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

      On June 5, 2006, deponent served the within letter motion to Magistrate Judge Freeman, upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, by causing a true copy of same to be delivered by Federal Express for next day delivery.

                                    GAYLE KAPLAN

Sworn to before me this
5th   day of June, 2006

               Notary Public

            **DONALD F. SCHNEIDER**
            **Notary** Public, State of New **York**
             No. 02SC6034524
           **Qualified** in Westchester **County**
       **Commission** Expires: Dec. 13, 2009