# SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

COUNSELLORS AT LAW

90 BROAD STREET, 6TH FLOOR

NEW YORK, NY 10004

(212) 265-2266

JAY BLOOMFIELD
HARVEY N. GOLDSTEIN
DONALD F. SCHNEIDER

FAX: (212) 265-2442
EMAIL@LEXNEWYORK.COM

June 30, 2006

**BY HAND**
Honorable Debra C. Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Room 525
New York, New York 10007

Re:     *105 Street Associates, LLC v. Greenwich Insurance Company*
        **05 CV 9938 (VM) (DCF)**

Dear Magistrate Judge Freeman:

We represent Plaintiff in the above-referenced action. We write in response to the submission to you, dated June 27, 2006, from Glenn J. Fuerth, Esq., Defendant's counsel.

## The Remaining Motions Before the Court

Two motions by Plaintiff remain for adjudication. The first seeks to compel Defendant to produce certain documents on the grounds that (i) the subject documents are not immune from discovery as privileged, contrary to Defendant's contention, and (ii) Defendant waived any privilege by failing timely to furnish a privilege log. *See* Letter Motion, 5/25/06 and 5/30/06. The second motion seeks an order compelling the law firm of Wilson Elser Moskowitz Edelman & Dicker LLP ("WEMED") to fully comply with a Subpoena Duces Tecum served upon it. *See* Letter Motion, 6/5/06.

## The Relevant Facts

Defendant's denial of coverage is based solely upon alleged late notice. Ex. "A." Significantly, as acknowledged by Defendant in its answer to Interrogatories, Stephen Postelnek, then a partner of WEMED who has since passed away, "was assigned by Greenwich Insurance Company [Defendant] to determine coverage with respect to the Conrad Claims." (emphasis

S:\docs\BFC\Conrad\Greenwich Ins\ltrs memos\magistrate Freeman 6-28-06

supplied). Ex. "B," response no. 1(j). Defendant also identified Mr. Postelnek as a person "who participated in an evaluation or investigation concerning whether to approve or deny coverage, defense or indemnity with respect to the Conrad claims." *Id.* at response no. 1(a).

August 18, 2004 is when Defendant acknowledged receiving notice of the accident and the underlying personal injury action against Plaintiff. September 20, 2004 is the date of Defendant's letter denying coverage. Ex. "A." The documents in dispute all relate to this thirty-three day period.

The sole document concerning Defendant's claim evaluation that it produced in discovery are notes made by Michael Barnaba, Defendant's claims analyst for the subject claim, on August 20 and 24, 2004. Ex. "C". These notes do not reflect that any decision concerning coverage had been made on or before August 24. Mr. Barnaba's August 24 note raises the possibility that "late reporting denial may be supported."

The following day, Mr. Barnaba contacted Stephen Postelnek, *see* GR 289-297, the WEMED attorney whom Defendant admittedly "assigned... to determine coverage." Ex. "B," response no. 1(j). Clearly, at this point, Defendant had not yet determined to deny coverage. The decision to deny coverage was not made until later by Edward Walsh, Defendant's claims manager. Mr. Walsh testified that he approved the denial of coverage based in part upon a draft document that was prepared by WEMED. Ex. "D"

Mr. Walsh testified at deposition that he did not recall a single fact upon which he based his approval to deny coverage, and that he relied solely upon two documents in making such decision: an e-mail from Michael Barnaba and a draft denial letter prepared by counsel, *id.* at p. 25. Neither document has been produced by Defendant. We have not heard from Defendant's counsel about the Barnaba e-mail since you directed Defendant to search for it (as well as the e-mail response that Mr. Walsh testified he sent) during the June 7 conference call. We do not know if such draft denial is included on the Privilege Log. If it is included, it is not immune from discovery for the reasons discussed herein. If it is not in the Privilege Log, then any claim of privilege is also waived. *See* authorities cited at page 2 of Plaintiff's Letter Motion, 5/25/06.

The work done by WEMED prior to such decision by Mr. Walsh to deny coverage is not immune from discovery as privileged. The law concerning the privilege issues is set forth at pages 3-7 of Plaintiff's Letter Motion, 6/5/06.[1]

**Relief Requested**

        1.    That Defendant be directed to produce the documents on the Privilege

---

[1] The implication in Defendant's June 27 letter that Plaintiff bears the burden of demonstrating that the subject documents do not fall within the ambit of any privilege is incorrect. It is Defendant which bears the burden of demonstrating the basis for its claim of privilege.

Log, i.e., GR 288, 289-297 (excluding the document entitled "Guidelines Regarding Payment of Defense Costs), 298-299, 300-306, 307, 308-309, 401-402 and 403-405.

2.    That WEMED be directed to fully comply with the Subpoena Duces Tecum directed to it, Ex. "E," including but not limited to WEMED's time entries for this matter between August 18 and September 20, 2004 which are not included in a privilege log.[2]  A fuller discussion of the document requests in the Subpoena Duces Tecum is contained at pages 3-7 of Plaintiff's Letter Motion, 6/5/06.

**Defendant's Request to Delay**
**Adjudication of Plaintiff's Motions**

Defendant's counsel submits that "the Court should place in abeyance any decision concerning the withheld documents until the completion of Mr. Barnaba's testimony." *See* page 2 of 6/27/06 letter.  Such request for delay should be denied for three reasons: (i) the "So Ordered" Stipulation dated June 15, 2006 provides that Mr. Barnaba's deposition will be taken <u>after</u> your ruling on these issues, Ex. "F" at ¶ 3; (ii) Defendant had three weeks following the June 7 conference call with you to submit proof from its witness; and (iii) such testimony is unnecessary to adjudication of the motions given the foregoing admissions, the documented facts and the applicable law.

We thank you for your time and attention to this matter.

Respectfully submitted,

Donald F. Schneider

DFS/gk
Cc: Glenn J. Fuerth, Esq. (via federal express)

---

[2]  In connection with Defendant's current submission to you, it added two documents to its prior Privilege Log: GR 401-402 and GR 403-405.  Defendant does not appear to have added to the Privilege Log those documents (sought as part of Request Nos. 1 and 2 of the Subpoena Duces Tecum to WEMED) that its counsel disclosed during the June 7 conference call with you - - WEMED's time records for this matter (separate and apart from its invoice) for the period from August 18 through September 20, 2004, which I believe Defendant's counsel referred to as "vin" or "bin" records.  This is another reason why WEMED's time records should be produced.



WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, New York 10017-5639   Tel: (212) 490-3000   Fax: (212) 490-3038

*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago • White Plains, NY*
*Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • McLean, VA • Stamford • London*
*Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich*

www.wemed.com

September 20, 2004

<u>VIA CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

105 Street Associates, LLC
C/o BFC Construction Corp.
2226 First Avenue
New York, New York 10029

Attention: Brad Richards

Re:   **Insured:**        105 Street Associates, LLC
      **Claimant:**       Richard Conrad
      **Policy No.:**      WGG 5001058
      **D/Loss:**         July 2, 2002
      **Client File:**    P5502044
      **Our File:**       06928.00226

Dear Mr. Richards:

    Please be advised that the undersigned law firm represents the interests of Greenwich
Insurance Company ("Greenwich"), which provides Commercial General Liability Insurance on
an occurrence basis to 105 Street Associates, LLC ("105 Street Associates") for the period of
April 15, 2002, to April 15, 2003, under policy number WGG5001058. This letter will serve to
advise you of Greenwich's coverage position regarding the claim initiated by Richard Conrad
("Conrad") with respect to an accident that allegedly occurred on July 2, 2002.

    This letter sets forth the facts upon which we rely at this time in evaluating coverage and
our understanding of the situation from the materials provided to date, and may be subject to
change as more information becomes available. Should you have information that is contrary to
these facts that may impact your coverage or our evaluation, this information should be provided
to the undersigned as soon as possible.

    We are recently in receipt of the information and documentation you submitted in regard
to the above-referenced matter. While we lend no credence to Mr. Conrad's claim, referenced
therein, we are constrained to advise you on behalf of Greenwich that coverage is not afforded
under the Policy for this matter.

1702393.1



P00103

Our File No. 06928.00226
Page 2

By way of background, based upon the documents reviewed to date, on July 2, 2002, Richard Conrad ("Conrad"), was allegedly injured when he fell at a work site at a building located at 235-237 East 105th Street, New York, New York (the "Building"). Conrad was an employee of Jem Erectors, Inc., the subcontractor working at the Building. The Building is owned by the insured entity 105 Street Associates, LLC, whose office is located at 2226 First Avenue, New York, New York 10029.

We understand that 105 Street Associates first received notice of the claim on April 20, 2004, with the affidavit of service of the summons and verified complaint served on the Secretary of State. In turn, notice of the alleged accident was first received by WKF&C Agency, Inc. on August 18, 2004, by facsimile from the insured's broker, North Shore Risk Management, LLC ("North Shore"), with a Notice of Occurrence/Claim. Also, on August 20, 2004, North Shore also submitted the Notice of Occurrence/Claim, the summons and verified complaint and an August 6, 2002 letter from the claimant's counsel to the insured advising of a workmens' compensation claim filed on the claimant's behalf.

While we are unclear as to whether you received notice of the August 6, 2002 letter from claimant's counsel, should further investigation establish that you received notice of the occurrence prior to April 20, 2004, we reserve our rights to deny coverage for late notice on that basis as well.

## THE POLICY

After reviewing the policy language and the applicable case law, Greenwich Insurance Company denies coverage for late notice in accordance with the terms and conditions of the Policy.

Greenwich Commercial General Liability Insurance Policy No. WGG 5001058 was issued to 105 Street Associates, LLC for the period of April 15, 2002 to April 15, 2003, with a limit of liability of $1,000,000 per occurrence and $2,000,000 in the aggregate.

Under the heading, "COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY," the subject Policy provides:

1.      Insuring Agreement.

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

b.      This insurance applies to "bodily injury" and "property damage" only if:

Our File No. 06928.00226
Page 3

> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

> (2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

The Policy contains the following definitions:

> (3) "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

> (13) "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

The Policy further sets forth in "SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS":

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

> (1) How, when and where the "occurrence" or offense took place;

> (2) The names and addresses of any injured persons and witnesses; and

> (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

> (1) Immediately record the specifics of the claim or "suit" and the data received; and

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1702393.1

P00105

Our File No. 06928.00226
Page 4

    (2)   Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.   You and any other involved insured must:

    (1)   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim of "suit";

    (2)   Authorize us to obtain records and other information;

    (3)   Cooperate with us in the investigation of settlement of the claim or defense against the "suit";

As provided in the Policy, "[t]he words "we", "us" and "our" refer "to the Company providing the insurance."

As you can see from the above cited policy language, the insured is required to give Greenwich notice of an occurrence which may result in a claim as soon as practicable.

Under New York law, compliance with an insurance policy notice provision operates as a condition precedent to coverage. Sirignano v. Chicago Ins. Co., 192 F. Supp. 2d 199, 203 (S.D.N.Y. 2002); White v. City of New York, 598 N.Y.S.2d 759,760 (1993); Paramount Ins. Co. v. Rosedale Gardens, Inc., 743 N.Y.S.2d 59, 62 (1st Dep't 2002). Absent a showing of legal justification, the failure to comply with the notice condition vitiates coverage. Sirignano, supra, at 203; Security Mut. Ins. Co. v. Acker-Fitzsimons Corp., 340 N.Y.S.2d 902, 905 (1972); Paramount Ins. Co., supra, at 63.

The duty to provide notice arises when circumstances known to the insured at that time would have suggested to a reasonable person the possibility of a claim on the subject policy. Sirignano, supra, at 203; Security Mut. Ins. Co., supra, at 907; Paramount Ins. Co. , supra, at 62. Therefore, the duty to give notice frequently arises prior to the commencement of an action with respect to a claim.

Knowledge of an occurrence obtained by an agent charged with the duty to report such matters is imputed to the principal. Paramount Ins. Co., supra, at 63; White v. City of New York, supra, at 760. A reasonable possibility that coverage "may exist even though there are some factors that tend to suggest the opposite" of the policy's involvement is sufficient to trigger the duty. Christiania General Ins. Corp. v. Great American Ins. Co., 979 F.2d 268, 276 (2d Cir. 1992). A provision requiring notice when it "appears likely" that a claim will or "may" involve a policy does not require a certainty, or even a probability, that the policy will be involved. Id. When the policy requires notice whenever a claim may arise, the fact that a particular occurrence will result in a ripened claim does not relieve the insured from advising the carrier of that event. Heydt Contracting Corp. v. American Home Assur. Co., 536 N.Y.S.2d 770, 773 (1st Dep't 1989). An insurer need not demonstrate prejudice in order to deny coverage on the basis of late

Our File No. 06928.00216
Page 5

notice. _Travelers Insurance Company v. Buffalo Reinsurance Company_, 735 F. Supp. 2d 492 (S.D.N.Y. 1990); _Security Mut. Ins. Co._, supra, at 905.

Where a policy requires notice of loss "as soon as practicable" the insured must provide such notice within a reasonable time in view of all the facts and circumstances. _Security Mut. Ins. Co._, supra, at 906; _Paramount Ins. Co._, supra, at 62; _Nationwide Ins. Co. v. Empire Ins. Group_, 742 N.Y.S.2d 387, 389 (2d Dep't 2002). The phrase "as soon as practicable" is an "elastic" measure of time, and "there is no inflexible test of reasonableness." _Mighty Midgets, Inc. v. Centennial Ins. Co._, 416 N.Y.S.2d 559 (1979). While New York courts recognize some excuses for an insured's failure to provide timely notice of a potential claim, the insured has the burden of proving the reasonableness of the delay. _Security Mut. Ins. Co._, supra, at 906; _Paramount Ins. Co._, supra, at 63. New York courts have held that relatively short delays in providing notice of an actual or potential claim violate the notice requirement. _American Home Assur. Co. v. Republic Ins. Co._, 984 F.2d 76 (2d Cir. 1993) [one to two month delay]; _Heydt_, supra [approximately 4 months]; _Power Authority of New York v. Westinghouse Elec. Corp._, 502 N.Y.S.2d 420 (1st Dep't 1986) [53 days]; _Horowitz v. Transamerica Ins. Co._, 683 N.Y.S.2d 290 (2nd Dep't 1999) [48 days].

As referenced above, here, notice was first received on April 20, 2004 by affidavit of service of the summons and verified complaint served on the Secretary of State. However, notice was first reported to WKF&C on August 18, 2004 in the form of a facsimile from North Shore, with a Notice of Occurrence/Claim. Therefore, 105 Street Associates was on notice of the claim well in advance of its notice of the Claim to Greenwich.

The nearly four (4) month delay in reporting this matter is clearly unreasonable and leads Greenwich to deny coverage. Since coverage is denied based on your breach of the policy's requirements, a defense of any lawsuit filed will not be afforded to you, nor will Greenwich indemnify 105 Street Associates for any losses that may be asserted with this claim. Therefore, we suggest that you contact your personal attorney regarding this matter.

We understand, however, that the general contractor, BFC Construction Corporation is insured by Sirius with regard to the construction project related to this claim. In addition, pursuant to the Subcontractor Agreement between BFC Construction and Larry E. Knight, coverage is to be afforded for this matter by Graphic Arts Mutual Insurance Company. We note that Greenwich's coverage is excess to all other valid and collectible insurance. We recommend, therefore, if you have not already done so, that you contact the relevant carriers, as well as any Umbrella Carriers, Errors and Omissions Carriers, or other insurance carriers where coverage may be applicable.

Please note that this letter is not to be construed as a waiver of any of the rights, which Greenwich Insurance Company may have under the policy. Nor is it an admission of any liability of Greenwich Insurance Company to your company. Furthermore, if you have any information that would contradict this coverage determination, please provide the information as soon as possible.

We trust the foregoing is satisfactory. Should you have any questions or comments, or if you believe you have any material information, documentation or evidence which would alter

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1702393.1

P00107

Our File No: 06928.00226

Page 6

this determination that there is no coverage under the Policy, please do not hesitate to contact the undersigned.

Should you wish to take up this matter with the New York State Insurance Department, you may write or visit the: 1) Consumer Services Bureau, New York State Insurance Department, at either 160 W. Broadway, New York, NY 10013; 2) Agency Building One, Governor Nelson A. Rockefeller Empire State Plaza, Albany, NY 12257; or 3) 220 Delaware Avenue, Suite 229, Buffalo, NY 14202.

If you have any questions or comments concerning this letter or your Policy, or if you have additional information that you would like to bring to our attention, please do not hesitate to contact us.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Stephen A. Postelnek

SAP:ms

cc:    Michael Barnaba, Claims Analyst
       XL Specialty Claims Administrators

       Robert Klipera, CPCU- Vice President, Claims
       WKF&C Agency, Inc.

       North Shore Risk Management LLC

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1702393.1

P00108

# B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 105 STREET ASSOCIATES, LLC | ) 05-CV-9938 (VM) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -against- | ) **DEFENDANT GREENWICH** |
| | ) **INSURANCE COMPANY'S** |
| GREENWICH INSURANCE COMPANY, | ) **ANSWERS TO PLAINTIFF'S** |
| | ) **FIRST SET OF** |
| Defendant | ) **INTERROGATORIES** |
| | ) |

Defendant Greenwich Insurance Company ("Greenwich") by its attorneys, Wilson, Elser,

Moskowitz, Edelman & Dicker, LLP hereby answers Plaintiff's First Set of Interrogatories

propounded to Greenwich Insurance Company as follows:

## INTRODUCTORY STATEMENT AND GENERAL OBJECTIONS

1.    The objections and statements set forth in this section apply to each of Plaintiff's

Interrogatories, Definitions and/or Instructions and are not necessarily repeated in response

to each individual Interrogatory, Definition, and/or Instruction.

2.    Greenwich generally objects to these Interrogatories to the extent that they seek

information or documents protected from discovery by the attorney-client privilege, the

attorney work product doctrine or any other applicable privilege or doctrine.  Nothing

contained in these objections is intended as, or shall in any way be deemed, a waiver of any

attorney-client privilege, any work product privilege or any other applicable privilege or

doctrine.  Greenwich also generally objects to these Interrogatories to the extent they seek

confidential or proprietary business information of third parties. Greenwich further objects to these Interrogatories to the extent they seek confidential or other business information.

_____3. Greenwich generally objects to these Interrogatories to the extent they seek information and/or documents not in the possession, custody, or control of Greenwich.

_____4. Greenwich generally objects to these Interrogatories to the extent they seek information relating to insurance policies or insureds which are not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

_____5. Greenwich generally objects to these Interrogatories to the extent they are unlimited in time or otherwise not limited to a time frame relevant to this litigation on the grounds that they are overly broad, unduly burdensome and seek information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

_____6. Greenwich generally objects to these Interrogatories to the extent they: (a) attempt to impose any obligation upon Greenwich beyond the obligations established in the Federal Rules of Civil Procedure; (b) seek discovery which is unreasonably cumulative or duplicative; (c) seek information which may be derived or ascertained from documents already within Plaintiff's knowledge, possession and/or control; and (d) seek the production of information from other sources not within the possession or control of Greenwich, or obtainable with equal or greater facility by Plaintiffs.

_____7. Greenwich generally objects to Interrogatories which purport to require Greenwich to produce "all" information or documents "referring" or "relating" to a certain

fact or issue on the grounds that such Interrogatories are vague, overly broad, unduly burdensome, and seek information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8.     Greenwich generally objects to these Interrogatories to the extent they seek information or documents which were prepared, generated or received in anticipation of, or after the commencement of, this litigation.

9.     Greenwich objects to each and every Interrogatory to the extent they purport to require Greenwich to search for information from every employee, department and field office, past and present, of Greenwich on the grounds that it would be unduly burdensome.

10.     These answers are based upon information and documents known or believed by Greenwich at the time of answering these Interrogatories.  Greenwich reserves the right to amend these answers if it learns of new information through discovery or otherwise, and will supplement these answers to the extent required under Fed. Civ. P. Rule 26.

11.     The fact that Greenwich states that it will provide any relevant, non-objectionable and non-privileged documents or information does not mean that it has determined that such documents or information exists.  By referring plaintiffs to documents, Greenwich does not concede admissibility or relevance of any document produced or that the document is original, true, accurate, complete or authentic.  Greenwich reserves the right to challenge the competency, relevancy, materiality and admissibility of, or to object on any ground to, the use of information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

12.    Greenwich objects to each Interrogatory insofar as it seeks information that are matters of opinion and/or legal conclusions and/or a combination of law and fact.

14.    Greenwich objects to each Interrogatory to the extent that it seeks information regarding reserves or reinsurance.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**Interrogatory No. 1  Identify:**    **(a)**    each person who participated in any evaluation or investigation concerning whether to approve or deny coverage, defense or indemnity with respect to the Conrad Claims;

**Answer to Interrogatory No. 1 (a):** Greenwich objects to this interrogatory on the basis that it seeks information protected by the attorney client privilege.  Without waiving the objection, Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba, Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No. 1  Identify:**    **(b)**    each person who made a recommendation or who participated in any decision as to whether to approve or deny coverage, defense or indemnity with respect to the Conrad Claims;

**Answer to Interrogatory No. 1 (b):**  Greenwich objects to this interrogatory on the basis that it seeks information protected by the attorney client privilege.  Without waiving the objection, Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba, Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview Boulevard, P.O. Box 688, Exton, PA 19341.

*Identify*

**Interrogatory No. 1  Identify:** ~~(c)~~    each document which has reviewed and/or relied upon, and each person spoken with, in determining whether to deny coverage, defense or indemnity ~~with respect to the Conrad~~ Claims;

**Answer to Interrogatory No. 1 (c):** Without waiving the objections above, see all responsive documents in Greenwich's possession which were served on Plaintiff as part of Greenwich's Initial Disclosures pursuant to Fed. Civ. P. Rule 26 dated March 8, 2006, bates stamped GR1-GR43, GR189-199.

**Interrogatory No. 1  Identify:**    **(d)**    each document which constitutes or evidences any of the results of any evaluation, investigation or determination of whether to approve or deny coverage, defense or indemnity with respect to the Conrad Claims;

**Answer to Interrogatory No. 1 (d):** Without waiving the objections above, see all responsive documents in Greenwich's possession which were served on Plaintiff as part of Greenwich's Initial Disclosures pursuant to Fed. Civ. P. Rule 26 dated March 8, 2006, bates stamped GR1-GR43, GR189-199.

**Interrogatory No. 1  Identify:**    **(e)**    each document which is contained in Greenwich's claim file with respect to the Conrad Claims;

**Answer to Interrogatory No. 1 (e):** Without waiving the objections above, see all responsive documents in Greenwich's possession which were served on Plaintiff as part of Greenwich's Initial Disclosures pursuant to Fed. Civ. P. Rule 26 dated March 8, 2006, bates stamped GR1-GR188.

**Interrogatory No. 1  Identify:**    **(f)**    XL Specialty Conrad Claims Administrators;

**Answer to Interrogatory No. 1 (f):** Greenwich objects to this interrogatory on the basis that it is vague, ambiguous and unintelligible and as such, Greenwich is incapable of responding.

2217927.1                                5

**Interrogatory No. 1  Identify:**     **(g)**    Michael Barnaba;

**Answer to Interrogatory No. 1 (g):** Michael Barnaba is a senior claims analyst employed by XL Insurance.

**Interrogatory No. 1  Identify:**     **(h)**    WKF&C Agency, Inc.;

**Answer to Interrogatory No. 1 (h):** WKF&C Agency, Inc. is Greenwich Insurance Company's agent.

**Interrogatory No. 1  Identify:**     **(i)**    Robert Klipera

**Answer to Interrogatory No. 1 (i):** Robert Klipera is the Director of Claims employed by WKF&C Agency, Inc.

**Interrogatory No. 1  Identify:**     **(j)**    Stephen A. Postelnek

**Answer to Interrogatory No. 1 (j):** Stephen A. Postelnek, a member of Wilson, Elser, Moskowitz, Edelman & Dicker at the time coverage was determined, was assigned by Greenwich Insurance Company to determine coverage with respect to the Conrad claims.

**Interrogatory No 2.**  Identify all persons who have knowledge of any facts which support:

**(a)**    the second separate complete affirmative defense alleged by Defendant in its Answer: Upon information and belief, if damages were sustained by plaintiff, which Greenwich expressly denies, as alleged in the Complaint such damages are attributable in whole or in part to the culpable conduct of plaintiff without any negligence, fault or want of care on the part of Greenwich;

**Answer to Interrogatory No. 2 (a):** Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba,

Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520

Eagleview Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(b)**    the third separate complete affirmative defense alleged by Defendant in its Answer:
Upon information and belief, plaintiff has failed to take such reasonable measures so as to
mitigate and reduce losses and damages, if any, as alleged in the Complaint;

**Answer to Interrogatory No. 2 (b):** Stephen A. Postelnek, former member of Wilson, Elser,

Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba,

Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520

Eagleview Boulevard, P.O. Box 688, Exton, PA 19341.


**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(c)**    the fifth separate complete affirmative defense alleged by Defendant in its Answer: To
the extent that the Complaint states a claim against Greenwich upon which relief could be
granted, which Greenwich expressly denies, such claim is or may be barred in whole or in part
by application of the doctrines of laches, estoppel, waiver, unclean hands, other equitable
doctrines and/or by the applicable statutes of limitations;

**Answer to Interrogatory No. 2 (c):** Stephen A. Postelnek, former member of Wilson, Elser,

Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.


**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(d)**    the sixth separate complete affirmative defense alleged by Defendant in its Answer: The
Complaint is, or may be, barred and subject to dismissal for failure to join necessary and/or
indispensable parties;

**Answer to Interrogatory No. 2 (d):** Stephen A. Postelnek, former member of Wilson, Elser,

Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

**Interrogatory No 2.**  Identify all persons who have knowledge of any facts which support

**(e)**    the seventh separate complete affirmative defense alleged by Defendant in its Answer: Coverage, if any, for the alleged "Conrad Action" as set forth in the Complaint is or may barred or excluded to the extent that the insured has failed to comply with any or all material terms and conditions precedent to the purported Greenwich Policy including, without limitation, any provisions governing notice of occurrence or accident, notice of claims or suit, assistance and cooperation;

**Answer to Interrogatory No. 2 (e):** Stephen A. Postelnek, former member of Wilson, Elser,

Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017; Michael Barnaba,

Senior Claims Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520

Eagleview Boulevard, P.O. Box 688, Exton, PA  19341.


**Interrogatory No 2.**  Identify all persons who have knowledge of any facts which support

**(f)**    the eighth separate complete affirmative defense alleged by Defendant in its Answer: The purported Greenwich Policy is not applicable to and Greenwich has no indemnity obligation, if any, for any liabilities or monetary obligations assumed, or monies voluntary paid, or that it was not legally obligated to pay as damages by its alleged insured or that were paid without Greenwich's consent for the alleged "Conrad Action" as set forth in the Complaint;

**Answer to Interrogatory No. 2 (f):**  Without waiving any of the objections, Greenwich is not

aware that the plaintiff has assumed any monetary obligations or liabilities, or voluntary paid any

monies for the alleged "Conrad Action".  Discovery is ongoing and Greenwich reserves its right

to amend or supplement this answer.


**Interrogatory No 2.**  Identify all persons who have knowledge of any facts which support

**(g)**    the ninth separate complete affirmative defense alleged by Defendant in its Answer: The purported Greenwich Policy would not provide coverage for non-fortuitous acts and/or any loss, injury, damage or risks which was known or should have been known by the insured at the time of application and/or inception of the purported Greenwich Policy;

**Answer to Interrogatory No. 2 (g):** Robert Klipera, Director of Claims, WKF&C Agency, Inc.,

One Huntington Quadrangle, Suite 2C18, Melville, NY 11747; Michael Barnaba, Senior Claims

Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview

Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(h)** the tenth separate complete affirmative defense alleged by Defendant in its Answer: Greenwich's indemnity obligation, which Greenwich expressly denies, under the purported Greenwich Policy for the alleged "Conrad Action" as set forth in the Complaint, would be limited to amounts the insured is legally obligated to pay as damages because of "personal injury" or "bodily injury" within the meaning of the purported Greenwich Policy;

**Answer to Interrogatory No. 2 (h):** Robert Klipera, Director of Claims, WKF&C Agency, Inc.,

One Huntington Quadrangle, Suite 2C18, Melville, NY 11747; Michael Barnaba, Senior Claims

Analyst and Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview

Boulevard, P.O. Box 688, Exton, PA 19341.

**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support

**(i)** the eleventh separate complete affirmative defense alleged by Defendant in its Answer: As a condition precedent to coverage, the Greenwich Policy requires that the insured comply with notice requirements. Greenwich has no obligation under the purported Greenwich Policy to the extent that it was not provided with timely and proper notice required by the purported Greenwich Policy with respect to the alleged "Conrad Action" as set forth in the Complaint;

**Answer to Interrogatory No. 2 (i):** Robert Klipera, Director of Claims, WKF&C Agency, Inc.,

One Huntington Quadrangle, Suite 2C18, Melville, NY 11747; Michael Barnaba, Senior Claims

Analyst; Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview

Boulevard, P.O. Box 688, Exton, PA 19341 and Stephen A. Postelnek, former member of Wilson,

Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

**Interrogatory No 2.** Identify all persons who have knowledge of any facts which support
**(j)** the twelfth separate complete affirmative defense alleged by Defendant in its Answer: The claims are barred because there is no actual and justiciable controversy existing between the parties;

**Answer to Interrogatory No. 2 (j):** Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

**Interrogatory No. 2** Identify all persons who have knowledge of any facts which support **(k)** the thirteenth separate complete affirmative defense alleged by Defendant in its Answer: Upon information and belief, the plaintiff in the underlying action sustained his injuries, if any, wholly due to the negligence of the plaintiff in the instant action;

**Answer to Interrogatory No. 2 (k):** Without waiving the affirmative defense, Greenwich currently does not discovery or information pertaining to the underlying action to identify an individual who has knowledge to support the thirteenth defense. Greenwich reserves its right to supplement or amend this answer if it learns of new information through discovery.

**Interrogatory No. 2.** Identify all persons who have knowledge of any facts which support **(l)** the decision to deny coverage with respect to the Conrad Claims.

**Answer to Interrogatory No. 2 (l):** Michael Barnaba, Senior Claims Analyst; Edward Walsh, Senior Claim Account Manager, XL Insurance, 520 Eagleview Boulevard, P.O. Box 688, Exton, PA 19341 and Stephen A. Postelnek, former member of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

**Interrogatory No. 3.** Pursuant to correspondence dated March 29, 2006, plaintiff withdraws Interrogatory No. 3.

**Interrogatory No. 4.** Pursuant to correspondence dated March 29, 2006, plaintiff withdraws Interrogatory No. 4

Dated: New York, New York
       May 17, 2006

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

_____
Glenn J. Fuerth (GJF-5848)
Attorneys for Defendant
150 East 42nd Street
New York, NY 10017
Phone (212) 490-3000

To:    Donald Schneider
        Attorney for Plaintiff
        90 Broad Street, 6th Floor
        New York, NY 10004
        (212) 265-2266

C

LOSS DATES BACK TO 2002 SO LATE NOTICE MAY BE AN ISSUE.  ATTY'S LETTER THAT
GENERATED THIS CLAIM DID NOT MAKE IT TO THE FILE.  I CALLED BROKER TO SEE IF
THEY HAVE IT-THEY HAVE SUMMONS, LETTERS FROM ATTY, ETC.  THEY WILL FAX OVER.
I SENT E-MAIL AT THEIR REQUEST TO CONFIRM WHO WE ARE.  PER BROKER, INSURED IS
STATING BROKER WAS NOTIFIED OF THIS IN THE PAST.  I WILL SEE WHAT BROKER
Note Pad Date  8/20/04 User ID BARNABAM
FORWARDS AND GO FROM THERE.  BROKER IS NOT AGENT OF CARRIER.  NOTICE TO BROKER
IS NOT NOTICE TO CARRIER AND DOES NOT SATISFY REPORTING REQUIREMENTS UNDER
POLICY.  ONLY NOTICE TO WKF & C OR GREENWICH WOULD MEET REQUIREMENTS.  MJB

Note Pad Date  8/24/04 User ID BARNABAM
I HAVE ADDITIONAL MATERIALS FROM BROKER INCLUDING A LOR DIRECTED TO BFC
CONSTRUCTION (I PRESUME THEY ARE GC...THEY ARE THE C/O IN MAILING ADDRESS TO
NAMED INSURED) DATED 8/6/02 ALTHOUGH IT ONLY STATES FOR W/COMP AGAINST BFC.
ALSO I HAVE SUIT PAPERS WHICH WERE APPARENTLY SERVED ON THE INSURED ON 4/20/04
NOTIFIED XLP OF LABOR LAW MATTER.  REQUESTED PERMISSION TO CONSULT WITH        +

CMD:  3 Update


PLAINTIFF'S
EXHIBIT

GR0000000138

COVERAGE COUNSEL AS LATE REPORTING DENIAL MAY BE SUPPORTED. I CALLED INSURED
CONTACT TO REQUEST CONTRACTS WITH GC AND SUB SO I CAN TENDER TO THE OTHER
CARRIERS (PENDING COVERAGE ANALYSIS) I WAS ASKED TO PUT REQUEST IN WRITING SO I
FAXED A REQUEST TO THEM. MJB

Note Pad Date  8/25/04 User ID PARRIERV

Note Pad Date  8/25/04 User ID PARRIERV

CMD:  3 Update

D

1



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - -x

105 STREET ASSOCIATES, LLC,

                              Plaintiff,

               -against-

GREENWICH INSURANCE COMPANY,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - -x

                    150 East 42nd Street

                    New York, New York


                    June 5, 2006

                    9:35 a.m.



        EXAMINATION BEFORE TRIAL of EDWARD WALSH,

a witness on behalf of the Defendant in the

above-entitled action, held at the above time and

place, pursuant to Notice, taken before JoAnn

O'Loughlin, a Notary Public of the State of New

York.



                    *    *    *

12

WALSH

answer?

(The preceding answer was read.)

Q    Are you familiar with the claim of Richard

Conrad vis-a-vis 105 Street Associates?

A    I am not.

Q    Are you familiar with a claim for notice

given by 105 Street Associates to Greenwich or its

agent?

A    I have not handled this claim or been

involved in this claim, I believe, except for one

instance back in 2004.

Q    What was the one instance in 2004 that you

got involved with this claim?

A    I believe the only action I've ever taken

on this was to review a draft coverage denial sent to

me by Mike Barnaba and give him the okay to issue the

denial.  Other than that, I know nothing about the case

and have not been involved in the case.

MR. SCHNEIDER:  Could you read back that

answer?

(The preceding answer was read.)

Q    Let's go back to your answer a few

questions back in terms of what the third-party

administrator that Mike Barnaba works for does.

24

1                        WALSH

2    connection with approving the denial of coverage to 105

3    Street Associates?

4        A       I don't believe I did, no.

5        Q       Did you speak with anyone else in

6    connection with approving the denial of coverage?

7        A       No, I did not.

8        Q       What documents did you review in deciding

9    whether to approve denial of coverage?

10               MR. FUERTH:   Other than the draft letter?

11               MR. SCHNEIDER:   Other than the draft

12       letter.

13       A       I don't believe I reviewed anything other

14   than the draft letter.

15       Q       Do you have an understanding as to who

16   prepared the draft letter that you reviewed?

17       A       The letter was prepared by coverage

18   counsel.

19       Q       Did you ask Mr. Barnaba for any documents

20   to review other than the draft letter?

21       A       I don't believe so.

22       Q       Upon what facts did you base your decision

23   to authorize denial of coverage?

                 MR. FUERTH:   Facts.   Because we're getting

         very close to privilege here, all right?

25

1                    WALSH

2              If it's just factual, can you limit

3        yourself to that?

4                THE WITNESS:  I believe so.

5                MR. FUERTH:  Okay.

6        A        I believe the only thing that I had to rely

7  on was whatever Mike had put in his email recommending

8  the denial and the denial letter, itself.  As for

9  specific facts, I don't remember any specific facts

10  relating to this case.

11      Q        As you sit here now, do you have any

12  recollection of any of the contents of Mr. Barnaba's

13  email which accompanies the draft denial of coverage

14  letter?

15      A        No, I don't.

16      Q        As you sit here now, do you have any

17  recollection of any of the facts contained in the draft

18  denial of coverage letter upon which your decision was

19  based?

20      A        No, I don't.

21      Q        Let me show the witness what has been

22  marked as Plaintiff's Exhibit 1 for identification.

23                (Handing.)

24                (Witness reviewing document.)

25      Q        My question to you is whether you have ever

# E

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK

1 05 STREET ASSOCIATES, LLC

### V.

GREENWICH INSURANCE COMPANY

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  05 CV 9938 (VM) (DF)

TO:  Custodian of Records
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street, New York, NY 10017

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Schneider Goldstein Bloomfield LLP, 90 Broad Street, 6th Floor, New York, NY 10004 | 10:00 a.m., on June 1, 2006 |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Schneider Goldstein Bloomfield LLP, 90 Broad Street, 6th Floor, New York, NY 10004 | 10:00 a.m. on June 1, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Donald F. Schneider_ Partner, Schneider Goldstein Bloomfield | May 19, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Donald F. Schneider, Esq., Schneider Goldstein Bloomfield LLP, 90 Broad Street, 6th Floor, New York, NY 10004, (212) 265-2266

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE "A"

The term "document" is used herein as set forth in Rule 26.3(c)(2) of the Civil Rules of the United States District Court for the Southern District of New York.

1.      All documents constituting or evidencing time records and/or time entries of Stephen Postelnek for the period from August 18, 2004 through September 20, 2004 inclusive in connection with the notice by 105 Street Associates, LLC to Greenwich Insurance Company concerning the occurrence involving, or claims by, Richard Conrad or the lawsuit entitled *Richard Conrad v. 105 Street Associates, LLC, et al.*, N.Y. Co. Index No. 105554/04 (collectively, the "Conrad Claims").

2.      All documents constituting or evidencing time records and/or time entries for the period from August 18, 2004 through September 20, 2004 inclusive of any paralegal or attorney other than Stephen Postelnek who was affiliated with or employed by Wilson Elser Moskowitz Edelman & Dicker LLP in connection with the Conrad Claims.

3.      All documents reviewed, relied upon and/or utilized to determine coverage with respect to the Conrad Claims, including whether to disclaim.

4.      All documents that constitute or evidence any of the results of an investigation or determination of coverage with respect to the Conrad Claims, including disclaimer.

5.      The files of Wilson Elser Moskowitz Edelman & Dicker LLP concerning any investigation or determination of coverage with respect to the Conrad Claims, including disclaimer.

6.      All reports prepared from August 18, 2004 through September 20, 2004 inclusive which relate to the Conrad Claims.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

105 STREET ASSOCIATES, LLC,

                                        Plaintiff,

                    -against-                                    05 CV 9938 (VM) (DCF)

GREENWICH INSURANCE COMPANY,                        **STIPULATION**

                                        Defendant.

---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/06

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned

attorneys for the respective parties herein, that:

1.    By June 28, 2006, Wilson Elser Moskowitz Edelman & Dicker LLP ("WEMED")

shall deliver to Plaintiff's counsel a Privilege Log with respect to the Subpoena Duces Tecum directed to

it, dated May 19, 2006.

2.    By June 28, 2006:

            (a)    Defendant shall deliver to Magistrate Judge Freeman (i) a copy of

the first six documents on the Privilege Log previously produced (documents bates numbered GR288-

309) with the exception of the document entitled "Guidelines Regarding Payment of Defense Costs,"

and (ii) all other documents to be set forth in the Privilege Log referred to in paragraph 1 above,

including but not limited to WEMED's time records and invoices during the period from August 18,

2004 through September 20, 2004 inclusive which relate to this matter.

S:\docs\BFC\Conrad\Greenwich Ins\stip 6-15-06

(b)    Defendant's counsel may, but is not required to, submit to Magistrate Judge Freeman a letter accompanying the documents referred to in subdivision (a) to paragraph 2 above which explains such documents, and simultaneously deliver a copy of such letter to Plaintiff's counsel redacted to the extent of any information protected by privilege. Thereafter, Plaintiff's counsel may submit a letter to Magistrate Judge Freeman as well.

3.    Subject to prior compliance by Defendant with any document production directive by Magistrate Judge Freeman with respect to any of the issues referred to in paragraphs 1 and 2 above or any prior directive, Defendant shall produce Michael Barnaba for deposition in Philadelphia on July 20, 2006. It is the intention of the parties that the deposition of Michael Barnaba shall proceed following production by Defendant of all documents previously or subsequently directed to be produced.

4.    The deadline for service of requests for admission and/or a supplemental Rule 34 document request is extended to June 28, 2006.

5.    The deadline for completion of all fact discovery, including depositions, is extended to July 31, 2006 solely (i) with respect to the foregoing items, (ii) the non-party deposition of North Shore Risk Management, and (iii) a non-party deposition of BFC Construction Corp.

Dated: New York, New York
June 15, 2006

SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

By: _____
Donald F. Schneider (DFS-9886)
Attorneys for Plaintiff
Office Address and P.O. Box:
90 Broad Street, 6th Floor
New York, New York 10004
Tel.: (212) 265-2266

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: _____
Glenn J. Fuerth  KHANH M. JOSEPHSIN
(KMJ-8040)
Attorneys for Defendant
Office Address and P.O. Box:
150 East 42nd Street
New York, New York 10017
(212) 490-3000

SO ORDERED: 6/26/06

_____
U.S.M.J.

Debra Freeman
United States Magistrate Judge
Southern District of New York

STATE OF NEW YORK    )
                       : ss.:

COUNTY OF NEW YORK  )

      **GAYLE KAPLAN**, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

      On June 30, 2006, deponent served the within letter motion to Magistrate Judge Freeman, upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, by causing a true copy of same to be delivered by Federal Express for next day delivery.

                               GAYLE KAPLAN

Sworn to before me this
30th day of June, 2006

_____
Notary Public

DONALD F. SCHNEIDER
Notary Public, State of New York
No. 02SC6034524
Qualified in Westchester County
Commission Expires Dec. 13, 2009

S:\docs\BFC\Conrad\Greenwich Ins\affidavit of service by fed ex.wpd

# F