# SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

COUNSELLORS AT LAW
90 BROAD STREET, 6TH FLOOR
NEW YORK, NY 10004

(212) 265-2266

JAY BLOOMFIELD
HARVEY N. GOLDSTEIN
DONALD F. SCHNEIDER

FAX: (212) 265-2442
EMAIL@LEXNEWYORK.COM

October 26, 2006

**VIA FEDERAL EXPRESS**

Honorable Debra C. Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Room 525
New York, New York 10007

Re:   *105 Street Associates, LLC v. Greenwich Insurance Company*
       **05 CV 9938 (VM) (DCF)**

Dear Magistrate Judge Freeman:

We represent Plaintiff in the above-referenced action.

**Status**

In this action in which the deadline for completion of fact discovery expired on July 31, 2006, we are awaiting discovery rulings on pending motions by Plaintiff which seek to obtain production of certain documents from Defendant, before conducting the deposition of Michael Barnaba of Defendant that you had previously directed over Defendant's opposition. Those motions are described in our June 30, 2006 submission to you, another copy of which is annexed (without the accompanying exhibits) as Exhibit "A" for your convenient reference.

By letter dated July 13, 2006, we wrote to Your Honor to request an extension of the July 31, 2006 deadline, to the extent that you did not issue a ruling on such motions prior to July 31, solely to enable us to conduct the deposition of Mr. Barnaba in accordance with Section 3 of the So-Ordered Stipulation dated June 26, 2006 (the "Stipulation-Order"). The Stipulation-Order provides that Mr. Barnaba's deposition would take place <u>after</u> your ruling on Plaintiff's previously submitted discovery motions. Copies of such letter request and the Stipulation-Order

S:\docs\BFC\Conrad\Greenwich Ins\ltrs memos\magistrate Freeman 10-26-06

are annexed hereto as Exhibits "B" and "C" respectively.

The within action seeks to compel Defendant-insurer to assume its contractual defense and indemnity obligations to Plaintiff in connection a pending personal injury action (the "Personal Injury Action"). The Personal Injury Action is expected to proceed to trial within six months.

**Relief Requested**

Section 5 of the Stipulation-Order extended the deadline for completion of fact discovery to July 31, 2006 solely with respect to specified items. Such items included "the non-party deposition of North Shore Risk Management" and "a non-party deposition of BFC Construction Corp." Stipulation-Order ¶ 5 (ii), (iii). Those depositions, requested by Defendant, have not been conducted.

Despite my requests of Defendant's counsel to set a date for the non-party deposition of BFC Construction Corp. on several occasions, *e.g.*, Exhibit "D," Defendant's counsel has not done so. The time to conduct such deposition has long since passed.

The deposition of North Shore Risk Management had been scheduled for late July 2006, but was cancelled by Defendant's counsel due to a miscommunication between counsel. Such deposition was not thereafter pursued by Defendant's counsel, even when I asked him to do so.

Defendant has not sought an extension of the July 31 deadline. In the event that Defendant still seeks such discovery, it is too late to do so, for any extension of the July 31 deadline was required to be sought prior to its expiration. *See Miltope Corp. v. Hartford Cas. Ins. Co.*, 163 F.R.D. 191, 195 (S.D.N.Y. 1995) ("There is no excuse for failing to comply with discovery deadlines, and if an extension is necessary, it must be sought before expiration of the deadline."); *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995) ("Applications to extend the discovery deadline must be made prior to expiration of the deadline.").

We request a ruling that, pursuant to the Stipulation-Order, all discovery is closed except for (i) any discovery that you order in connection with Plaintiff's previously submitted motions, and (ii) the previously ordered deposition of Michael Barnaba of Defendant which the

Stipulation-Order provides will follow your ruling on such motions by Plaintiff.

We thank you for your time and attention to this matter.

Respectfully submitted,

Donald F. Schneider

DFS/gk
Cc: Glenn Fuerth, Esq. (via Federal Express)

# A

## SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

COUNSELLORS AT LAW

90 BROAD STREET, 6TH FLOOR

NEW YORK, NY 10004

(212) 265-2266

JAY BLOOMFIELD  
HARVEY N. GOLDSTEIN  
DONALD F. SCHNEIDER

FAX: (212) 265-2442  
EMAIL@LEXNEWYORK.COM

June 30, 2006

**BY HAND**  
Honorable Debra C. Freeman  
United States Magistrate Judge  
United States Courthouse  
500 Pearl Street, Room 525  
New York, New York 10007

Re: *105 Street Associates, LLC v. Greenwich Insurance Company*  
05 CV 9938 (VM) (DCF)

Dear Magistrate Judge Freeman:

We represent Plaintiff in the above-referenced action. We write in response to the submission to you, dated June 27, 2006, from Glenn J. Fuerth, Esq., Defendant's counsel.

### The Remaining Motions Before the Court

Two motions by Plaintiff remain for adjudication. The first seeks to compel Defendant to produce certain documents on the grounds that (i) the subject documents are not immune from discovery as privileged, contrary to Defendant's contention, and (ii) Defendant waived any privilege by failing timely to furnish a privilege log. *See* Letter Motion, 5/25/06 and 5/30/06. The second motion seeks an order compelling the law firm of Wilson Elser Moskowitz Edelman & Dicker LLP ("WEMED") to fully comply with a Subpoena Duces Tecum served upon it. *See* Letter Motion, 6/5/06.

### The Relevant Facts

Defendant's denial of coverage is based solely upon alleged late notice. Ex. "A." Significantly, as acknowledged by Defendant in its answer to Interrogatories, Stephen Postelnek, then a partner of WEMED who has since passed away, "was assigned by Greenwich Insurance Company [Defendant] to determine coverage with respect to the Conrad Claims." (emphasis

supplied). Ex. "B," response no. 1(j). Defendant also identified Mr. Postelnek as a person "who participated in an evaluation or investigation concerning whether to approve or deny coverage, defense or indemnity with respect to the Conrad claims." *Id.* at response no. 1(a).

August 18, 2004 is when Defendant acknowledged receiving notice of the accident and the underlying personal injury action against Plaintiff. September 20, 2004 is the date of Defendant's letter denying coverage. Ex. "A." The documents in dispute all relate to this thirty-three day period.

The sole document concerning Defendant's claim evaluation that it produced in discovery are notes made by Michael Barnaba, Defendant's claims analyst for the subject claim, on August 20 and 24, 2004. Ex. "C". These notes do not reflect that any decision concerning coverage had been made on or before August 24. Mr. Barnaba's August 24 note raises the possibility that "late reporting denial may be supported."

The following day, Mr. Barnaba contacted Stephen Postelnek, *see* GR 289-297, the WEMED attorney whom Defendant admittedly "assigned... to determine coverage." Ex. "B," response no. 1(j). Clearly, at this point, Defendant had not yet determined to deny coverage. The decision to deny coverage was not made until later by Edward Walsh, Defendant's claims manager. Mr. Walsh testified that he approved the denial of coverage based in part upon a draft document that was prepared by WEMED. Ex. "D"

Mr. Walsh testified at deposition that he did not recall a single fact upon which he based his approval to deny coverage, and that he relied solely upon two documents in making such decision: an e-mail from Michael Barnaba and a draft denial letter prepared by counsel, *id.* at p. 25. Neither document has been produced by Defendant. We have not heard from Defendant's counsel about the Barnaba e-mail since you directed Defendant to search for it (as well as the e-mail response that Mr. Walsh testified he sent) during the June 7 conference call. We do not know if such draft denial is included on the Privilege Log. If it is included, it is not immune from discovery for the reasons discussed herein. If it is not in the Privilege Log, then any claim of privilege is also waived. *See* authorities cited at page 2 of Plaintiff's Letter Motion, 5/25/06.

The work done by WEMED prior to such decision by Mr. Walsh to deny coverage is not immune from discovery as privileged. The law concerning the privilege issues is set forth at pages 3-7 of Plaintiff's Letter Motion, 6/5/06.[1]

**Relief Requested**

1. That Defendant be directed to produce the documents on the Privilege

---

[1] The implication in Defendant's June 27 letter that Plaintiff bears the burden of demonstrating that the subject documents do not fall within the ambit of any privilege is incorrect. It is Defendant which bears the burden of demonstrating the basis for its claim of privilege.

S:\docs\BFC\Conrad\Greenwich Ins\ltrs memos\magistrate Freeman 6-28-06

Log, i.e., GR 288, 289-297 (excluding the document entitled "Guidelines Regarding Payment of Defense Costs), 298-299, 300-306, 307, 308-309, 401-402 and 403-405.

       2.      That WEMED be directed to fully comply with the Subpoena Duces Tecum directed to it, Ex. "E," including but not limited to WEMED's time entries for this matter between August 18 and September 20, 2004 which are not included in a privilege log.[2] A fuller discussion of the document requests in the Subpoena Duces Tecum is contained at pages 3-7 of Plaintiff's Letter Motion, 6/5/06.

**Defendant's Request to Delay**
**Adjudication of Plaintiff's Motions**

       Defendant's counsel submits that "the Court should place in abeyance any decision concerning the withheld documents until the completion of Mr. Barnaba's testimony." *See* page 2 of 6/27/06 letter. Such request for delay should be denied for three reasons: (i) the "So Ordered" Stipulation dated June 15, 2006 provides that Mr. Barnaba's deposition will be taken *after* your ruling on these issues, Ex. "F" at ¶ 3; (ii) Defendant had three weeks following the June 7 conference call with you to submit proof from its witness; and (iii) such testimony is unnecessary to adjudication of the motions given the foregoing admissions, the documented facts and the applicable law.

       We thank you for your time and attention to this matter.

                                                   Respectfully submitted,

                                                  Donald F. Schneider

DFS/gk
Cc: Glenn J. Fuerth, Esq. (via federal express)

---

[2] In connection with Defendant's current submission to you, it added two documents to its prior Privilege Log: GR 401-402 and GR 403-405. Defendant does not appear to have added to the Privilege Log those documents (sought as part of Request Nos. 1 and 2 of the Subpoena Duces Tecum to WEMED) that its counsel disclosed during the June 7 conference call with you - - WEMED's time records for this matter (separate and apart from its invoice) for the period from August 18 through September 20, 2004, which I believe Defendant's counsel referred to as "vin" or "bin" records. This is another reason why WEMED's time records should be produced.

# B

# SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

COUNSELLORS AT LAW
90 BROAD STREET, 6TH FLOOR
NEW YORK, NY 10004

(212) 265-2266

JAY BLOOMFIELD
HARVEY N. GOLDSTEIN
DONALD F. SCHNEIDER

FAX: (212) 265-2442
EMAIL@LEXNEWYORK.COM

July 13, 2006

**VIA FEDERAL EXPRESS**
Honorable Debra C. Freeman
United States Magistrate Judge
United States Courthouse
40 Centre Street, Room 631
New York, New York 10007

Re:   *105 Street Associates, LLC v. Greenwich Insurance Company*
      **05 CV 9938 (VM) (DCF)**

Dear Magistrate Judge Freeman:

We represent Plaintiff in the above-referenced action. We write concerning the motions and *in camera* review that are pending before you as they relate to the So Ordered Stipulation dated June 15, 2006 (the "Stipulation"). A copy of the Stipulation is enclosed for your convenient reference.

Insofar as is relevant herein, the Stipulation extended the deadline for completing fact discovery, including depositions, until July 31, 2006 for specified discovery, including the deposition of Michael Barnaba of Defendant. *See* Section 5 of the Stipulation.

Section 3 of the Stipulation directed Defendant to produce Michael Barnaba for deposition on July 20, 2006, provided that production by Defendant of all documents subsequently directed to be produced has occurred by them.

Thus, at this juncture, it appears that any document production by Defendant that you may subsequently direct in ruling on the motions may occur too late for the deposition of Mr. Barnaba to proceed by the July 31 deadline. Should production of documents by Defendant be

S:\docs\BFC\Conrad\Greenwich Ins\ltrs memos\magistrate Freeman 7-13-06

directed and documents be produced in insufficient time to conduct the deposition of Mr. Barnaba by July 31, we write to request an extension of the July 31, 2006 deadline solely to enable us to conduct the deposition of Mr. Barnaba in accordance with Section 3 of the Stipulation.

       We thank you for your time and attention to this matter.

                                  Respectfully submitted,

                                  Donald F. Schneider

DFS/gk
Cc: Glenn J. Fuerth, Esq. (via fax)

C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

105 STREET ASSOCIATES, LLC,

                              Plaintiff,

    -against-

GREENWICH INSURANCE COMPANY,

                              Defendant.

------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/06
```

05 CV 9938 (VM) (DCF)

**STIPULATION**

       **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the respective parties herein, that:

    1.    By June 28, 2006, Wilson Elser Moskowitz Edelman & Dicker LLP ("WEMED") shall deliver to Plaintiff's counsel a Privilege Log with respect to the Subpoena Duces Tecum directed to it, dated May 19, 2006.

    2.    By June 28, 2006:

        (a)    Defendant shall deliver to Magistrate Judge Freeman (i) a copy of the first six documents on the Privilege Log previously produced (documents bates numbered GR288-309) with the exception of the document entitled "Guidelines Regarding Payment of Defense Costs," and (ii) all other documents to be set forth in the Privilege Log referred to in paragraph 1 above, including but not limited to WEMED's time records and invoices during the period from August 18, 2004 through September 20, 2004 inclusive which relate to this matter.

S:\docs\BFC\Conrad\Greenwich Ins\stip 6-15-06

      (b) Defendant's counsel may, but is not required to, submit to Magistrate Judge Freeman a letter accompanying the documents referred to in subdivision (a) to paragraph 2 above which explains such documents, and simultaneously deliver a copy of such letter to Plaintiff's counsel redacted to the extent of any information protected by privilege. Thereafter, Plaintiff's counsel may submit a letter to Magistrate Judge Freeman as well.

3.    Subject to prior compliance by Defendant with any document production directive by Magistrate Judge Freeman with respect to any of the issues referred to in paragraphs 1 and 2 above or any prior directive, Defendant shall produce Michael Barnaba for deposition in Philadelphia on July 20, 2006. It is the intention of the parties that the deposition of Michael Barnaba shall proceed following production by Defendant of all documents previously or subsequently directed to be produced.

4.    The deadline for service of requests for admission and/or a supplemental Rule 34 document request is extended to June 28, 2006.

5.    The deadline for completion of all fact discovery, including depositions, is extended to July 31, 2006 solely (i) with respect to the foregoing items, (ii) the non-party deposition of North Shore Risk Management, and (iii) a non-party deposition of BFC Construction Corp.

Dated: New York, New York
June 15, 2006

SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

By: _____
Donald F. Schneider (DFS-9886)
Attorneys for Plaintiff
Office Address and P.O. Box:
90 Broad Street, 6th Floor
New York, New York 10004
Tel.: (212) 265-2266


WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: _____
Glenn J. Fuerth  KHANH M. JOSEPHSON
Attorneys for Defendant    (KMJ-8040)
Office Address and P.O. Box:
150 East 42nd Street
New York, New York 10017
(212) 490-3000


SO ORDERED: 6/26/06

_____
U.S.M.J.

Debra Freeman
United States Magistrate Judge
Southern District of New York

S:\docs\BFC\Conrad\Greenwich Ins\stip 6-15-05    3

# D

glenn.fuerth@wilsonelser.com

July 19, 2006

Re: **105 Street Associates LLC v. Greenwich Insurance Company**
05 Civ. 9938 (VM) (DCF)

Dear Glenn:

This is a reminder that we are waiting for proposed dates from you to conduct the deposition of BFC Construction.

In the absence of a decision by Magistrate Judge Freeman on the document issues and any ensuing production that is ordered, we will need to set a new date for the deposition of Michael Barnaba, in accordance with the Stipulation.

Very truly yours,

Donald F. Schneider

**DICTATED BUT NOT READ**

S:\docs\BF C\Conrad\Greenwich Ins\ltrs memos\fuerth e-mail 7-18-06

# E

## SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

COUNSELLORS AT LAW
90 BROAD STREET, 6TH FLOOR
NEW YORK, NY 10004

(212) 265-2266

JAY BLOOMFIELD
HARVEY N. GOLDSTEIN
DONALD F. SCHNEIDER

FAX: (212) 265-2442
EMAIL@LEXNEWYORK.COM

July 28, 2006

**VIA FAX 212.490.3038**

Glenn J. Fuerth, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, New York 10017

Re:   *105 Street Associates LLC v. Greenwich Insurance Company*
      05 Civ. 9938 (VM) (DF)

Dear Glenn:

I did leave you a voice-mail message yesterday morning, asking you to phone me in the office. I was available for the deposition of Barbara Weiner. Please phone me so that we may get this done.

Very truly yours,

Donald F. Schneider

DFS/gk

S:\docs\BFC\Conrad\Greenwich Ins\ltrs memos\fuerth ltr 7-28-06.wpd