UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

105 STREET ASSOCIATES, LLC,                          :

                                  Plaintiff,         :
                                                              05 CV 9938 (VM) (DCF)
                 -against-                           :

                                                     :

GREENWICH INSURANCE COMPANY,                         :

                                  Defendant.         :

                                                     :
--------------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**SCHNEIDER GOLDSTEIN BLOOMFIELD LLP**
Attorneys for Plaintiff
Address and P.O. Box:
90 Broad Street, 6th Floor
New York, New York 10004
(212) 265-2266

# TABLE OF CONTENTS

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

THE RELEVANT FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT SHOULD BE GRANTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

      A.    The Summary Judgment Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    Plaintiff Gave Defendant Notice of
            the Conrad Action as Soon as Practicable . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      C.    Defendant is Precluded From Disclaiming Because
            Its Disclaimer Was Not Timely as a Matter of Law  . . . . . . . . . . . . . . . . . . . 7

            1.      The Alleged Four Month Delay Disclaimer. . . . . . . . . . . . . . . . . .7

            2.      Defendant's Purported Reservation of
                 Right to Disclaim on the Alleged
                 Ground That Plaintiff Had Notice
                 of the Occurrence in 2002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

      D.    Defendant's Affirmative Defenses
            Are Meritless.  Summary Judgment Should
            be Granted Dismissing the Affirmative Defenses.. . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Plaintiff 105 Street Associates, LLC ("Plaintiff") respectfully submits this Memorandum of Law in support of its motion for summary judgment on the First and Second Causes of Action and on the issue of liability on the Third Cause of Action of the Complaint against Defendant, Greenwich Insurance Company ("Defendant").

We demonstrate below that summary judgment should be granted because (i) notice of the Conrad Action[1] was given as soon as practicable under governing case law and, in any event, (ii) Defendant is precluded from disclaiming as a matter of law because its disclaimer was untimely under Insurance Law § 3420(d).

**THE RELEVANT FACTS**

The relevant facts are set forth in the accompanying Declarations of Brad Richards ("Richards Decl.") and Donald Capoccia ("Capoccia Decl.") of Plaintiff and the exhibits annexed to the Declarations.

---

[1] Defined terms used herein are used as defined in the accompanying Declaration of Brad Richards.

S:\docs\BFC\Conrad\Greenwich Ins\\memo of law in supp 3.16.07.wpd

**ARGUMENT**

**PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT SHOULD BE GRANTED**

**A.  The Summary Judgment Standard**

Summary judgment is appropriate where there are no genuine issues of material

fact and the movant is entitled to judgment as a matter of law. *See Fed. R. Civ. P.* 56 (c);

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in

favor of the non-movant. *See Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. 2505.  In order to defeat

summary judgment, the non-moving party must go beyond the pleadings and "must do more than

simply show that there is some metaphysical doubt as to a material fact." *Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When

opposing a motion for summary judgment, it is not sufficient for the non-moving party to present

evidence that is conclusory or speculative, with no basis in fact. *See Liberty Lobby,* 477 U.S. at

249-50, 106 S.Ct. 2505.

**B.  Plaintiff Gave Defendant Notice of
the Conrad Action as Soon as Practicable**

The Policy requires that notice of an occurrence or claim be given "as soon as

practicable." Ex. "A" at p. 9 of 13.[2]  "[A] provision that notice be given 'as soon as practicable'

...merely requires that notice be given within a reasonable time under all the circumstances."

---

[2] All exhibits referenced herein are annexed to the Richards Decl.

*Security Mut. Ins. Co. of N.Y. v. Acker-Fitzsimons Corp.*, 31 N.Y. 2d 436, 340 N.Y.S. 2d 902,

906 (Ct. App. 1972). This standard:

> "is an elastic one, not to be defined in a vacuum.
> By no means does it connote an ironbound
> requirement that notice be 'immediate' or even
> 'prompt,' relative as even those concepts often are;
> 'soon,' a term close to each of these in common
> parlance, is expressly qualified in the policy here by
> the word 'practicable.'"

*Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y. 2d 12, 416 N.Y.S. 2d 559, 563 (Ct. App.

1979).

Defendant's Eleventh Affirmative Defense alleges late notice of the Conrad

Action. Ex. "P" at ¶ Thirty-Fifth. However, the evidence discussed below establishes that

Plaintiff acted "as soon as practicable" as a matter of law in causing notice of the Conrad Action

to be given.

Defendant's Disclaimer Letter relies upon an asserted delay of approximately four

months between the date of the purported delivery of the Summons and Complaint in the Conrad

Action to the Secretary of State (April 20, 2004) and acknowledgment by Defendant's agent of

receipt of notice of the Conrad Action (August 18, 2004). Ex. "H". However, Plaintiff's agent

for service of process did not receive a copy of the Summons and Complaint and did become

aware of the Conrad Action until Plaintiff received a letter dated July 8, 2004 from counsel for

the plaintiff in the Conrad Action. Ex. "C"; Capoccia Decl. ¶¶ 2-3; Richards Decl. ¶¶ 13–14.

This occurred well after the Secretary of State service of process, Capoccia Decl. ¶ 2, and resulted in Plaintiff (and the other defendants in the Conrad Action) being in default in responding to the Complaint therein for a period of time.[3] Richards Decl. ¶ 15 n.1. Quite obviously, Plaintiff had absolutely no motivation to ignore the Complaint and be in default. *See Great Canal Realty Corp. v. Seneca Ins. Co., Inc.*, 13 A.D. 3d 227, 787 N.Y.S. 2d 22, 28 (1ˢᵗ Dep't), *rev'd on other gds.*, 5 N.Y. 3d 742, 800 N.Y.S. 2d 521 (Ct. App. 2005) ("there [was] nothing to indicate that [the insured] had a motive for not complying [with the notice provision]."

The Summons and Complaint in the Conrad Action were submitted to Plaintiff's insurance broker within a few days of their receipt, Richards Decl. ¶ 15, and were received by and signed for by the broker on July 19, 2004. *Id.* at ¶ 16; Ex. "D". Clearly, Plaintiff acted promptly upon learning of the Conrad Action. A party's time in which to notify the insurer of a lawsuit starts when it gains knowledge of the lawsuit, for "the issue of the correctness of service is irrelevant to a determination of when insured defendants actually learned of the lawsuit." *Mt. Vernon Fire Ins. Co. v. Abesol Realty Corp.*, 288 F. Supp. 2d 302, 315 (E.D.N.Y. 2003); *see Evangelos Car Wash Inc. v. Utica First Ins. Co.*, 2006 WL 2129989 (Sup. Rich. July 31, 2006) (insured first learned of lawsuit when it received a letter from plaintiff's attorney stating that it was in default, as at bar).

---

[3] Defendant's claims adjuster admitted that it made no effort to determine whether Plaintiff actually became aware of the Conrad Action on or about April 20, 2004; it made no difference to him. Ex. "M" at pp. 93-94.

Defendant's theory, contrary to the above authorities, is that it is irrelevant if the

insured had knowledge of the Conrad Action if it was "legally served through their last registered

agent with New York State." Ex. "M" at 90, 93; *see* Ex. "N" at 2, 5.[4]  Such position not only

ignores the law, it also defies common sense, for how can an insured who was not aware of a

lawsuit (and who had no reason to expect a lawsuit) be reasonably expected to notify its carrier

about a lawsuit of which it is unaware?

Although the insurance broker initially sent notice to the insurer for a different

defendant in the Conrad Action but not to Defendant as Plaintiff's insurer, forgetting that

Plaintiff was insured by a different insurer, i.e., Defendant, the insurance broker was set straight

and then faxed notice to Defendant's agent on August 18, 2004, thirty days after receiving notice

from Plaintiff. Richards Decl. ¶ 18; Ex. "G".

As the New York Court of Appeals held in *Mighty Midgets, Inc. v. Centennial*

*Ins. Co.*, 416 N.Y.S. 2d at 563:

> Nor was compliance with the insurance policy's temporal
> requirement to be measured simply by how long it was
> before written notification came forth.  More crucial was
> the reason it took the time it did.  So, the provision that
> notice be given "as soon as practicable" called for a
> determination of what was within a reasonable time in the
> light of the facts and circumstances of the case at hand.

\*        \*        \*

---

[4] Defendant's Disclaimer Letter states that "notice was first received on April 20, 2004 by affidavit of service of the Summons and Verified Complaint served on the Secretary of State. " Ex. "N" at p.2.

> But, the Trial Judge found that the reason for so long a passage of time was the [insured's] genuine, if misguided, belief that all the insurance notice necessary to protect the [insured's] interests under any policies it carried for the De Temple accident had been furnished. There is nothing to indicate that it had a motive for not complying...

Moreover, in the context of the facts that the alleged accident had occurred two years previously and that the Conrad Action had already started,[5] Richards Decl. ¶ 10; Ex. "G", the insurance broker's error, resulting in such thirty day delay in notifying Defendant of the Conrad Action, was not unreasonable.

Furthermore, unlike in *Melhado v. Catsimatidis*, 182 A.D. 2d 576, 582 N.Y.S. 2d 435, 436 (1st Dep't 1992), where the delay in forwarding suit papers to the insurer "depriv[ed] it of the opportunity to participate meaningfully in pretrial discovery proceeding," at bar, Plaintiff's time in which to respond to the Complaint in the Conrad Action was extended beyond the time of Defendant's ensuing disclaimer on September 20, 2004, Richards Decl. ¶ 19, so that Defendant had more than "a fair and reasonable opportunity to appear and defend [the Conrad Action] or exercise its right to settle the matter." *Am. Tr. Ins. Co. v. Sartor*, 3 N.Y. 3d 71, 75, 781 N.Y.S. 2d 630 (Ct. App. 2004).

---

[5] A notice of occurrence provision "enable[s] insurers to make a timely investigation of relevant events and exercise early control over a claim...[which] may lead to a settlement before litigation..." *Commercial Union Ins. Co. v. Int'l Flavors & Fragrances, Inc.*, 822 F. 2d at 271. Given the juncture at which Plaintiff learned of the occurrence at bar, *i.e.*, two years after the alleged accident and well before Plaintiff was required to respond to the Complaint in the personal injury action, the insurance broker's thirty day delay occasioned by its own error would not reasonably negatively impact a post-litigation investigation of the accident or give Defendant any less control over the defense of the lawsuit than it would have had thirty days earlier.

Given that "a delay [in giving notice to an insurer] will be excused if the insured in good faith reasonably believes there is no coverage," *Sparacino v. Pawtucket*, 50 F. 3d 141, 143 (2d Cir. 1995), the result should not be for the insured where, as here, the insured's broker mistakenly believes there was no policy coverage and the insured diligently caused that mistake to be corrected. Indeed, in *Universal Underwriters Ins. Co. v. Patriot Ambulette*, 149 A.D. 2d 500, 500-501, 539 N.Y.S. 2d 981 (2d Dep't 1989), where the insured's broker put the wrong insurer on notice and did not correct the error until five months later, the Court held that "notice was provided 'as soon as practicable' under the facts and circumstances of this case."

There was no motive to delay at bar, and every reason to place Defendant on notice of the Conrad Action as soon as Plaintiff learned of it.

For the foregoing reasons, Plaintiff gave notice to Defendant as soon as practicable. There are no material issues of fact that require a trial. Summary judgment is warranted.

**C.    Defendant is Precluded From Disclaiming Because Its Disclaimer Was Not Timely as a Matter of Law**

**1.    The Alleged Four-Month Delay Disclaimer**

The sole basis for disclaimer set forth in Defendant's Disclaimer Letter dated September 20, 2004 was a claimed four month delay in notifying Defendant of the Conrad

Action:

> As referenced above here, notice was first received on April 20, 2004 by affidavit of service of the summons and verified complaint served on the Secretary of State. However, notice was first reported to WKF&C on August 18, 2004 in the form of a facsimile from North Shore, with a Notice of Occurrence/Claim. Therefore, [Plaintiff] was on notice of the claim well in advance of its notice of the claim to [Defendant].

> The nearly four (4) month delay in reporting this matter is clearly unreasonable and leads [Defendant] to deny coverage. Since coverage is denied based on your breach of the policy's requirements, a defense of any lawsuit filed will not be afforded to you, nor will [Defendant] indemnify [Plaintiff] for any losses that may be asserted with this claim. (Ex. "N" to Richards Decl.)

Defendant waited thirty-three days (from August 18, 2004, _see_ Richards Decl. ¶ 18 and Ex. "G," to September 20, 2004, Ex. "N") to issue its Disclaimer Letter. Richards Decl. ¶¶ 18-27.

Pursuant to Insurance Law § 3420(d), an insurer must disclaim in a case involving bodily injury such as the Conrad Action by giving "written notice as soon as is reasonably possible." This is an "unconditional rule." _Allstate Ins. Co. v. Gross_, 27 N.Y. 2d 263, 270, 317 N.Y.S. 2d 309, 314 (Ct. App. 1970). This statute is liberally interpreted in favor of the insured. _Zappone v. Home Ins. Co._, 55 N.Y. 2d 131, 447 N.Y.S. 2d 911 (Ct. App. 1982); _West 16th St. Tenants Corp. v. Pub. Serv. Mut. Ins. Co._, 290 A.D. 2d 278, 736 N.Y.S. 2d 34 (1st Dep't 2002), _lv. den.,_ 98 N.Y. 2d 605, 746 N.Y.S. 2d 279 (Ct. App. 2002) (precluding insurer from disclaiming due to insured's failure to timely notify insurer). The lack of prejudice to an insured

in a late disclaimer is not relevant in cases involving bodily injury. *Allstate Ins. Co. v. Gross*, 317 N.Y.S. at 314 (application of statute depends "merely upon passage of time rather than...on prejudice to the insured).

      An insurer's failure to disclaim as soon as is reasonably possible precludes effective disclaimer or denial. *Hartford Insurance Co. v. Co. of Nassau*, 46 N.Y. 2d 1028, 1029, 416 N.Y.S. 2d 536 (Ct. App. 1979); *New York Univ. v. First Fin. Ins. Co.*, 322 F. 3d 750, 753 n.3 (2d Cir. 2003); *First Investors Corp. v. Liberty Mut. Ins. Co.*, 955 F. Supp. 274, 275 (S.D.N.Y. 1997), *aff'd*, 152 F. 3d 162 (2d Cir. 1998). "This rule applies even where...[the insured] failed to provide [the insurer] with timely notice of the claim in the first instance." *Gregorio v. J.M. Dennis Construction Corp.*, 21 A.D. 3d 1056, 803 N.Y.S. 2d 628, 629 (2d Dep't 2005); *see First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y. 3d 64, 769 N.Y.S. 2d 459 (Ct. App. 2003).

      "[D]elaying disclaimer for investigative purposes is unreasonable where the basis for denying coverage was or should have been readily apparent before the onset of the delay." *New York State Ins. Fund v. Mt. Vernon Fire Ins. Co.*, 2005 WL 82036*4 (Jan. 13, 2005, S.D.N.Y.), *citing First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y. 3d at 69. Any such explanation for delay "is insufficient as a matter of law." *Allstate Ins. Co. v. Cruz*, 30 A.D. 3d 511, 817 N.Y.S. 2d 129, 131 (2d Dep't 2006).

      The time in which to disclaim starts running when the basis for denying coverage "was or should have been" apparent to the insurer. *New York Univ. v. First Financial Ins. Co.*,

322 F. 3d 750, 755 (2d Cir. 2003):

> "[C]ourts have deemed insurers' explanations for delayed
> notification insufficient where the basis for denying coverage
> was or should have been readily apparent to the insurer even
> before the onset of the delay. *See e.g., Firemen's Fund Ins. Co.
> of Newark v. Hopkins,* 88 N.Y. 2d 836, 837-38, 644 N.Y.S. 2d
> 481, 666 N.E. 2d 1354 (1996) (delay unreasonable because
> insurer should have been aware of the basis for disclaimer upon
> receipt of insured's notice of claim); *Wasserheit v. N.Y. Cent.
> Mut. Fire Ins. Co.,* 271 A.D. 2d 439, 705 N.Y.S. 2d 638, 640 (2d
> Dep't 2000) ("Where the ground for disclaiming coverage should
> have been readily apparent to the carrier when it first received
> notice of the claim, the requirement of timely notice is
> particularly applicable."); *North Country Ins. Co. v. Tucker,* 273
> A.D. 2d 683, 709 N.Y.S. 2d 255, 257 (3d Dep't 2000) (delay
> unreasonable because insurer did not need to hear certain
> witnesses' testimony before disclaiming coverage where there
> was already sufficient evidence that accident fell squarely within
> policy exclusion) (emphasis supplied).

An insurer is presumed to be aware of the untimeliness of notice as a ground for

disclaimer of liability upon first receiving such notice. *Firemen's Fund Ins. Co. of Newark v.*

*Hopkins,* 88 N.Y. 2d 836, 644 N.Y.S. 2d 481, 482 (Ct. App. 1996). Indeed, Defendant's claims

adjuster "recogniz[ed] at the outset of the claim that there appears to be a late reporting

situation," Ex. "M" at 53-54, and did not conduct or cause to be conducted any investigation as

to whether Plaintiff in fact had knowledge of the Conrad Action between April 2004 and mid-

July 2004 when it received the Kelner Letter. *Id.* at 93-94.

At bar, keeping in mind Defendant's acknowledgment that it did not seek to

investigate whether Plaintiff had knowledge of the Conrad Action between April 2004 and when

it received the Kelner Letter, Ex. "M" at 93-94, the basis adopted by Defendant for its disclaimer on the ground of late notice of the Conrad Action is apparent from the face of the Kelner Letter and from the Affidavit of Service of the Complaint in the Conrad Action upon Plaintiff.[6] There existed no need to conduct a detailed factual investigation in order to arrive at the conclusion upon which Defendant based its disclaimer, given its rationale.

Periods of thirty days or more between an insurer's receipt of notice and its disclaimer have been held to be unreasonable as a matter of law where there exists no need to conduct a detailed factual investigation of the basis of the disclaimer before determining to disclaim. _See e.g., West 16th St. Tenants Corp. v. Pub Serv. Mut. Ins. Co.,_ 290 A.D. 2d 278, 736 N.Y.S. 2d 34 (1st Dep't 2002), _lv. den_, 98 N.Y. 2d 605, 746 N.Y.S. 2d 279 (Ct. App. 2002) (30 day delay in disclaiming is unreasonable as a matter of law where insurer disclaimed based upon late notice); _Allstate Ins. Co. v. Swinton_, 27 A.D. 3d 462, 811 N.Y.S. 2d 108 (2d Dep't 2006) (34 day delay); _Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.,_ 27 A.D. 3d 84, 806 N.Y.S. 2d 53, 57-58 (1st Dep't 2005) (36 day delay); _2833 Third Ave. Realty Assoc. v. Marcus_, 12 A.D. 3d 329, 784 N.Y.S. 2d 863 (1st Dep't 2004) (37 day delay); _Gagosian Gallery, Inc. v. Eurostruct, Inc._, 2005 WL 3695756 *8 (Sup. N.Y. 2005) (35 day delay).

Accordingly, on the facts at bar, Defendant's waiting 33 days before issuing its

---

[6]  The Affidavit of Service that was transmitted to Defendant along with the Summons and Complaint was for service of the Complaint upon a co-defendant in the Conrad Action via the Secretary of State, containing a service date of April 20, 2004.  Obtaining a copy of the Affidavit of Service upon Plaintiff from the court file or Plaintiff's counsel in the Conrad Action was all that was needed to confirm the same date of service of process upon Plaintiff.

Disclaimer Letter is unreasonable as a matter of law.

      **2.**    **Defendant's Purported Reservation
of Right to Disclaim on the Alleged
Ground That Plaintiff Had Notice
of the Occurrence in 2002**

Defendant's Disclaimer Letter purports to reserve the right to deny coverage for

late notice of the occurrence. Ex. "N". A reservation of rights is not a substitute for a disclaimer

of coverage. *See* <u>*Hartford Ins. Co. v. Co. of Nassau*</u>, 46 N.Y. 2d at 1029. Defendant did not

thereafter issue a disclaimer for late notice of the occurrence, let alone issue such a disclaimer as

"soon as reasonably possible" as required by Insurance Law § 3420(d). Nor did Defendant plead

the basis for a late notice of occurrence disclaimer as an affirmative defense in its Answer,

pleading as it did only late notice of the Conrad Action. Ex. "P" at ¶ Thirty-Fifth. Any attempt to

disclaim at this late juncture on the ground of late notice of the occurrence would be manifestly

untimely, *see* cases cited at page 11 above, as well as factually baseless. Ex. "C" Richards Decl.

¶¶ 13-14; Capoccia Decl. ¶¶ 2-3.

**D.**    **Defendant's Affirmative Defenses
Are Meritless. Summary Judgment Should
be Granted Dismissing the Affirmative Defenses.**

Defendant has asserted <u>17</u> affirmative defenses of every conceivable type. Most of

the affirmative defenses are essentially pro forma defenses and have nothing whatsoever to do

with the facts of this case.

Plaintiff has addressed above the one stated basis of Defendant's disclaimer: alleged late notice of the Conrad Action (*see* Answer, Ex. "P" at ¶ Thirty-Fifth), Eleventh Affirmative Defense). The other affirmative defenses are sham and, we submit, Defendant will not be able to raise any genuine issue of fact with respect thereto.

## CONCLUSION

For all the foregoing reasons and those set forth in the accompanying Declarations and the exhibits annexed thereto, Plaintiff's motion for summary judgment should be granted in all respects.

Dated: New York, New York
       March 30, 2007

SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

By: _____
              Donald F. Schneider (DFS-9886)
    Attorneys for Plaintiff
    Office Address and P.O. Box:
    90 Broad Street, 6th Floor
    New York, New York 10004
    Tel.: (212) 265-2266
    Fax.: (212) 265-2442

S:\docs\BFC\Conrad\Greenwich Ins\\memo of law in supp 3.16.07 wpd 13

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

**GAYLE KAPLAN**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

On April 12, 2007, deponent served the within Notice of Motion, Plaintiff's Statement Pursuant to Civil Rule 56.1, Declaration of Donald Capoccia in Support, Declaration of Brad Richards in Support and Plaintiff's Memorandum of Law in Support of Motion For Summary Judgment upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, by causing a true copy of same to be delivered by Federal Express for next day delivery.

_GAYLE KAPLAN_
GAYLE KAPLAN

Sworn to before me this
12th day of April, 2007

_____
Notary Public
DONALD F. SCHNEIDER
Notary Public, State of New York
No. 02SC6034524
Qualified in Westchester County
Commission Expires: Dec. 13, 2009

S:\docs\BFC\Conrad\Greenwich Ins\affidavit of service by fed ex.wpd