UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

105 STREET ASSOCIATES, LLC,                  :

                           Plaintiff,   :

                  05 CV 9938 (VM) (DCF)

       -against-   :

                          :   **PLAINTIFF'S STATEMENT**
GREENWICH INSURANCE COMPANY,                          **PURSUANT TO CIVIL RULE 56.1**
                           :

                 Defendant.   :

------------------------------------------------------------------X

Pursuant to Civil Rule 56.1 of the Rules of this Court, Plaintiff 105 Street Associates, LLC ("Plaintiff") hereby submits the following statement of the material facts as to which it contends there is no genuine issue to be tried:

**The Parties, Jurisdiction and Venue**

1.    At all times relevant herein, Plaintiff was and still is a limited liability company organized and existing under and by virtue of the laws of the State of New York, and maintains its principal place of business within the Southern District of New York. Declaration of Brad Richards ("Richards Decl.") ¶ 4.

2.    Defendant Greenwich Insurance Company ("Defendant") acknowledges that it is an insurance company and a Connecticut corporation with its principal place of business

in the State of Connecticut. *Id.* at ¶ 5; Ex. "P"[1]; Petition for Removal, dated November 21, 2005, ¶¶ 2, 7.

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that the matter is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Richards Decl. ¶ 6.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events and omissions giving rise to the claim occurred in this District, and because Defendant was subject to personal jurisdiction in this District at the time when the action was commenced. *Id.* at ¶ 7.

**The Policy**

5.      Defendant issued and delivered to Plaintiff comprehensive commercial general liability insurance policy No. WGG5001058 on an occurrence basis (the "Policy") for the period from April 15, 2002 through April 15, 2003 (the "Policy Period"). *Id.* at ¶ 8; Ex. "A"; Removal Petition ¶ 2.

---

[1] All exhibits referenced herein are annexed to the Richards Decl.

6. Plaintiff is insured under the Policy and duly performed all the terms and conditions of the Policy on its part to be performed. Richards Decl. ¶ 9.

**The Underlying Personal Injury Action**

7. In April 2004, an individual named Richard Conrad filed a personal injury lawsuit entitled <u>Richard Conrad v. 105 Street Associates, LLC, et al.</u> (the "Conrad Action"). Conrad alleges that he was injured on July 2, 2002 while performing construction work at real property owned by Plaintiff (the "Property"). <u>Id.</u> at ¶¶ 3, 10; Ex. "B."

8. Conrad alleges that he was employed by a company which is a second tier subcontractor of BFC Construction Corp., which is the general contractor. Richards Decl. ¶ 3.

9. The Conrad Action is within the scope of coverage under the Policy. Richards Decl. ¶ 11; Ex. "A."

**Notice**

10. Plaintiff, which owns the Property, was not aware of the alleged accident involving Richard Conrad and did not learn of it until mid-July 2004, when it received by mail a letter dated July 8, 2004 from Mr. Conrad's attorneys, the law firm of Kelner & Kelner. Richards Decl. ¶ 12; Ex. "C"; Capoccia Decl. ¶ 3. A similar letter was received by another defendant

named in the Conrad Action (each a "Kelner Letter," and collectively, the "Kelner Letters"). Richards Decl. ¶12; Ex. "C"; C1.

11. Each Kelner Letter states in pertinent part that on April 20, 2004, a Summons and Complaint with respect to the Conrad Action was served via the New York Secretary of State but that no appearance on behalf of defendant had been received. Plaintiff's agent for service of process had not previously received the Summons and Complaint or known about the Conrad Action. Richards Decl. ¶ 13; Capoccia Decl. ¶¶ 2-3; Ex. "C".

12. The Kelner Letter was the first occasion on which Plaintiff, the owner of the Property, learned that the plaintiff in the Conrad Action claimed to have been injured at the Property, as well as the first time that Plaintiff learned of the Conrad Action. Richards Decl. ¶ 14; Ex. "C"; Capoccia Decl. ¶ 3.

13. Promptly, on or about July 15, 2004, Plaintiff caused the Kelner Letter to be mailed to Plaintiff's insurance broker, North Shore Risk Management ("North Shore"). Richards Decl. ¶ 15.

14. On July 19, 2004, North Shore received from Plaintiff, and signed a postal receipt for, the Kelner Letter. Richards Decl. *Id.* at ¶ 16, Ex. "D."

15. A copy of the Complaint and an Affidavit of Service thereof in the Conrad Action was transmitted to North Shore shortly thereafter and was received by Defendant by July 26, 2004. Richards Decl. ¶¶ 16 n.2, 17.

16. By letter dated July 26, 2004, North Shore returned the Complaint in the Conrad Action, mistakenly stating that Plaintiff did not have insurance coverage for the subject occurrence. Richards Decl. ¶ 17; Ex. "E."

17. Plaintiff retained counsel. With the assistance of counsel, such error was acknowledged by North Shore and was straightened out, Ex. "F," and notice was given to Defendant's agent on August 18, 2004 when Barbara Weiner of North Shore faxed to WKF&C Agency, the agent for Defendant, in two separate submissions, a General Liability Notice of Occurrence/Claim and a copy of Kelner Letter, the Summons and Complaint in the Conrad Action and an Affidavit of Service thereof. Richards Decl. ¶ 18; Ex. "G."

18. That same day of August 18, 2004, WKF&C Agency acknowledged receipt of the claim. Ex. "H."

19. The following day, the claims administrator for Defendant acknowledged receipt of the claim. The acknowledgment was signed by "Michael Barnaba, Claims Analyst." Ex. "I."

20. On August 20, 2004, Mr. Barnaba sent an e-mail to Ms. Weiner requesting documents. Ex. "J".

21. The same day, Ms. Weiner of North Shore had faxed to Mr. Barnaba such documents, which included the same documents she had previously transmitted to Defendant's agent. Richards Decl. ¶ 23; Ex. "K."

22. During this thirty day period between when North Shore had information about the Conrad Action and when it gave notice to Defendant's agent, Plaintiff acted reasonably in obtaining an extension of time through counsel to respond to the Complaint in the Conrad Action, which time was subsequently extended to a date beyond when Defendant later disclaimed coverage, thus preserving the ability of Defendant from inception to control the defense of the Conrad Action on behalf of Plaintiff. Richards Decl. ¶ 19.

**Defendant's Untimely Disclaimer**

23. Mr. Barnaba raised the possibility of a late notice disclaimer the very same day (August 20) when he received from Plaintiff's insurance broker a copy of what she had previously sent to Defendant's agent. Richards Decl. ¶ 24; Ex. "L".

24. Mr. Barnaba testified at deposition that he "recogniz[ed] at the outset of the claim that there appears to be a late reporting situation." Richards Decl. ¶ 24; Ex. "M" at 53-54.

25.     Defendant did not investigate or cause to be investigated whether Plaintiff, in fact, had knowledge of the Conrad Action at any time between April 2004 and mid-July 2004 when it received the Kelner Letter. Ex. "M" at 93-94.

26.     Defendant waited until September 20, 2004 to mail its letter denying coverage (the "Disclaimer Letter"). Ex. "N"; Richards Decl. ¶ 26.

27.     The Disclaimer Letter states in pertinent part:

> As referenced above here, notice was first received on April 20, 2004 by affidavit of service of the summons and verified complaint served on the Secretary of State. However, notice was first reported to WKF&C on August 18, 2004 in the form of a facsimile from North Shore, with a Notice of Occurrence/Claim. Therefore, [Plaintiff] was on notice of the claim well in advance of its notice of the claim to [Defendant].
>
> The nearly four (4) month delay in reporting this matter is clearly unreasonable and leads [Defendant] to deny coverage. Since coverage is denied based on your breach of the policy's requirements, a defense of any lawsuit filed will not be afforded to you, nor will [Defendant] indemnify [Plaintiff] for any losses that may be asserted with this claim.

28.     The Disclaimer Letter equates delivery of the Summons and Complaint in the Conrad Action to the Secretary of State with knowledge by Plaintiff of the Conrad Action. *Id.*

Dated: New York, New York
       March 30, 2007

                                        SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

                                        By: _____
                                                  Donald F. Schneider (DFS-9886)
                                        Attorneys for Plaintiff 105 Street Associates, LLC
                                        Office Address and P.O. Box:
                                        90 Broad Street, 6th Floor
                                        New York, New York 10004
                                        Tel.: (212) 265-2266
                                        Fax.: (212) 265-2442

STATE OF NEW YORK     )
                                            : ss.:
COUNTY OF NEW YORK  )

**GAYLE KAPLAN**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

On April 12, 2007, deponent served the within Notice of Motion, Plaintiff's Statement Pursuant to Civil Rule 56.1, Declaration of Donald Capoccia in Support, Declaration of Brad Richards in Support and Plaintiff's Memorandum of Law in Support of Motion For Summary Judgment upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, by causing a true copy of same to be delivered by Federal Express for next day delivery.

_____
GAYLE KAPLAN

Sworn to before me this
12th day of April, 2007

_____
Notary Public

DONALD F. SCHNEIDER
Notary Public, State of New York
No. 02SC6034524
Qualified in Westchester County
Commission Expires: Dec. 13, 2009