# LOCAL RULE 56.1 STATEMENT

2786068.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
105 STREET ASSOCIATES, LLC                    Index No.: 05-cv-9938 (VM)

                    Plaintiff,            **DEFENDANT GREENWICH**
                                           **INSURANCE COMPANY**
    -against-                                **LOCAL RULE 56.1**
                                           **STATEMENT**

GREENWICH INSURANCE COMPANY,

                    Defendant.
------------------------------------------------------------ X

Defendant GREENWICH INSURANCE COMPANY ("Greenwich"), by its attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, pursuant to Local Rule 56.1 state that there are no genuine issues to be tried as to the following material facts:

1. The declaratory judgment action by 105 St. Associates, LLC ("105 Street") seeks coverage for defense and indemnification of the underlying action, ("Primary Action") a personal injury lawsuit brought against *inter alia*, 105 Street, by Richard Conrad ("Conrad"). The Primary Action by Conrad arises from injuries allegedly sustained while Conrad was working for a sub-contractor, Jem Erectors, Inc. ("Jem Erectors") at the premises owned by 105 Street located at 235-237 East 105th Street, New York, New York (hereinafter referred to as the "Subject Premises") on July 2, 2002. (Fuerth Aff., Ex. "A").

2. The three defendants in the Primary Action are: 105 Street; BFC Construction Corp. ("BFC Construction"); and BFC Partners, L.P. ("BFC Partners"). BFC Construction was the general contractor for the Subject Premises and its principals were Brandon Baron, Peter Ferrara, and Donald Capoccia. Moreover, the "BFC" in both BFC Construction and BFC Partners stand

1

for the first letter of the last name of each principal, Baron, Ferrara and Capoccia. Moreover, the principals of 105 Street were Baron, Ferrara, and Capoccia as well. (B. Baron Dep., Fuerth Aff., Ex. "B").

3. Additionally, all three named defendants in the Primary Action are located at the same business address. As of March 26, 2007, according to the New York State Department of State, Division of Corporations, all three defendants in the Primary Action have the same designated agent and address for service of process: c/o Donald Capoccia, 2226 1st Avenue, New York, New York, 10029. (NYS DOS Info, Fuerth Aff. Ex "C").

4. At the time of the Conrad occurrence, 105 Street was insured by Greenwich under Commercial General Liability policy number WGG 5001058 (the "Policy") for the policy period of April 13, 2002 to April 15, 2003. The Certificate of Insurance for 105 Street stated the named insured as:

> **105 Street Associates**
> **c/o BFC Construction Corp.**
> **2226 1st Avenue**
> **New York, NY 10029**

(Policy, Fuerth Aff. Ex. "D"; Certificate, Fuerth Aff., Ex. "E").

5. As a condition precedent to coverage, the Policy requires 105 Street to provide Greenwich with notice of an "<u>occurrence,</u>" <u>which may result in a claim</u>, as soon as practicable. (Policy, Fuerth Aff. Ex. "D").

6. On August 6, 2002, Conrad J. Benedetto, counsel for Conrad in the Primary Action, wrote via certified mail to BFC Construction advising it of Conrad's recent filing of a worker's compensation claim in connection with an alleged accident. Specifically, Mr. Benedetto states in said letter that the Conrad claim arises from a July 2, 2002 accident at 105th Street between 2nd

2

2758753.1

and 3rd Avenue. The Subject Premises, owned by 105 Street is located at 105th Street between 2nd and 3rd Avenues. Additionally, Mr. Benedetto requested that BFC Construction forward the August 6, 2002 letter to its liability carrier. At that time, 105 Street failed to notify Greenwich of Conrad's alleged accident and subsequent worker's compensation claim. (August 6, 2002 letter, Fuerth Aff. Ex. "F").

7. On September 9, 2002, Mr. Benedetto again wrote via certified mail to BFC Construction with a "second request" that it forward the aforementioned letter to its liability carrier and informing it of the potential lawsuit. Again, notwithstanding the fact that 105 Street owned the Subject Premises cited in both the August 6, 2002 and September 9, 2002 letters as where the Conrad claim occurred, 105 Street failed to forward the claim to Greenwich pursuant to the Policy agreement (September 9, 2002, Fuerth Aff., Ex. "H"; Policy, Fuerth Aff., Ex. "D").

8. On April 20, 2004, Conrad served a summons and complaint naming 105 Street, BFC Construction, and BFC Partners as defendants, on the Secretary of State in connection with the July 2, 2002 accident. On the same day, the Secretary of State forwarded the Conrad summons and complaint via certified mail to 105 Street, BFC Construction, and BFC Partners. Furthermore, the Service of Process Unit, Division of Corporations, confirmed delivery and produced the signed return receipt by Estelle Rodriguez, the employee responsible for forwarding claims of the business entities residing at 2226 1st Avenue, New York, New York. However, despite the fact that 105 Street was a first-named defendant on the summons and complaint signed for by Estelle Rodriguez on April 26, 2004, 105 Street again failed to notify Greenwich of the Conrad lawsuit until August 18, 2004. (AOS, Fuerth Aff., Ex. I; Receipt, Fuerth Aff., Ex. "J"; March 28, 2007 letter, Fuerth Aff. Ex "K").

3

9. On July 8, 2004, counsel for Conrad wrote to Donald Capoccia, the registered agent for service of process and partner in all three of the named defendants in the Primary Action. The July 2004 letter notified BFC Construction that it was in default as it had not interposed an answer or appeared in connection with the Conrad action. Additionally, counsel enclosed a courtesy copy of the Summons and Complaint and again directed BFC Construction to forward all documents to its liability carrier. (July 8, 2004 letter, Fuerth Aff., Ex "L").

10. Nevertheless, according to Steven Potolsky, owner of North Shore Risk Management (hereinafter "North Shore"), the insurance broker for 105 Street, the July 8, 2004 letter was not forwarded to North Shore until July 19, 2004. At that time, Mr. Potolsky was inexplicably confused as to whether 105 Street was covered by insurance for the Primary Action, and thus failed to forward the claim to Greenwich for another month. In fact, Mr. Potolsky conceded that he did not immediately forward the July 8, 2004 letter to Greenwich because it was an "oversight" that was "corrected...a number of weeks later." (Potolsky Summary, Fuerth Aff., Ex. "M"; Potolsky Dep., pg. 77, lines 12-13, Fuerth Aff., Ex. "N").

11. Specifically, Mr. Potolsky was initially confused as to whether 105 Street had coverage for the Conrad claim and as such, failed to immediately notify Greenwich of the late claim. Two years prior, on or about September 18, 2002, Ms. Rodriguez had forwarded Mr. Potolsky the August 6, 2002 and September 9, 2002 letters from Mr. Benedetto informing BFC Construction of the Conrad worker's compensation claim. Among the papers forwarded by Ms. Rodriguez to Mr. Potolsky was a Certificate of Insurance for Jem Erectors, the subcontractor Conrad was employed by at the time of the alleged accident. Mr. Potolsky claims that the confusion concerning coverage stemmed from Jem Erector's Certificate of Insurance because it stated that the coverage provided was for a project on Madison Avenue, not for 105th Street, the

Subject Premises. Due to his confusion, Mr. Potolsky phoned Ms. Rodriguez to inquire as to the correct location of the Conrad accident. At that time, Mr. Potolsky claims that Ms. Rodriguez told him that she had no further information to give him other than what was already forwarded to North Shore. Despite being the broker for both 105 Street and BFC Construction, and the individual responsible for securing insurance coverage for the Subject Premises, Mr. Potolsky failed to forward the August 6, 2002 and September 9, 2002 letters to Greenwich in a timely fashion. (July 26, 2004 letter, Fuerth Aff., Ex. "O", Potolsky Dep., Fuerth Aff., Ex. "N"). ).

12. Two years later when Mr. Potolsky received the July 8, 2004 letter from 105 Street, he was again confused and sent the paperwork back to Ms. Rodriguez. Again, despite being the broker, Mr. Potolsky believed that 105 Street was not covered by insurance for the Conrad claim. Almost another month went by until Mr. Potolsky realized his ongoing mistake and forwarded the file on to Greenwich. (July 26, 2004 letter, Fuerth Aff., Ex. "O"; August 18, 2004 letter, Fuerth Aff., Ex. "P").

13. Greenwich was not notified of the accident until the late afternoon of August 18, 2004. Michael Barnaba, a claims analyst for XL Insurance, the claim administrator for Greenwich, handled the Conrad claim. After receiving the notice of claim from North Shore, on August 20, 2004, Mr. Barnaba requested from Ms. Weiner of North Shore, among other things, the summons and complaint in the Conrad action. August 20, 2004 was the first time that Greenwich was provided with the summons and complaint that was initially served on 105 Street four months prior on April 20, 2004. (Barnaba Aff. ¶ 3, Fuerth Aff. ¶ 16).

14. Specifically, on August 25, 2004, Mr. Barnaba faxed Estelle Rodriguez, an employee and contact for 105 Street, with requests for various documents necessary to properly investigate

5

2758753 1

the newly submitted Conrad claim. Among other things, Mr. Barnaba requested: copies of insurance certificates of 105 Street and BFC Construction; contracts between 105 Street and BFC Construction; contracts between 105 Street or BFC Construction and the subcontractor, Jem Erectors, Inc.; copies of corporate filings identifying the principals/members of 105 Street; advisement as to whether 105 Street had an "on-site representative" for the duration of the construction project; and copies of any and all incident/claim reports, daily project logs, etc. To date, a number of the aforementioned documents remain outstanding. Significantly, 105 Street failed to provide any copies of an incident/claim report, daily project log, or any documentation pertaining to the Conrad incident. (August 25, 2004 fax, Fuerth Aff., Ex. "R"; Barnaba Aff., Fuerth Aff.).

15. After receiving notice from North Shore, Greenwich immediately began investigating the Conrad claim and retained Wilson, Elser, Moskowitz, Edelman & Dicker, LLP (hereinafter "Wilson Elser") as coverage counsel to confirm that 105 Street had not notified Greenwich in a timely fashion of the Primary Action and/or the Conrad incident. While Wilson Elser was investigating the coverage issue, to the extent that 105 Street provided contracts with other entities involved in the construction project to Greenwich, Mr. Barnaba began tendering offers. As a result, at least one of the tenders was denied based on late reporting. (Barnaba Aff., Fuerth Aff.).

16. On September 10, 2004, Wilson Elser submitted a coverage opinion to Greenwich recommending a declination of coverage for the Conrad action as a result of late notice. Specifically, Wilson Elser emphasized that 105 Street was served with the summons and complaint on April 20, 2004, over four months prior to submitting the claim to Greenwich. (September 10, 2004 letter, Fuerth Aff., Ex. "S").

17. On September 15, 2004, Ed Walsh, Assistant Vice President and Claim Manager for XL Insurance, officially authorized Mr. Barnaba to disclaim coverage for the Conrad action to 105 Street due to late notice. On September 20, 2004 a denial letter based on Wilson Elser's opinion of late notice was served on 105 Street. (September 20, 2004 letter, Fuerth Aff. ¶ 42-43, Ex. "T").

Dated:   New York, New York
         April 13, 2007

                                    Respectfully Submitted,

                                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                              By:   _____
                                    GLENN J. FUERTH (GJF5848)
                                    (A Member of the Firm)
                                    Attorneys for Defendants
                                    GREENWICH INSURANCE COMPANY
                                    150 East 42nd Street
                                    New York, New York 10017-5639
                                    (212) 490-3000

TO:   Donald F. Schneider
      Attorney for Plaintiff
      90 Broad Street, 6th Floor
      New York, NY 10004
      212-265-2266

7

2758753.1