UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
105 STREET ASSOCIATES, LLC             Index No.: 05-cv-9938 (VM)

                       Plaintiff,         **DECLARATION OF GLENN J. FUERTH IN OPPOSITION TO PLAINTIFF, 105 STREET ASSOCIATES, LLC'S, MOTION FOR SUMMARY JUDGMENT**

        -against-

GREENWICH INSURANCE COMPANY,

                       Defendant.
----------------------------------------------------------------- X

      GLENN J. FUERTH, an attorney duly admitted to practice law before the Bar of this Court, aware of the penalties of perjury, affirms as follows:

      1.    I am a member of the firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys for the defendant, GREENWICH INSURANCE COMPANY ("Greenwich"), and as such, I am fully familiar with all of the prior pleadings and proceedings heretofore had herein as pertain to the instant action.

      2.    I submit this declaration in opposition to the instant motion for summary judgment on behalf of 105 STREET ASSOCIATES, LLC ("105 Street"), and request an order to be issued pursuant to FRCP Rule 56(c) denying 105 Street's motion in its entirety, together with such other and different relief as appropriate.

## FACTUAL BACKGROUND

3.  For the sake of brevity, the Court is respectfully referred to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007,[1] for a full recitation of the facts underlying this matter relevant to the instant motion.

## ARGUMENT

### I.  105 STREET FAILED TO COMPLY WITH THE NOTICE PROVISION OF THE POLICY ISSUED BY GREENWICH

4.  This Court should deny 105 Street's motion for summary judgment because 105 Street failed to give notice of the Conrad Action as soon as practicable, and Greenwich disclaimed coverage in a timely fashion.

5.  It is undisputed that 105 Street failed to provide timely notice to Greenwich concerning the Conrad Action. Pursuant to the Policy,[2] 105 Street was required to give notice of a claim or occurrence *"as soon as practicable"* to Greenwich. (Pol. Section IV, Fuerth Dec., Exhibit "D") Accordingly, the failure to provide timely notice violated the Policy; thereby vitiating Greenwich's duty to defend or indemnify 105 Street in the Conrad Action as it is beyond dispute that 105 Street was served[3] and duly accepted[4] the Conrad summons and complaint <u>four months</u> prior to notifying Greenwich of the matter.

---

[1] All references to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, will be made as (Fuerth Dec. ¶___).

[2] All references to the Policy will be made as (Pol. Section ___).

[3] All references to the Affidavit of Service by the Secretary of State, dated April 20, 2004, will be made as ("AOS"). A copy of the Affidavit of Service is annexed to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, as Exhibit "I."

[4] All references to the March 28, 2007 letter and annexed copy of the April 26, 2004 certified mail return receipt from Service of Process Unit, Division of Corporations, will be made as ("March 28, 2007 letter"). A copy of the March 28, 2007 letter is annexed to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, as Exhibit "K."

2787535.1

6. Estelle Rodriguez, the administrative clerk responsible for opening the mail and forwarding insurance-related documents to the broker for both BFC Construction and 105 Street,[5] (B. Baron Dep., p. 23, line 15; p. 24, line 19, Fuerth Dec., Exhibit "B") signed the certified mail return receipt from the Secretary of State for the April 20, 2004 Conrad summons and complaint. (March 28, 2007 letter, Fuerth Dec., Exhibit "K"). Accordingly, it is ill graced and disingenuous at best, for 105 Street to assert that it did not receive the Conrad summons and complaint in April 2004. (Capoccia Dec., ¶2;[6] Richards Dec., ¶12-14)[7] Additionally, service of process on a domestic corporation is deemed complete when the Secretary of State is so served, and thus 105 Street was served on April 20, 2004 as a matter of law. (March 29, 2007 letter, Fuerth Dec., Exhibit "K").

7. Likewise, there is no question that 105 Street failed to transmit the Conrad summons and complaint to Greenwich until August 20, 2004. Accordingly, Greenwich was well within its rights to disclaim coverage, as compliance with the notice provision of the policy is a condition precedent to defense and indemnification. In light of 105 Street's failure to comply with the notice provision of the policy, Greenwich properly and timely disclaimed coverage as a matter of law.

---

[5] All references to the December 7, 2006 deposition transcript of Brandon Baron will be made as ("B. Baron Dep. Pg._, Line_"). A copy of the December 7, 2006 B. Baron transcript is annexed to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, as Exhibit "B."
[6] All references to the Declaration of Donald Capoccia, dated March 23, 2007, on behalf of 105 Street, will be made as ("Capoccia Dec., ¶ __").
[7] All references to the Declaration of Brad Richards, dated March 22, 2007, on behalf of 105 Street, will be made as ("Richards Dec., ¶ __").

2787535.1

II. **GREENWICH TIMELY DISCLAIMED COVERAGE AND IS NOT OBLIGATED TO INDEMNIFY 105 STREET IN THE PRIMARY ACTION**

8.  Although the summons and complaint was dated April 20, 2004, but Greenwich was not notified until August 18, 2004 (Barnaba Aff. ¶3), it could not be confirmed from the content of the complaint which of the three named defendants had knowledge of the incident giving rise to the suit, nor if the defendants had been served. Thus, Greenwich was justified in conducting an investigation to gather accurate information concerning the issue of 105 Street's potential late notice.

9.  Two days later, on August 20, 2004, Michael Barnaba, a Greenwich claims analyst, emailed North Shore, the broker for 105 Street, requesting additional documentation concerning the Conrad claim, including a request for the summons and complaint which had not been provided to Greenwich. (Barnaba Aff. ¶3). Although North Shore immediately forwarded the summons and complaint, a number of documents demanded from 105 Street[8] remain outstanding to this day. (Barnaba Aff. ¶5).

10. Five days later, on August 25, 2004, Greenwich retained coverage counsel to confirm the untimeliness of 105 Street's notification to Greenwich of the Conrad claim. (Barnaba Aff. ¶4). Sixteen days later, on September 10, 2004, after a thorough analysis, Wilson Elser opined that coverage should be denied to 105 Street on the basis of late notice. (Barnaba Aff. ¶8). Five days thereafter, Ed Walsh, Assistant Vice President and Claim Manager for XL Insurance, authorized Mr. Barnaba to disclaim coverage. (Barnaba Aff. ¶9). A mere five days later, Greenwich properly and timely disclaimed coverage to 105 Street, only 30 days after

---

[8] All references to the August 25, 2004 fax from Michael Barnaba to Estelle Rodriguez will be made as ("August 25, 2004 fax"). A copy of the August 25, 2004 fax is annexed to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, as Exhibit "R."

4

2787535.1

receiving the summons and complaint in the Primary Action (Barnaba Aff. ¶10), and significantly, only 10 days after receiving the opinion from Wilson Elser confirming that coverage should be denied for late notice (Barnaba Aff. ¶8),

11.  It should be noted that the August 18, 2004 letter by Mr. Potolsky of North Shore (August 18, 2004 letter, Fuerth Dec., Exhibit "P"), the broker for 105 Street, clearly justifies Greenwich's decision to investigate the issue of late notice despite Mr. Barnaba's recognition of a potential coverage issue. (Barnaba Aff. ¶4). Apparently, Mr. Potolsky erroneously advised 105 Street concerning its coverage by letter dated July 26, 2004,[9] and did not rectify the error until he spoke with Greg Baron on August 16, 2004 (August 18, 2004 letter, Fuerth Dec., Exhibit "P", pg. 2, ¶1). Nonetheless, notification was not made for an additional two days, when North Shore sent written notice to Greenwich (Barnaba Aff. ¶3).

12.  In the case at hand, Greenwich did not have sufficient information from the materials provided in the notice of claim to disclaim coverage immediately. (Barnaba Aff. ¶7). This is established by Mr. Potolsky's August 18, 2004 letter, where he wrote, "[a]s a result of my conversation with Greg Baron on August 16, 2004, we have put the Insurance Carrier for 105 Street Associates, LLC (Greenwich Insurance Company) on notice of this incident. **The only documentation we have been able to provide them with has been the contents of our file that makes no reference to 105 Street Associates, LLC.**" (August 18, 2004 letter, Fuerth Dec., Exhibit "P", pg. 2, ¶3) (*emphasis added*). Greenwich was therefore justified in conducting its investigation into the potential violation of the notice provision of the Policy by 105 Street. Accordingly, on or about September 10, 2004, when Greenwich received confirmation from Wilson Elser supporting the declination of coverage, this was the date upon which the time for

---

[9] All references to the July 26, 2004 letter from Steven Potolsky to Estelle Rodriguez, will be made as ("July 24, 2004 letter"). A copy of the July 26, 2004 letter is annexed to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, as Exhibit "O."

Greenwich to disclaim coverage began to accrue (Barnaba Aff. ¶8), and 10 days thereafter coverage was denied.[10]

13.  Therefore, Greenwich's disclaimer on September 20, 2004 is both proper and timely as it was made only 10 days after Greenwich became aware of information substantiating the grounds for disclaiming coverage.

### III. GREENWICH'S AFFIRMATIVE DEFENSES HAVE MERIT AND HAVE BEEN APPROPRIATELY PLED

14.  Each affirmative defense pled by Greenwich in its Answer[11] is proper and tailored to the facts of the Complaint. (Complt., Fuerth Dec., Exhibit "U"). 105 Street offers no basis for its argument that only one affirmative defense is proper and the rest "are sham (sic)."[12] (Schneider Memo of Law, pg. 13). Moreover, the issue before the Court is the propriety of Greenwich's denial for late notice. The remaining affirmative defenses are reserved for trial, should one be required, and the evidence to substantiate them will be produced at that time. Accordingly, this Court should ignore 105 Street's baseless argument.

WHEREFORE, it is respectfully requested that the Court issue an order, pursuant to FRCP Rule 56(c) denying the relief requested by 105 Street in its entirety together with such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       April 27, 2007

Yours, etc.,

---

[10] All references to the September 20, 2004 denial letter from Wilson Elser on behalf of Greenwich on behalf of 105 Street, will be made as ("September 20, 2004 letter"). A copy of the September 20, 2004 letter is annexed to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, as Exhibit "T."

[11] All references to the Answer will be made as ("Answer"). A copy of the Answer is annexed to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, as Exhibit "W."

[12] All references to the Memorandum of Law in Support of 105 Street's motion for summary judgment, by Donald Schneider, will be made as ("Schneider Memo of Law, pg., _").

6

2787535.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Glenn J. Fuerth (GJF5848)
Attorneys for Defendant
GREENWICH INSURANCE COMPANY
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

TO:   Donald F. Schneider
      Attorney for Plaintiff
      90 Broad Street, 6th Floor
      New York, NY 10004
      212-265-2266

7

2787535.1