UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
105 STREET ASSOCIATES, LLC                    Index No.: 05-cv-9938 (VM)

                Plaintiff,

       -against-

GREENWICH INSURANCE COMPANY,

              Defendant.
------------------------------------------------------------------ X


**MEMORANDUM OF LAW OF DEFENDANT GREENWICH INSURANCE COMPANY IN OPPOSITION TO PLAINTIFF 105 STREET ASSOCIATES, LLC'S, MOTION FOR SUMMARY JUDGMENT**


Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, New York 10017


Of Counsel:   Glenn J. Fuerth

2787298.1

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .................................................................................................. 1

**FACTUAL BACKGROUND** ..................................................................................................... 1

**ARGUMENT** .............................................................................................................................. 1

    I.   105 STREET FAILED TO COMPLY WITH THE NOTICE PROVISION OF THE POLICY ISSUED BY GREENWICH. ................................................................................. 1

    II.  GREENWICH TIMELY DISCLAIMED COVERAGE AND IS NOT OBLIGATED TO INDEMNIFY 105 STREET IN THE PRIMARY ACTION ...................................................... 4

**CONCLUSION** ........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*2540 Associates, Inc. v. Assicurazioni Generali, S.P.A.,*, 271 A.D.2d 282, 283 (1st Dep't 2000) .......................................................................................................... 5, 6

*26 Warren Corp. v. Aetna Casualty and Surety Company*, 253 A.D.2d 375 (1st Dept. 1998) ............................................................................................................ 3

*Allcity Ins. Co. v. Jimenez*, 78 N.Y.2d 1054, 1056, 581 N.E.2d 1342, 576 N.Y.S.2d 87 (1991) ................................................................................................ 2, 5, 6

*DiGuglielmo v. Travelers Prop. Cas.*, 6 A.D.3d 344, 346 (1st Dep't 2004) ................................... 5

*Firemen's Fund Ins. Co. of Newark v. Hopkins*, 88 N.Y.2d 836-837, 644 N.Y.S.2d 481, 482 (1996) ................................................................................................................... 8

*Hartford Ins. Co. v. County of Nassau*, 46 N.Y.2d 1028, 416 N.Y.S.2d 539, 389 N.E.2d 1061 (1979) ......................................................................................................... 5

*Kreger Truck Renting Co. v. American Guarantee & Liability Ins. Co.*, 213 A.D.2d 453, 623 N.Y.S.2d 623 (2nd Dept. 1995) ................................................................. 1

*Mighty Midgets Inc., v. Centennial Ins. Co.*, 47 N.Y.2d 12, 17 416 N.Y.S.2d 559 (1979) ................................................................................................... 3, 4

*Mount Vernon Fire Ins. Co. v. Harris*, 193 F. Supp. 2d 674, 680 (E.D.N.Y. 2002) ............................................................................................................................ 5

*Norfolk & Dedham Mut. Fire Ins. Co. v. Petrizzi*, 121 A.D.2d 276, 278, 503 N.Y.S.2d 51, app. denied 68 N.Y.2d 611, 502 N.E.2d 1007, 510 N.Y.S.2d 1025 (1986) ................................................................................................................................. 5

*Paramount Ins. Co. v. Rosedale Gardens, Inc.*, 293 A.D.2d 235, 743 N.Y.S.2d 59 (1st Dept. 2002) ......................................................................................................................... 2

*Pub. Serv. Mut. Ins. Co. v. Harlen House Assocs.*, 7 A.D.3d 421, 422, 423, (1st Dep't 2004) ................................................................................................... 4, 5, 6, 8, 10

*Public Service Mutual Ins. Co. v. Hollander*, 228 A.D.2d 283, 644 N.Y.S.2d 214 (1st Dep't 1996) ................................................................................. 2

*Security Mut. Inc. Co. of N.Y. v. Acker-Fitzsimons Corp.*, 31 N.Y.2d 436, 440-443, 340 N.Y.S.2d 902 (1972) ................................................................................ 9, 10

*SSBSS Realty Corp. v. Public Service Mutual Ins. Co.*, 253 A.D.2d 583,
677 N.Y.S.2d 136 (1st Dept. 1998) .................................................................................. 1

*Travelers Ins. Co. v. Volmar Construction Co.*, 2002 WL 31723191
(1st Dept. 2002) ................................................................................................................ 2

*West 16th St. Tenants Corp. v. Pub. Serv. Mut. Ins. Co.*, 290 A.D.2d 278,
736 N.Y.S.2d 34 (1st Dept. 2002) .................................................................................... 9

*White v. City of New York,* 81 N.Y.2d 955, 598 N.Y.S.2d 759,
615 N.E.2d 216 (1993) ............................................................................................... 1, 2

*Wilczak v. Ruda & Capozzi, Inc.*, 203 A.D.2d 944, 611 N.Y.S.2d 73, 74
(4th Dep't 1994) ................................................................................................................ 5

## STATUTES

*McKinney's Business Law §306(b)(1)* ................................................................................ 3

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Greenwich, in opposition to the instant motion for summary judgment on behalf of 105 STREET ASSOCIATES, LLC ("105 Street"), and requests an order to be served pursuant to FRCP Rule 56(c) denying 105 Street's motion in its entirety, to go together with such other and different relief as appropriate.

## FACTUAL BACKGROUND

For the sake of brevity, the Court is respectfully referred to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007,[1] for a full recitation of the facts underlying this matter relevant to the instant motions.

## ARGUMENT

### I. 105 STREET FAILED TO COMPLY WITH THE NOTICE PROVISION OF THE POLICY ISSUED BY GREENWICH

This Court should deny 105 Street's motion for summary judgment because 105 Street failed to give notice of the Conrad Action as soon as practicable, and Greenwich disclaimed coverage in a timely fashion.

It is well settled that compliance with the terms of an insurance contract is a condition precedent to coverage. *White v. City of New York,* 81 N.Y.2d 955, 598 N.Y.S.2d 759, 615 N.E.2d 216 (1993); *SSBSS Realty Corp. v. Public Service Mutual Ins. Co.,* 253 A.D.2d 583, 677 N.Y.S.2d 136 (1st Dept. 1998) (three-month delay in notifying insurer of trip and fall unreasonable as a matter of law); *Kreger Truck Renting Co. v. American Guarantee & Liability Ins. Co.,* 213 A.D.2d 453, 623 N.Y.S.2d 623 (2nd Dept. 1995).

---

[1] All references to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, will be made as (Fuerth Dec. ¶___).

The requirement that notice be given "as soon as practicable" is a standard provision in liability policies that has been interpreted to require notice within a reasonable time under the circumstances. *Travelers Ins. Co. v. Volmar Construction Co.*, 2002 WL 31723191 (1st Dept. 2002). Absent a showing of legal justification, the failure to comply with the notice condition vitiates coverage. *Allcity Ins. Co. v. Jimenez*, 78 N.Y.2d 1054, 576 N.Y.S.2d 87, 581 N.E.2d 1342 (1991). An insurer need not show prejudice to sustain a coverage disclaimer. *Paramount Ins. Co. v. Rosedale Gardens, Inc.*, 293 A.D.2d 235, 743 N.Y.S.2d 59 (1st Dept. 2002). Instead, the burden is on the insured to demonstrate reasonableness for the delay. *Public Service Mutual Ins. Co. v. Hollander*, 228 A.D.2d 283, 644 N.Y.S.2d 214 (1st Dept. 1996). As such, an insurance carrier may disclaim coverage under an insurance contract where an insured fails to provide notice of a potential claim as soon as practicable. *White v. City of New York*, 81 N.Y.2d 955, 598 N.Y.S.2d 759, 615 N.E.2d 216 (1993).

It is undisputed that 105 Street failed to provide timely notice to Greenwich concerning the Conrad Action. Pursuant to the Policy,[2] 105 Street was required to give notice of a claim or occurrence "*as soon as practicable*" to Greenwich. (Pol. Section IV, Fuerth Dec., Exhibit "D") Accordingly, the failure to provide timely notice violated the Policy; thereby vitiating Greenwich's duty to defend or indemnify 105 Street in the Conrad Action as it is beyond dispute that 105 Street was served[3] and duly accepted[4] the Conrad summons and complaint <u>four months</u> prior to notifying Greenwich of the matter. (Pol. Section IV, Fuerth Dec., Exhibit "D").

---

[2] All references to the Policy will be made as (Pol. Section __).
[3] All references to the Affidavit of Service by the Secretary of State, dated April 20, 2004, will be made as ("AOS"). A copy of the Affidavit of Service is annexed to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, as Exhibit "I."
[4] All references to the March 28, 2007 letter and annexed copy of the April 26, 2004 certified mail return receipt from Service of Process Unit, Division of Corporations, will be made as ("March 28, 2007 letter"). A copy

2

Estelle Rodriguez, the administrative clerk responsible for opening the mail and forwarding insurance-related documents to the broker for both BFC Construction and 105 Street, (B. Baron Dep., p. 23, line 15; p. 24, line 19, Fuerth Dec., Exhibit "B"),[5] signed the certified mail return receipt from the Secretary of State for the April 20, 2004 Conrad summons and complaint. (March 28, 2007 letter, Fuerth Dec., Exhibit "K"). Accordingly, it is ill graced and disingenuous at best, for 105 Street to assert that it did not receive the Conrad summons and complaint in April 2004. (Capoccia Dec., ¶2;[6] Richards Dec., ¶12-14)[7] Additionally, service of process on a domestic corporation is deemed complete when the Secretary of State is so served, and thus 105 Street was served on April 20, 2004 as a matter of law.[8] *McKinney's Business Law §306(b)(1), 26 Warren Corp. v. Aetna Casualty and Surety Company*, 253 A.D.2d 375 (1st Dept. 1998).

Likewise, there is no question that 105 Street failed to transmit the Conrad summons and complaint to Greenwich until August 20, 2004. Accordingly, Greenwich was well within its rights to disclaim coverage, as compliance with the notice provision of the policy is a condition precedent to defense and indemnification.

Moreover, 105 Street incorrectly relies on *Mighty Midgets Inc., v. Centennial Ins. Co.*, 47 N.Y.2d 12, 416 N.Y.S.2d 559 (1979); (Schneider Memo of Law, pgs. 3, 5, 6),[9] to justify its delay

---

of the March 28, 2007 letter is annexed to the Declaration in Support of Glenn J Fuerth, dated April 13, 2007, as Exhibit "K."

[5] All references to the December 7, 2006 deposition transcript of Brandon Baron will be made as ("B. Baron Dep. Pg._, Line_"). A copy of the December 7, 2006 B. Baron transcript is annexed to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, as Exhibit "B."

[6] All references to the Declaration of Donald Capoccia dated on March 23, 2007, will be made as ("Capoccia Dec., ¶__").

[7] All references to the Declaration of Brad Richards in Support of 105 Street's Motion for Summary Judgment, dated March 22, 2007, will be made as ("Richards Dec., ¶__").

[8] All references to the Affidavit of Service by the Secretary of State, dated April 20, 2004, will be made as ("AOS"). A copy of the Affidavit of Service is annexed to the Declaration in Support of Glenn J Fuerth, dated April 13, 2007, as Exhibit "I."

[9] All references to the Memorandum of Law in Support of 105 Street's motion for summary judgment, by Donald Schneider, will be made as ("Schneider Memo of Law, pg., _").

in notifying Greenwich of the Conrad Action. Notwithstanding the erroneous statement that 105 Street was not aware of the Conrad Action until July 2004, *Mighty Midgets* is distinguishable from the case at hand. In *Mighty Midgets*, although the insured failed to notify its insurer in writing of an occurrence of an accident for approximately seven and a half months, it *did* orally notify the party designated by the liability policy as agent of the accident soon after the occurrence, and thus the delay in written notification was reasonable. *Id.* at 17. Here, 105 Street did not notify Greenwich, or a designated agent of Greenwich, via written _or_ oral communications for four months after receiving the Conrad summons and complaint, which is late notice.

Additionally, it is irrelevant to the issue of late notice that North Shore, the broker for 105 Street, mistakenly believed that there 105 Street was not insured for the Conrad Action, and thus failed to notify Greenwich for 30 days. (Schneider Memo of Law, pg. 7). It is undisputed that 105 Street received the summons and complaint in April 2004 (March 28, 2007 letter, Fuerth Dec., Exhibit "K"), and therefore the argument that the errors of North Shore excuses 105 Street from giving timely notice is meritless.

In light of 105 Street's failure to comply with the notice provision of the policy, Greenwich properly and timely disclaimed coverage as a matter of law.

## II. GREENWICH TIMELY DISCLAIMED COVERAGE AND IS NOT OBLIGATED TO INDEMNIFY 105 STREET IN THE PRIMARY ACTION

Under New York law, an insurer is not obligated to rely upon allegations in a complaint to determine coverage, but rather insurers are urged to conduct investigations into coverage to avoid piecemeal disclaimers. See *Pub. Serv. Mut. Ins. Co. v. Harlen House Assocs.*, 7 A.D.3d

4

421, 423 (1st Dep't 2004) citing *Norfolk & Dedham Mut. Fire Ins. Co. v. Petrizzi*, 121 A.D.2d 276, 278, 503 N.Y.S.2d 51, denied 68 N.Y.2d 611, 502 N.E.2d 1007, 510 N.Y.S.2d 1025 (1986) (holding that it is reasonable for an insurer to investigate before deciding to disclaim coverage. This allows the disclaimer to be based on 'concrete evidence' and avoids 'piecemeal disclaimers'); see also *2540 Associates, Inc. v. Assicurazioni Generali, S.P.A.*, 271 A.D.2d 282 (1st Dep't 2000) (holding that investigation into claims is preferred to piecemeal disclaimers); see also *Mount Vernon Fire Ins. Co. v. Harris*, 193 F. Supp. 2d 674, 680 (E.D.N.Y. 2002) (holding that "forcing an insurer to issue 'piecemeal denials of coverage would frustrate [the insurer's] right to investigate claims'"); see also *DiGuglielmo v. Travelers Prop. Cas.*, 6 A.D.3d 344, 346 (1st Dep't 2004) citing *2540 Associates, Inc. v. Assicurazioni Generali, S.P.A.,*, 271 A.D.2d 282 (1st Dep't 2000) (holding that "an insurer is not required to disclaim on timeliness grounds before conducting a prompt, reasonable investigation into other possible grounds for disclaimer; in fact, a 'reasonable investigation is preferable to piecemeal disclaimers'" especially after reporting the incident to the insurer seven months after its occurrence); see also *Wilczak v. Ruda & Capozzi, Inc.*, 203 A.D.2d 944, 611 N.Y.S.2d 73, 74 (4th Dep't 1994).

Greenwich was well within its rights, and in fact encouraged by New York law, to conduct its investigation into 105 Street's claim. *2540 Associates, Inc. v. Assicurazioni Generali, S.P.A.*, 271 A.D.2d 282, 283 (1st Dep't 2000), citing *First Financial Insurance Co.*, 1 N.Y.3d 64, 69 (N.Y. 2003) citing *Allcity Ins. Co. v. Jimenez,* 78 N.Y.2d 1054, 1056, 581 N.E.2d 1342, 576 N.Y.S.2d 87 (1991) citing *Hartford Ins. Co. v. County of Nassau*, 46 N.Y.2d 1028, 416 N.Y.S.2d 539, 389 N.E.2d 1061 (1979). Although the summons and complaint was dated April 20, 2004, but Greenwich was not notified until August 18, 2004. (Barnaba Aff. ¶3), it could not be confirmed from the content of the complaint which of the three named defendants

5

2787298.1

had knowledge of the incident giving rise to the suit, nor if the defendants had been served. Thus, Greenwich was justified in conducting an investigation to gather accurate information concerning the issue of 105 Street's potential late notice. *2540 Associates, Inc. v. Assicurazioni Generali, S.P.A.*, 271 A.D.2d 282, 283 (1st Dep't 2000); *Pub. Serv. Mut. Ins. Co. v. Harlen House Assocs.*, 7 A.D.3d 421 (1st Dep't 2004).

Two days later, on August 20, 2004, Michael Barnaba, a Greenwich claims analyst, emailed North Shore, the broker for 105 Street, requesting additional documentation concerning the Conrad claim, including a request for the summons and complaint which had not been provided to Greenwich. (Barnaba Aff. ¶3). Although North Shore immediately forwarded the summons and complaint, a number of documents demanded from 105 Street[10] remain outstanding to this day. (Barnaba Aff. ¶5).

Five days later, on August 25, 2004, Greenwich retained coverage counsel to confirm the untimeliness of 105 Street's notification to Greenwich of the Conrad claim. (Barnaba Aff. ¶4). Sixteen days later, on September 10, 2004, after a thorough analysis, Wilson Elser opined that coverage should be denied to 105 Street on the basis of late notice. (Barnaba Aff. ¶8). Five days thereafter, Ed Walsh, Assistant Vice President and Claim Manager for XL Insurance, authorized Mr. Barnaba to disclaim coverage. (Barnaba Aff. ¶9). A mere five days later, Greenwich properly and timely disclaimed coverage to 105 Street, only 30 days after receiving the summons and complaint in the Primary Action, (Barnaba Aff. ¶10), and significantly, only 10 days after receiving the opinion from Wilson Elser confirming that coverage should be denied for late notice (Barnaba Aff. ¶8).

---

[10] All references to the August 25, 2004 fax from Michael Barnaba to Estelle Rodriguez will be made as ("August 25, 2004 fax"). A copy of the August 25, 2004 fax is annexed to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, as Exhibit "R."

6

2787298.1

It should be noted that the August 18, 2004 letter by Mr. Potolsky of North Shore (August 18, 2004 letter, Fuerth Dec., Exhibit "P"), the broker for 105 Street, clearly justifies Greenwich's decision to investigate the issue of late notice despite Mr. Barnaba's recognition of a potential coverage issue. (Barnaba Aff. ¶4). Apparently, Mr. Potolsky erroneously advised 105 Street concerning its coverage by letter dated July 26, 2004,[11] and did not rectify the error until he spoke with Greg Baron on August 16, 2004 (August 18, 2004 letter, Fuerth Dec., Exhibit "P", pg. 2, ¶1). Nonetheless, notification was not made for an additional two days, when North Shore sent written notice to Greenwich (Barnaba Aff. ¶3).

In the case at hand, Greenwich did not have sufficient information in the materials provided in the notice of claim to disclaim coverage immediately. (Barnaba Aff., ¶7). This is established by Mr. Potolsky's August 18, 2004 letter, where he wrote, "[a]s a result of my conversation with Greg Baron on August 16, 2004, we have put the Insurance Carrier for 105 Street Associates, LLC (Greenwich Insurance Company) on notice of this incident. **The only documentation we have been able to provide them with has been the contents of our file that makes no reference to 105 Street Associates, LLC.**" (August 18, 2004 letter, Fuerth Dec., Exhibit "P", pg. 2, ¶3) (*emphasis added*). Greenwich was therefore justified in conducting its investigation into the potential violation of the notice provision of the Policy by 105 Street. Accordingly, on or about September 10, 2004, when Greenwich received confirmation from Wilson Elser supporting the declination of coverage, this was the date upon which the time for

---

[11] All references to the July 26, 2004 letter from Steven Potolsky to Estelle Rodriguez, will be made as ("July 24, 2004 letter"). A copy of the July 26, 2004 letter is annexed to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, as Exhibit "O."

7

2787298.1

Greenwich to disclaim coverage began to accrue (Barnaba Aff. ¶8), and 10 days thereafter coverage was denied.[12]

Although 105 Street argues that "an insurer is presumed to be aware of the untimeliness of notice as a ground for disclaimer liability upon first receiving such notice," there is no such holding in New York. (Schneider Memo of Law, pg. 10; citing, *Firemen's Fund Ins. Co. of Newark v. Hopkins,* 88 N.Y.2d 836, 644 N.Y.S.2d 481, 482 (1996). It should be noted that the conclusory language cited by 105 Street fails to provide a factual nexus between the cases cited and the facts at hand, thus rendering 105 Street's purported judicial support irrelevant.

Exemplifying the chasm between the facts of this action and 105 Street's purported judicial support is the decision in *Firemen's Fund* where the insurer never actually disclaimed coverage, but instead communicated that it <u>intended</u> to disclaim almost a year after first learning of the accident in question that had occurred three years prior. *Id.* at 837. Thus, the Court held that the eight-month disclaimer was unreasonable since the insurer should have been aware of the late notice from the initial notification. *Id.* at 838. This is clearly distinguishable from Greenwich's conduct as it timely denied coverage for late notice.

Further distinguishing the case at bar is that in *Fireman's Fund,* the insured was the actual injured party, and thus there was no issue as to whether he had known about the accident prior to notifying his insurer. *Id.* at 837. Here, Greenwich was entitled to investigate the claim due to, among other reasons, the injured party was an employee of a subcontractor performing work on 105 Street's premises, and Greenwich did not have the necessary documents to make the determination whether 105 Street had prior notice at the initial review of the notice of claim. (Barnaba Aff. ¶3).

---

[12] All references to the September 20, 2004 denial letter from Wilson Elser on behalf of Greenwich on behalf of 105 Street, will be made as ("September 20, 2004 letter"). A copy of the September 20, 2004 letter is annexed to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, as Exhibit "T."

8

2787298.1

Moreover, 105 Street justifies the 30-day delay between notifying North Shore and notifying Greenwich by stating that since the alleged Conrad accident occurred "two years previously and that the Conrad Action had already started, the insurance broker's delay...was not unreasonable." (Schneider Memo Law, pg. 6). If 105 Street contends that the 30 days it took for Mr. Potolsky, its broker, to notify Greenwich of the Conrad action was reasonable as it was due to confusion surrounding the facts of the case and whether 105 Street was insured for the events in question, then surely the 30 days Greenwich took to investigate and disclaim coverage from the receipt of the Conrad summons and complaint was reasonable as well.

Additionally, it should be noted that four of the five cases cited by 105 Street that held that an insurer failed to timely disclaim are for periods of time longer than Greenwich took to disclaim. (Schneider Memo of Law, pg. 11). The fifth case, *West 16th St. Tenants Corp. v. Pub. Serv. Mut. Ins. Co.*, 290 A.D.2d 278, 736 N.Y.S.2d 34 (1st Dept. 2002) (30 day delay in disclaiming is unreasonable where insurer disclaimed based upon late notice), is distinguishable from the facts at hand because although Greenwich recognized a *potential* late notice issue once it received the Conrad summons and complaint, it is undisputable that the circumstances of when 105 Street first became aware of the Conrad action continues to be debated to date. Thus, unlike the facts in *West 16th St.*, the basis for disclaiming coverage to 105 Street was not readily apparent at the outset of notification by 105 Street, the investigation was necessary, and Greenwich subsequently disclaimed in a timely fashion.

Further, 105 Street may not argue that its delay in notifying Greenwich of the Conrad Action was excusable because Greenwich was not prejudiced. (Schneider Memo of Law, pg. 6). It is well-settled in New York that an insured is not required to show prejudice when disclaiming notice based on late notice. *Security Mut. Inc. Co. of N.Y. v. Acker-Fitzsimons Corp.*, 31 N.Y.2d

9

2787298.1

436, 440-443, 340 N.Y.S.2d 902 (1972). Accordingly, Greenwich may disclaim coverage to 105 Street without showing that it was prejudiced by the late notice.

In the case at hand, Greenwich did not have sufficient information from the materials provided in the notice of claim to disclaim coverage. (Barnaba Aff. ¶7). Greenwich was therefore justified in conducting its investigation into the potential violation of the notice provision of the Policy by 105 Street. Accordingly, on or about September 10, 2004, when Greenwich received confirmation from Wilson Elser supporting the declination of coverage, this was the date upon which the time for Greenwich to disclaim coverage began to accrue (Barnaba Aff. ¶8, Fuerth Dec.); *Pub. Serv. Mut. Ins. Co. v. Harlen House Assocs.*, 7 A.D.3d 421 (1st Dep't 2004).

Therefore, Greenwich's disclaimer on September 20, 2004 is both proper and timely as it was made only 10 days after Greenwich became aware of information substantiating the grounds for disclaiming coverage.

## CONCLUSION

Based on the foregoing, it is respectfully requested that the Court enter an Order pursuant to FRCP Rule 56(c), denying summary judgment to Plaintiff, 105 Street Associates, LLC.

Dated: New York, New York
April 27, 2007

Yours, etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Glenn J. Fuerth (GJF5848)
Attorneys for Defendant

10

2787298.1

               GREENWICH INSURANCE COMPANY
               150 East 42nd Street
               New York, New York 10017-5639
               (212) 490-3000

TO: Donald F. Schneider
   Attorney for Plaintiff
   90 Broad Street, 6th Floor
   New York, NY 10004
   212-265-2266

11

2787298.1