UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
105 STREET ASSOCIATES, LLC           Index No.: 05-cv-9938 (VM)

           Plaintiff,           **DEFENDANT GREENWICH INSURANCE COMPANY LOCAL RULE 56.1 STATEMENT OF CONTESTED FACTS**

          -against-

GREENWICH INSURANCE COMPANY,

           Defendant.
------------------------------------------------------------------ X

Defendant GREENWICH INSURANCE COMPANY ("Greenwich"), by its attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, pursuant to Local Rule 56.1(b) states that there are genuine issues to be tried as to the following material facts set forth in Plaintiff, 105 Street Associates LLC's ("105 Street") Local Rule 56.1 (a) Statement[1]:

1. **(105 Street Statement ¶ 4)** 105 Street's agent for service of process, Donald Capoccia, received the Summons and Complaint on April 20, 2004. (Fuerth Dec.[2] B. Baron Dep. Pg. 12, line 17, Pg. 23, line 15, Pg. 24, line 19, Ex. B, Ex. C, Ex. E, Ex. F, Ex. H, Ex. I, Ex. J, and Ex. K, Ex. P, G. Baron Dep. Pg. 17, line 17, Ex. Y, Richards Dep. Pg. 48, line 19, Ex. Z, *McKinney's Business Law §306 (b)(1)*.)

2. **(105 Street Statement ¶ 6)** 105 Street did not duly perform all the terms and conditions of the Policy on its part to be performed as it did not provide timely notice of the Conrad incident and/or receipt of the Conrad Summons and Complaint. (Fuerth Dec. B. Baron Dep. Pg. 12, line 17, Pg. 23, line 15, Pg. 24, line 19, Ex. B, Ex. C, Ex. E, Ex. F, Ex. H, Ex. I, Ex.

---

[1] All references to Plaintiff, 105 Street Associates LLC's Local Rule 56.1(a) Statement will be made as (105 Street Statement ¶__.) Although there are issues of fact concerning 105 Street's Statement, there are no factual issues barring the granting of summary judgment to Greenwich.

[2] All references to the Declaration in Support of Glenn J. Fuerth dated April 13, 2007, will be made as (Fuerth Dec. ¶__)

1

J, and Ex. K, Ex. P, G. Baron Dep. Pg. 17, line 17, Ex. Y, Richards Dep. Pg. 48, line 19, Ex. Z, *McKinney's Business Law §306 (b)(1)*.)

3. **(105 Street Statement ¶ 9)** The Conrad Action is not within the scope of coverage under the Policy due to late notice of the Conrad incident and/or Conrad Summons and Complaint. (Fuerth Dec. B. Baron Dep. Pg. 12, line 17, Pg. 23, line 15, Pg. 24, line 19, Ex. B, Ex. C, Ex. E, Ex. F, Ex. H, Ex. I, Ex. J, and Ex. K, Ex. P, G. Baron Dep. Pg. 17, line 17, Ex. Y, Richards Dep. Pg. 48, line 19, Ex. Z, *McKinney's Business Law §306 (b)(1)*.)

4. **(105 Street Statement ¶ 10)** 105 Street was aware of the Conrad incident by April 20, 2004 at the latest when it was served with the Conrad Summons and Complaint and as early as on or about August 6, 2002, and September 9, 2002, when Donald Capoccia, a principal of 105 Street and BFC Construction, received a letter from Conrad J. Benedetto, counsel for Conrad, advising of the potential for suit. (Fuerth Dec. B. Baron Dep. Pg. 12, line 17, Pg. 23, line 15, Pg. 24, line 19, Ex. B, Ex. C, Ex. E, Ex. F, Ex. H, Ex. I, Ex. J, and Ex. K, Ex. P, G. Baron Dep. Pg. 17, line 17, Ex. Y, Richards Dep. Pg. 48, line 19, Ex. Z, *McKinney's Business Law §306 (b)(1)*.)

5. **(105 Street Statement ¶ 11)** 105 Street was aware of the Conrad lawsuit by April 20, 2004, the date that it received service of the Conrad Summons and Complaint, directed to Donald Capoccia, its agent for service of process. (Fuerth Dec. B. Baron Dep. Pg. 12, line 17, Pg. 23, line 15, Pg. 24, line 19, Ex. B, Ex. C, Ex. E, Ex. F, Ex. H, Ex. I, Ex. J, and Ex. K, Ex. P, G. Baron Dep. Pg. 17, line 17, Ex. Y, Richards Dep. Pg. 48, line 19, Ex. Z, *McKinney's Business Law §306 (b)(1)*.)

2789152.1

6. **(105 Street Statement ¶ 12)** The Kelner letter was not the first occasion on which 105 Street learned that Conrad had been injured at the property or of the Conrad Action as 105 Street was aware of the Conrad incident by April 20, 2004 at the latest when it was served with the Conrad Summons and Complaint and as early as on or about August 6, 2002, and September 9, 2002, when Donald Capoccia, a principal of 105 Street and BFC Construction, received a letter from Conrad J. Benedetto, counsel for Conrad, advising of the potential for suit. (Fuerth Dec. B. Baron Dep. Pg. 12, line 17, Pg. 23, line 15, Pg. 24, line 19, Ex. B, Ex. C, Ex. E, Ex. F, Ex. H, Ex. I, Ex. J, and Ex. K, Ex. P, G. Baron Dep. Pg. 17, line 17, Ex. Y, Richards Dep. Pg. 48, line 19, Ex. Z, *McKinney's Business Law §306 (b)(1).*)

7. **(105 Street Statement ¶ 13)** 105 Street did not promptly cause the Kelner letter to be mailed to its insurance broker on or about July 15, 2004, as 105 Street was aware of the Conrad incident by April 20, 2004 at the latest when it was served with the Conrad Summons and Complaint and as early as on or about August 6, 2002, and September 9, 2002, when Donald Capoccia, a principal of 105 Street and BFC Construction, received a letter from Conrad J. Benedetto, counsel for Conrad, advising of the potential for suit. (Fuerth Dec. B. Baron Dep. Pg. 12, line 17, Pg. 23, line 15, Pg. 24, line 19, Ex. B, Ex. C, Ex. E, Ex. F, Ex. H, Ex. I, Ex. J, and Ex. K, Ex. P, G. Baron Dep. Pg. 17, line 17, Ex. Y, Richards Dep. Pg. 48, line 19, Ex. Z, *McKinney's Business Law §306 (b)(1).*)

8. **(105 Street Statement ¶ 22)** 105 Street did not act reasonably by obtaining an extension of time to respond to the Conrad Summons and Complaint as it failed to provide Greenwich with timely notice of the Conrad incident and/or action. (Fuerth Dec. B. Baron Dep. Pg. 12, line 17, Pg. 23, line 15, Pg. 24, line 19, Ex. B, Ex. C, Ex. E, Ex. F, Ex. H, Ex. I, Ex. J,

2789152.1

and Ex. K, Ex. P, G. Baron Dep. Pg. 17, line 17, Ex. Y, Richards Dep. Pg. 48, line 19, Ex. Z, *McKinney's Business Law §306 (b)(1).*)

9. **(105 Street Statement ¶ 23)** Mr. Barnaba did not "raise the possibility of a late notice disclaimer the very same day (August 20)…" but rather recognized "a potential coverage issue." (Barnaba Aff. ¶ 4.)[3]

10. **(105 Street Statement ¶ 25)** It was not necessary for Mr. Barnaba to specifically investigate whether 105 Street "had knowledge of the Conrad Action between April 2004 and mid-July 2004" as Mr. Barnaba sent a request to 105 Street and its broker for additional documentation and information as well recommending to XL Programs that coverage counsel be retained. (Barnaba Aff. ¶3-5), (Fuerth Dec. Ex. Q Pg. 53, line 21-Pg. 54, line 8.)

11. **(105 Street Statement ¶ 26)** Greenwich did not wait until September 20, 2004, to transmit the denial of coverage letter but rather Greenwich conducted a thorough factual investigation in order to provide coverage counsel with sufficient information to permit it to confirm whether coverage should be afforded 105 Street and within ten days of receiving coverage counsel's opinion, the denial of coverage letter was transmitted to 105 Street. (Barnaba Aff. ¶ 7-10.)

12. **(105 Street Statement ¶ 28)** The September 20, 2004, denial of coverage letter reflects that 105 Street first received notice on April 20, 2004, based upon an affidavit of service establishing service of the Summons and Complaint in the Conrad action upon 105 Street and also notes that it is "unclear as to whether you received notice of the August 6, 2002 letter from claimant's counsel…." (Fuerth Dec. Ex. T.)

---

[3] All references to the Affidavit of Michael Barnaba sworn to April 11, 2007, will be made as (Barnaba Aff. ¶__.)

Dated:   New York, New York
         April 27, 2007

                                  Respectfully Submitted,

                 WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
     GLENN J. FUERTH (GJF5848)
     (A Member of the Firm)
     Attorneys for Defendants
     GREENWICH INSURANCE COMPANY
     150 East 42nd Street
     New York, New York 10017-5639
     (212) 490-3000

TO:   Donald F. Schneider
      Attorney for Plaintiff
      90 Broad Street, 6th Floor
      New York, NY 10004
      212-265-2266

2789152.1