UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

105 STREET ASSOCIATES, LLC,                          :

                        Plaintiff,        :

                                                                                      05 CV 9938 (VM) (DCF)

                -against-          :

GREENWICH INSURANCE COMPANY,                      :

                       Defendant.        :
------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION FOR
## SUMMARY JUDGMENT AND IN FURTHER SUPPORT
## OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**SCHNEIDER GOLDSTEIN BLOOMFIELD LLP**
Attorneys for Plaintiff
Address and P.O. Box:
90 Broad Street, 6th Floor
New York, New York 10004
(212) 265-2266

S:\docs\BFC\Conrad\Greenwich Ins\\memo of law in opp 4.25.07 wpd

## TABLE OF CONTENTS

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT SHOULD BE GRANTED. DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED.. . . . . . . . . . . . . . . . . . . . 1

    A      Plaintiff Gave Defendant Notice of
           the Conrad Action as Soon as Practicable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

         1.     Plaintiff's Constructive Notice of the
               Conrad Action is Insufficient to
               Trigger a Duty to Notify Defendant
               Under the Greenwich Policy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

         2.     The Insurance Broker's One Month Delay
               Caused By its Mistaken Recollection That
               Plaintiff Lacked Insurance Coverage is
               Not Unreasonable Under All the Circumstances. . . . . . . . . . . . . . . . . . . . 5

    B.     Defendant is Precluded From Disclaiming Because
           Its Disclaimer Was Not Timely as a Matter of Law . . . . . . . . . . . . . . . . . . . . . . 6

         1.     The Alleged Four Month Delay Disclaimer. . . . . . . . . . . . . . . . . . . . . . . 6

         2.     Defendant's Purported Reservation of
               Right to Disclaim on the Alleged
               Ground That Plaintiff Had Notice
               of the Occurrence in 2002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

    C.     Defendant's Affirmative Defenses
           Are Meritless. Summary Judgment Should
           be Granted Dismissing the Affirmative Defenses.. . . . . . . . . . . . . . . . . . . . . . . 10

POINT II. ........................................................... 11

PLAINTIFF IS ENTITLED TO RECOVER ITS EXPENSES
INCURRED IN DEFENDING THE CONRAD ACTION. ............................. 11

CONCLUSION ......................................................... 11

PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND IN FURTHER SUPPORT
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff 105 Street Associates, LLC ("Plaintiff") respectfully submits this Memorandum of Law (i) in opposition to Defendant's motion for summary judgment, and (ii) in further support of Plaintiff's motion for summary judgment.

ARGUMENT

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT SHOULD BE GRANTED. DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED.

A     **Plaintiff Gave Defendant Notice of the Conrad Action as Soon as Practicable**

    1.     **Plaintiff's Constructive Notice of the Conrad Action is Insufficient to Trigger a Duty to Notify Defendant Under the Greenwich Policy**

Unlike the insurance policy in *26 Warren Corp. v. Aetna Cas. and Sur. Co. ("26 Warren Corp.")*, 253 A.D. 2d 375, 676 N.Y.S. 2d 173 (1st Dep't 1998), which expressly provided that receipt of a Summons and Complaint by the insured's "representative" such as the Secretary of State triggered a duty to notify the insurer of a lawsuit, the Greenwich Policy does not so provide. The pertinent language of the Greenwich Policy, Ex. "A" to Richards Decl., at 9, is identical in this respect to the insurance policy in *Nouveau Elevator Indus., Inc. v. Continental*

S:\docs\BFC\Conrad\Greenwich Ins\memo of law 4-16-07

*Casualty Ins. Co. ("Nouveau")*, 2006 WL 1720429 (E.D.N.Y. June 21, 2006), where the District Court rejected the insurer's argument that the insured's notice of a lawsuit to the insurer was untimely where made more than three years after service of the lawsuit via the New York Secretary of State which the insured claimed not to have received. The District Court in *Nouveau* firmly distinguished *26 Warren Corp.*, the only case relied upon the Defendant on this issue at bar:

> [T]his case is distinguishable from *26 Warren Corp.* because of a critical distinction in the language of the policy at issue. According to the brief opinion of the Appellate Division in *26 Warren Corp.*:
>
>> The subject insurance policy's notice of claim condition precedent to coverage, that "the insured shall immediately forward to the [insurer] every demand, notice, summons or other process received by him or his representative," is devoid of ambiguity, and the receipt of service of the summons and complaint by the Secretary of State, as plaintiff's designated agent, constituted receipt by a representative within the meaning of the policy.
>
> 253 A.D. 2d at 375-76 (internal citations omitted). *26 Warren Corp.* explicitly emphasized that the policy phrase "or his representative" was the term by which receipt by the Secretary of State triggered the duty to notify the insurance company, and that phrase is noticeably absent from the policy in the instant case. *Id.*

*Nouveau* at *6. The applicable policy language in *Nouveau* is the same as at bar, Ex. "A" to Richards Decl., at 9, requiring the insured to "[i]mmediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit,'" *Nouveau* at *1, and containing "no indication as to when this duty is triggered." *Id.* at *4.

The District Court in *Nouveau* began its analysis with the language of the policy "to determine whether its provides instruction as to the issue of whether actual or constructive notice is required to trigger the duties" under the notice provision, and found the insurance policy to be ambiguous on this issue. *Id.* In the absence of extrinsic evidence of the parties' intent, the District Court applied the "*contra proferentem* canon of contract construction" and construed the ambiguity against the insurer as a matter of law, citing the Second Circuit's opinion in *Morgan Stanley Group, Inc. v. New England Ins. Co.*, 225 F. 3d 270, 279 (2d Cir. 2000). *Id.* at * 6. Thus, the District Court concluded, as a matter of law, "actual notice was required to trigger the notice of claim provision under the policy..."[1] *Id.* at *6. So too here.

In *U.S. Underwriters Ins. Co. v. 203-211 West 145th Street Realty Corp.*, 2001 WL 604060 (S.D.N.Y., May 31, 2001), District Judge Pauley rejected the insurer's argument that the insured's one year delay following Secretary of State service in providing notification of a lawsuit warranted summary judgment for the insurer.[2] *Id.* at * 7; *see also*, *Evangelos Car Wash Inc. v. Utica First Ins. Co.*, 2006 WL 2129989 (Sup. Rich. July 31, 2006) (granting summary judgment for insured and against insurer where insured first learned of lawsuit when it received a letter from plaintiff's attorney stating that it was in default, as at bar).

---

[1] The District Court in *Nouveau* ruled in favor of the insured on this issue even though, unlike at bar, the insured had not received a copy of the lawsuit from the Secretary of State due to its own fault, because it had breached its obligation to notify the Secretary of State when it moved, *id.* at *5, the same situation as in *26 Warren Corp.* The District Court in *Nouveau* pointed to various New York Court of Appeals and Appellate Division decisions authorizing vacatur of defaults where the insured did not receive process from the New York Secretary of State because it had failed to notify it of a change of address. *Id.* at *5.

[2] The District Court found issues of fact as to whether the insured was served by substituted service and whether the insured had properly registered with the Secretary of State. 2001 WL 604060 at *7.

At bar, as in *Nouveau*, there is no extrinsic evidence in the record of the parties' intent in agreeing to Defendant's printed form insurance contract. Therefore, any ambiguity in the Greenwich Policy as to whether actual notice or constructive notice of the Conrad Action was required in order to trigger Plaintiff's duty to notify Defendant must be resolved against Defendant. *See Morgan Stanley Group, Inc. v. New England Ins. Co.*, *supra* at 279; *Nouveau* at * 6. Accordingly, actual notice of the Conrad Action was required. Contrary to Defendant's contention, the issue is not whether Secretary of State service upon Plaintiff was valid. *See Nouveau*.

There is no genuine dispute that Plaintiff did not have actual knowledge of the Conrad Action until it received the Kelner Letter addressed to it in mid-July 2004. Capoccia Decl. ¶¶ 2-3; Richards Decl. ¶ 14. Assuming *arguendo* that Ms. Rodriguez signed for the Summons and Complaint directed to Donald Capoccia, the agent for service of process for Plaintiff (but not for BFC Construction), it is undisputed that Mr. Capoccia did not ever receive the Summons and Complaint or gain actual; knowledge of it (nor did he ever authorize Ms. Rodriguez or any other BFC Construction employee to accept or open mail or other deliveries addressed to Plaintiff or to him.).[3] Capoccia Reply Decl. ¶ 6. In the absence of actual knowledge by Plaintiff of the Conrad Action, the notice of lawsuit provision of the Greenwich Policy was not triggered. *See Nouveau*.

---

[3] As a result of the lack of actual knowledge of service of process in the Conrad Action, Plaintiff fell into default in answering Conrad's Complaint (which default was subsequently cured by extensions of time to respond to the Complaint until after Defendant issued its Disclaimer Letter). Richards Decl. ¶ 19. Plaintiff had every reason to defend the Conrad Action from inception. Capoccia Reply Decl. ¶ 7.

### 2. The Insurance Broker's One Month Delay Occasioned By its Mistaken Recollection That Plaintiff Lacked Insurance Coverage is Not Unreasonable Under All the Circumstances

"Nor [is] compliance with the insurance policy's temporal requirement to be measured simply by how long it was before written notification came forth. More crucial [is] the reason it took the time it did." *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y. 2d 12, 416 N.Y.S. 2d 559, 563 (Ct. App. 1979).

Plaintiff does not contend that its notice to its insurance broker constituted notice to Defendant. Rather, it is Plaintiff's position that, as in *Universal Underwriters Ins. Co. v. Patriot Ambulette*, 149 A.D. 2d 500, 500-501, 539 N.Y.S. 2d 981 (2d Dep't 1989) where the insured's broker put the wrong insurer on notice and did not correct its error until five months later, notice was provided to Defendant as soon as practicable under the circumstances of this case. The alleged accident had occurred two years earlier, and the Conrad Action stood still from service of process in April 2004 until six months later when all defendants therein responded to the Complaint after Defendant issued its Disclaimer Letter on September 20, 2004. This is so because the time of all defendants in the Conrad Action, including Plaintiff, in which to respond to the Complaint was extended beyond the time of Defendant's ensuing disclaimer. Richards Decl. ¶ 19. Defendant thus had a full opportunity to appear and defend the Conrad Action or exercise its right to settle the matter. None of these facts is disputed.

The insurance broker's thirty day delay in notifying Defendant of the Conrad Action, which was occasioned by its own error which Plaintiff proactively caused to be corrected, Richards Decl. ¶ 18, was not unreasonable under these circumstances.

For the foregoing reasons, Plaintiff gave notice to Defendant as soon as practicable. There are no material issues of fact that require a trial. Summary judgment is warranted.

**B. Defendant is Precluded From Disclaiming Because Its Disclaimer Was Not Timely as a Matter of Law**

**1. The Alleged Four Month Delay Disclaimer**

Defendant's excuse for its delay in disclaiming was the "thorough investigation" it claims to have conducted concerning the timeliness of Plaintiff's notice. Def. Mem. at 20. However, in order to support Defendants' theory of notice, all that was required to confirm the date of service of process of the Complaint in the Conrad Action - - that was stated in the Kelner Letter addressed to Plaintiff to be April 20, 2004 - - was the Affidavit of Service of the Complaint or a telephone call to counsel for Plaintiff in the Conrad Action. Indeed, it took Defendant's coverage counsel only one day to accomplish this. Ex. "A" to Schneider Reply Decl. The time records of Defendant's coverage counsel show that they started on September 1, 2004 and received a copy of the Affidavit of Service of the Complaint in the Conrad Action the following day. *Id.* Defendant's claims adjuster acknowledged that except for "verify[ing] the service date," Defendant's coverage counsel did not conduct an investigation. *Id.* at 57, 81-82. Moreover, admittedly, Defendant's claims adjuster did not investigate the timeliness of notice of the Conrad Action after it was received by his office on August 18, 2004, and all he did besides

requesting hiring of coverage counsel was to write one letter to Plaintiff on August 25, 2004[4] and make one request of Plaintiff's insurance broker. Ex. "Q" to Fuerth Decl., dated April 13, 2007, pp. 22-23, 53-56.

Defendant did not need to conduct a fact investigation, because from inception it pursued a technical legal strategy of asserting that delivery to the Secretary of State of the Summons and Complaint in the Conrad Action triggered a duty to notify Defendant of the Conrad Action, even if Plaintiff's designated agent for service of process (Donald Capoccia) did not receive process and even if Plaintiff did not learn of the Conrad Action until several months thereafter.

"[D]elaying disclaimer for investigative purposes is unreasonable where the basis for denying coverage was or should have been readily apparent before the onset of the delay." (emphasis supplied) _New York State Ins. Fund v. Mt. Vernon Fire Ins. Co.,_ 2005 WL 82036*4 (S.D.N.Y., Jan. 13, 2005), _citing First Fin. Ins. Co. v. Jetco Contracting Corp.,_ 1 N.Y. 3d 64, 69, 769 N.Y.S. 2d 459 (Ct. App. 2003). Any such explanation for delay "is insufficient as a matter of law." _Allstate Ins. Co. v. Cruz,_ 30 A.D. 3d 511, 817 N.Y.S. 2d 129, 131 (2d Dep't 2006), _citing First Fin. Ins. Co. v. Jetco Contracting Corp., supra_. Defendant has failed to satisfy its burden of justifying its delay. _See id._, 1 N.Y. 3d at 66.

---

[4] Defendant asserts that Plaintiff's response thereto the following day was incomplete, but acknowledges that he did no follow up because he "suspect[ed] at that juncture that once we verified the service dates it won't be necessary for us to progress" with investigation of the timeliness of notice. Ex. "Q to Fuerth Decl., at 81.

Accordingly, Defendant's waiting 33 days before issuing its Disclaimer Letter is unreasonable as a matter of law. As stated by Judge McKenna in *New York State Ins. Fund v. Mt. Vernon Fire Ins. Co.*, *supra* at *4, in ruling that an insurer's disclaimer was untimely: "[I]n many cases the delay, in light of the proffered reason for it (or lack thereof) and other factors, has been long enough that courts have considered the disclaimer untimely as a matter of law." So too here. *See* cases cited at page 11 of Plaintiff's opening Memorandum of Law.

2.  **Defendant's Purported Reservation of Right to Disclaim on the Alleged Ground That Plaintiff Had Notice of the Occurrence in 2002**

Despite the fact that Defendant did not ever issue a disclaimer letter asserting late notice of the <u>occurrence</u>, and did not plead late notice of the <u>occurrence</u> as an affirmative defense in this action (as it did with respect to timeliness of notice of the Conrad Action), Defendant argues that summary judgment should be granted dismissing the Complaint based upon its post-twelfth hour contention that Plaintiff's notice of the occurrence was untimely because Plaintiff was purportedly "aware of the incident given the close business, legal and insurance related relationship between BFC Construction and [Plaintiff]." Def. Mem. at 15. We demonstrate below that such belated assertion of late notice of the occurrence is baseless as a matter of law and, in addition, that Defendant has failed to raise a material issue of fact warranting a trial on such contention.

Defendant's Disclaimer Letter purports to reserve the right to deny coverage for

late notice of the occurrence. Ex. "N" to Richards Decl. However, a reservation of rights is not a substitute for a disclaimer of coverage. See *Hartford Ins. Co. v. Co. of Nassau*, 46 N.Y. 2d 1028, 1029, 416 N.Y.S. 2d 539 (Ct. App. 1979); *Allstate Ins. Co. v. Gross*, 27 N.Y. 2d 263, 269, 317 N.Y.S. 2d 309 (Ct. App. 1970). Defendant did not thereafter issue a disclaimer for late notice of the occurrence, let alone issue such a disclaimer as "soon as reasonably possible" as required by Insurance Law § 3420(d). Defendant's belated assertion of late notice of the occurrence is baseless as a matter of law. See *Pa. Millers Mut. Ins. Co. v. Sorrentino*, 238 A.D. 2d 491, 657 N.Y.S. 2d 62, 63 (2d Dep't 1997) (granting summary judgment in favor of insured against insurer based upon untimeliness of disclaimer, and holding that "reservation of rights letter did not constitute a written notice of disclaimer in compliance with Insurance Law § 3420(d)"); *Regional Transit Service, Inc. v. Kemper Ins. Companies*, 73 A.D. 2d 1036, 425 N.Y.S. 2d 400, 401 (4th Dep't 1980) (granting insured's motion for summary judgment where insurer did not timely disclaim, holding that the "attempted reservation of rights is of no consequence and the delay [in disclaiming] is unreasonable as a matter of law"); *Wright v. Wright*, 35 A.D. 2d 895, 315 N.Y.S. 2d 710, 712 (3d Dep't 1970) ("[The insurer's] reservation of rights did not free it from the obligation to give written notice [of disclaimer] as soon as reasonably possible."), *lv. den.*, 28 N.Y.2d 483 (Ct. App. 1971).

Nor did Defendant plead late notice of occurrence as an affirmative defense in its Answer, as required, pleading as it did only late notice of the Conrad Action, Ex. "P" to Richards Decl., at ¶ Thirty-Fifth. See *United States Underwriters Ins. Co. v. Falcon Constr. Corp.*, 2006 WL 3146422*4 (S.D.N.Y., October 30, 2006).

Moreover, Defendant has failed to establish *prima facie* that Plaintiff had actual knowledge of Conrad's alleged accident prior to receipt of the Kelner Letter two years thereafter. Plaintiff points to letters dated August 6, 2002 and September 9, 2002 which it erroneously states "advis[ed] *Plaintiff* of the Conrad worker's compensation claims..." (emphasis supplied) Def. Mem. at 15. However, both such letters were addressed solely to BFC Construction, not to Plaintiff. Ex. "F" to Fuerth Decl. There is not a scintilla of evidence that Plaintiff was shown or was otherwise made aware of either letter or their contents. Indeed, it was not. Capoccia Reply Decl. ¶¶ 4-5. Finally, Defendant cites no authority for the proposition that the facts that BFC Construction's three shareholders were members of a limited liability company that owned a nominal (.01%) interest in Plaintiff, Capoccia Reply Decl. ¶ 2, that both Plaintiff and BFC Construction occupied a portion of commercial premises at 2226 First Avenue in Manhattan, or that each hired the same insurance broker, render BFC Construction's knowledge of the Conrad accident that of Plaintiff.

C. **Defendant's Affirmative Defenses Are Meritless. Summary Judgment Should be Granted Dismissing the Affirmative Defenses**.

In support of summary judgment, Defendant addresses only its Eleventh Affirmative Defense alleging late notice of the Conrad Action (*see* Answer, Ex. "P" at ¶ Thirty-Fifth). We have demonstrated that such defense lacks merit. Defendant has not even attempted to demonstrate *prima facie* the merit and applicability at bar of any other defense. Summary judgment should be granted dismissing the affirmative defenses.

## POINT II

## PLAINTIFF IS ENTITLED TO RECOVER ITS EXPENSES INCURRED IN DEFENDING THE CONRAD ACTION

Plaintiff seeks summary judgment on the issue of liability on its Third Cause of Action, which seeks recovery of attorneys' fees and expenses incurred and to be incurred in the defense of the Conrad Action. It is clear that an insurer such as Defendant which breaches its contractual obligation to defend its insured is liable for its insured's attorney's fees as damages. See e.g., Atlantic Cement Co. v. Fid. & Cas. Co., 63 N.Y.2d 798, 481 N.Y.S. 2d 329, 330 (Ct. App. 1984); Rosenberg & Estis, P.C. v. Chicago Ins. Co., 2003 WL 21665680*4 (Sup. N.Y., July 11, 2003).

Defendant argues only that Plaintiff's costs of prosecuting the within action (as distinct from the Conrad Action) against Defendants are not recoverable. Plaintiff has not sought, and does not seek, recovery of the attorney's fees or expenses that it has incurred in the within action.

## CONCLUSION

For all the foregoing reasons and those set forth in Plaintiff's opening Memorandum of Law, Plaintiff's motion for summary judgment should be granted in all respects and Defendant's motion for summary judgment should be denied.

Dated: New York, New York
      April 23, 2007

                          SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

                          By: _____
                                  Donald F. Schneider (DFS-9886)
                          Attorneys for Plaintiff
                          Office Address and P.O. Box:
                          90 Broad Street, 6th Floor
                          New York, New York 10004
                          Tel.: (212) 265-2266
                          Fax.: (212) 265-2442

STATE OF NEW YORK    )
: ss.:
COUNTY OF NEW YORK  )

      **GAYLE KAPLAN**, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

      On April 26, 2007 deponent served the within Plaintiff's Memorandum of Law in Opposition to Defendant's Motion For Summary Judgment and in Further Support of Plaintiff's Motion For Summary Judgment, Plaintiff's Statement Pursuant to Civil Rule 56.1(b) in Opposition to Defendant's Motion For Summary Judgment, Further Declaration of Donald F. Schneider and Declaration of Donald Capoccia in Reply to Defendant's Motion For Summary Judgment upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, via e-mail at glenn.fuerth@wilsonelser.com upon consent of Glenn Fuerth, Esq., defendant's counsel.

      In addition, on April 26, 2007, deponent served the within Plaintiff's Memorandum of Law in Opposition to Defendant's Motion For Summary Judgment and in Further Support of Plaintiff's Motion For Summary Judgment, Plaintiff's Statement Pursuant to Civil Rule 56.1(b) in Opposition to Defendant's Motion For Summary Judgment, Further Declaration of Donald F. Schneider and Declaration of Donald Capoccia in Reply to Defendant's Motion For Summary Judgment upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, by depositing true copies of same, enclosed

S:\docs\BFC\Conrad\Greenwich Ins\affidavit of service via e-mail & mail.wpd

in post-paid properly addressed wrappers in an official depository under the exclusive custody and control of the United States Postal Service within the State of New York.

*Gayle Kaplan*
GAYLE KAPLAN

Sworn to before me this
26th day of April, 2007

_____
Notary Public

DONALD F. SCHNEIDER
Notary Public, State of New York
No. 02SC6034524
Qualified in Westchester County
Commission Expires: Dec. 13, 2009

S:\docs\BFC\Conrad\Greenwich Ins\affidavit of service via e-mail & mail.wpd