UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

105 STREET ASSOCIATES, LLC,

                              Plaintiff,

       -against-

GREENWICH INSURANCE COMPANY,

                              Defendant.

------------------------------------------------------------X

05 CV 9938 (VM) (DCF)

**DECLARATION OF DONALD CAPOCCIA IN REPLY TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      **DONALD CAPOCCIA** hereby declares under the penalties of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

      1.     I was at all times relevant herein a managing member of BFC 105 Street Manager LLC ("105 Street Manager"), a member of 105 Street Associates, LLC ("Plaintiff"), the Plaintiff in this action.

      2.     During the period from 2002 through 2004, Brandon Baron ("Baron"), Joseph Ferrara ("Ferrara") and I were each a member of 105 Street Manager, a member of Plaintiff. The two other members of Plaintiff were WNC Institutional Tax Credit Fund X, NY Series 3 L.P. ("WNC Institutional") and WNC Housing, L.P. ("WNC Housing"). WNC Institutional and WNC Housing collectively owned a 99.99% interest in Plaintiff. 105 Street

Manager owned and still owns the remaining nominal (.01%) interest in Plaintiff. Neither Baron, Ferrara nor I ever owned an interest in or were affiliated in any manner with WNC Institutional or WNC Housing.

3. From 2002 through 2004, Baron, Ferrara and I were the sole shareholders of BFC Construction Corp. ("BFC Construction").

4. Plaintiff was not made aware and did not have knowledge of the letter dated August 6, 2002 addressed to BFC Construction from Conrad J. Benedetto ("Benedetto"), stating that Richard Conrad had sustained injuries. *See* portion of Ex. "F" to Fuerth Decl., dated April 13, 2007 ("Fuerth Decl."). The letter did not mention Plaintiff, and identified the accident location only as "105th Street between 2nd and 3rd Avenue [sic]." *Id.* As of August 2002, BFC had performed construction work at 235-237 East 105th Street (the subject location) and also at 229-231 East 105th Street, both of which are on 105th Street between 2nd and 3rd Avenues in Manhattan. Plaintiff did not own any interest in the latter property.

5. Plaintiff was not made aware and did not have knowledge of the letter dated September 9, 2002 from Benedetto to BFC Construction stating that Richard Conrad had sustained injuries. *See* portion of Ex. "F" to Fuerth Decl. The letter did not mention Plaintiff, and identified the accident location only as "105th Street between 2nd and 3rd Avenue." *Id.*

6. During the period from 2002 through 2004, Estelle Rodriguez was employed by BFC Construction (she is no longer employed by BFC Construction). Ms. Rodriguez was never employed by Plaintiff. Among other responsibilities, Ms. Rodriguez was a receptionist for BFC Construction and was tasked with opening mail addressed to BFC Construction. She was never tasked or authorized to accept or to open mail addressed to Plaintiff or addressed to me, nor was she (or any of BFC's more than 100 other employees during this period) authorized to accept or open mail or any other delivery addressed to Plaintiff or to me. The assertions at paragraph 35 of the Fuerth Decl. and page 16 of Defendant's Memorandum of Law that Ms. Rodriguez was responsible for opening the mail addressed to Plaintiff is not borne out by the portion of the deposition transcript cited to by Defendant, which transcript clearly states that Ms. Rodriguez opened the mail for BFC Construction; it does not state or imply that Ms. Rodriguez opened the mail addressed to Plaintiff or to me.

7. Specifically, Ms. Rodriguez did not deliver to me a Summons and Complaint in the Conrad Action or notify me about the Conrad Action. As I stated in my previous Declaration, I first learned of the Conrad Action when I received the Kelner Letter addressed to Plaintiff in mid-July 2004. Had I known about the Conrad Action sooner, I would have asked Brad Richards to immediately notify Plaintiff's insurance broker, and I would have asked outside counsel to protect Plaintiff's interests. Plaintiff owns valuable property (where the alleged accident occurred) and does everything possible to protect it. To my knowledge, other than the period of time when we were unaware of the Conrad Action and service of the

Complaint therein, Plaintiff has not ever been in default in responding to a lawsuit.

8. Plaintiff, BFC Construction and BFC Partners did not share employees. The assertions at paragraph 35 of the Fuerth Decl. and page 16 of Defendant's Memorandum of Law that these companies shared employees is not borne out by the portion of the deposition transcript cited by Defendant.

9. Ms. Rodriguez was not responsible for sending Notices of Claim for personal injuries and forwarding to Plaintiff's broker insurance related documents for Plaintiff, as asserted at paragraph 35 of the Fuerth Decl. and at page 16 of Defendant's Memorandum of Law, which assertion is not borne out by the portion of the deposition transcript cited by Defendant. During 2004, Brad Richards was in charge of liability insurance issues for Plaintiff, including notifying its insurance broker of all occurrences and lawsuits. The Richards Decl. sets forth that he did just that in the case of the Conrad Action.

10. During 2004, I was the agent designated with the New York Secretary of State for service of process upon Plaintiff. I was not the designated agent for service of process upon BFC Construction, then or now. *See* Ex. "C" to Fuerth Decl.

Dated: New York, New York
       April 25, 2007

                                                                                                                                        _____
                                                                                                                                        DONALD CAPOCCIA

S:\docs\BFC\Conrad\Greenwich Ins\capoccia decl 4-25-07.wpd

STATE OF NEW YORK            )
                             : ss.:
COUNTY OF NEW YORK   )

**GAYLE KAPLAN**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

On April 26, 2007 deponent served the within Plaintiff's Memorandum of Law in Opposition to Defendant's Motion For Summary Judgment and in Further Support of Plaintiff's Motion For Summary Judgment, Plaintiff's Statement Pursuant to Civil Rule 56.1(b) in Opposition to Defendant's Motion For Summary Judgment, Further Declaration of Donald F. Schneider and Declaration of Donald Capoccia in Reply to Defendant's Motion For Summary Judgment upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, via e-mail at glenn.fuerth@wilsonelser.com upon consent of Glenn Fuerth, Esq., defendant's counsel.

In addition, on April 26, 2007, deponent served the within Plaintiff's Memorandum of Law in Opposition to Defendant's Motion For Summary Judgment and in Further Support of Plaintiff's Motion For Summary Judgment, Plaintiff's Statement Pursuant to Civil Rule 56.1(b) in Opposition to Defendant's Motion For Summary Judgment, Further Declaration of Donald F. Schneider and Declaration of Donald Capoccia in Reply to Defendant's Motion For Summary Judgment upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, by depositing true copies of same, enclosed

in post-paid properly addressed wrappers in an official depository under the exclusive custody and control of the United States Postal Service within the State of New York.

_____
GAYLE KAPLAN

Sworn to before me this
    day of April, 2007

_____
            Notary Public