UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

105 STREET ASSOCIATES, LLC,             :

                              Plaintiff,   :

              -against-                       :    05 CV 9938 (VM) (DCF)

                                          :    **PLAINTIFF'S STATEMENT**
GREENWICH INSURANCE COMPANY,             **PURSUANT TO CIVIL RULE**
                                          :    **56.1(b) IN OPPOSITION TO**
                           Defendant.             **DEFENDANT'S MOTION FOR**
                                            :    **SUMMARY JUDGMENT**
-----------------------------------------------------------------X

        Pursuant to Civil Rule 56.1(b) of the Rules of this Court, Plaintiff 105 Street Associates, LLC ("Plaintiff") hereby submits the following statement of facts set forth by Defendant as to which it contends there exists a genuine issue, in numbered paragraphs corresponding to the paragraph numbers in Defendant's Statement Pursuant to Local Rule 56.1:

        2.      During the period from 2002 through 2004, Donald Capoccia ("Capoccia"), Brandon Baron ("Baron") and Joseph Ferrara ("Ferrara") were each a member of BFC 105 Street Manager, LLC ("105 Street Manager"). 105 Street Manager then owned and still owns only a nominal .01% interest in Plaintiff. The two other members of Plaintiff, WNC Institutional Tax Credit Fund X, NY Series 3 L.P. ("WNC Instituional") and WNC Housing, L.P. ("WNC Housing"), collectively owned a 99.99% interest in Plaintiff. Neither Capoccia, Baron nor Ferrara ever owned an interest in was affiliated in any manner with WNC International or WNC

Housing. During such period, Messrs. Capoccia, Baron and Ferrara were the sole shareholders of BFC Construction Corp. ("BFC Construction"). Capoccia Reply Decl. ¶¶ 2-3.[1]

3.      Donald Capoccia was during 2004 the agent for service of process upon Plaintiff, not for service upon BFC Construction. Ex. "C" to Declaration of Glenn Fuerth dated April 13, 2007 ("Fuerth Decl."); Capoccia Reply Decl. ¶ 10.

5.      The Greenwich Policy required that Defendant be "notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." Ex. "A" to Richards Decl., at 9.

6.      Plaintiff was not made aware and did not have knowledge of the letter dated August 6, 2002 to BFC Construction from Conrad J. Benedetto ("Benedetto"), Capoccia Reply Decl. ¶ 4, who is not counsel of record for Richard Conrad ("Conrad") in the Conrad Action. Ex. "C" to Richards Decl.; portion of Ex. "F" to Fuerth Decl. The letter did not mention Plaintiff, and identified the accident location only as "105th Street between 2nd and 3rd Avenue." *Id.* BFC had done construction on 105th Street between 2nd and 3rd Avenues at two different locations for two different owners. Capoccia Reply Decl. ¶ 4. Plaintiff did not learn of Conrad's alleged accident until mid-July 2004, when it received the Kelner Letter addressed to it advising that a

---

[1] "Capoccia Reply Decl." refers to the Declaration of Donald Capoccia in Reply to Defendant's Motion for Summary Judgment, dated April 25, 2007.

lawsuit had been commenced by Conrad. Capoccia Decl. ¶ 3 [2] and Ex. "A" thereto; Richards Decl. ¶¶ 12, 14.[3] At the time of August 6, 2002 letter from Benedetto to BFC Construction, Plaintiff was not aware of the alleged accident, and had no contractual duty to notify Defendant of the alleged accident in the absence of such knowledge. *Id.*; Pl. Mem. in Opp. to Def. Motion, at 1-4.

      7.     Plaintiff was not made aware and did not have knowledge of the letter dated September 9, 2002 from Benedetto to BFC Construction. Capoccia Reply Decl. ¶ 5; portion of Ex. "F" to Fuerth Decl. The letter did not mention Plaintiff and identified the accident location only as "105th Street between 2nd and 3rd Avenue." *Id.* Plaintiff did not learn of Conrad's alleged accident until mid-July 2004 when it received the Kelner Letter addressed to it. Capoccia Decl. ¶ 3 and Ex. "A" thereto; Richards Decl. ¶¶ 12, 14. At the time of September 9, 2002 letter from Benedetto to BFC Construction, Plaintiff was not aware of the alleged accident, and had no contractual duty to notify Defendant of the alleged accident in the absence of such knowledge. *Id.*; Pl. Mem. in Opp. to Def. Motion, at 1-4.

      8.     During the period from 2002 through 2004, Estelle Rodriguez was employed by BFC Construction. She was not ever employed by Plaintiff. Among other responsibilities, Ms. Rodriguez served as receptionist for BFC Construction and was tasked with

---

[2] "Capoccia Decl." refers to the Declaration of Donald Capoccia, dated March 23, 2007.

[3] "Richards Decl." refers to the Declaration of Brad Richards, dated March 22, 2007.

opening mail addressed to BFC Construction; she was not tasked or authorized to accept or to open mail or any other delivery addressed to Plaintiff or to Donald Capoccia. Ms. Rodriguez signed a postal receipt on behalf of BFC Construction for the Summons and Complaint in the Conrad Action. Donald Capoccia, Plaintiff's designated agent for service of process but not the designated agent for BFC Construction, did not receive a copy of the Summons and Complaint in the Conrad Action and Plaintiff was not aware of the Conrad Action until it received the Kelner Letter addressed to Plaintiff. In April 2004, Plaintiff did not have actual knowledge of the alleged accident or the Conrad Action, and had no contractual duty to notify Defendant of the alleged accident or the Conrad Action in the absence of such knowledge. Capoccia Reply Decl. ¶¶ 6, 10; Capoccia Decl. ¶¶ 2-3; Richards Decl. ¶ 14; Ex. "K" to Fuerth Decl.; Plaintiff's Mem. of Law in Opp., at 1-4.

9. Donald Capoccia was the registered agent for service of process for Plaintiff, but not for BFC Construction. Ex. "C" to Fuerth Decl.; Capoccia Reply Decl. ¶ 10. The Kelner Letter addressed to Plaintiff notified Plaintiff that it was in default in responding to the Summons and Complaint in the Conrad Action and suggested that it transmit the enclosed documentation to the appropriate person so that an appearance or an answer could be interposed. Ex. "A" to Capoccia Decl.

10. Brad Richards mailed to North Shore, Plaintiff's insurance broker, a copy of the Kelner Letter addressed to Plaintiff, Richards Decl. ¶ 15, which was received and signed for by North Shore on July 19, 2004. Ex. "D" to Richards Decl.

11. and 12.     Mr. Potolsky initially failed to recall that Plaintiff had insurance coverage for the Conrad Action, and returned the Summons and Complaint in the Conrad Action that Plaintiff had transmitted to North Shore. Ex. "E" to Richards Decl.; Richards Decl. ¶ 17. With the assistance of Plaintiff's counsel, Mr. Potolsky was set straight and notice was then transmitted to Defendant's agent. Richards Decl. ¶ 18. The letters from Benedetto to BFC did not mention Plaintiff, and identified the location of the alleged accident only as "105th Street between 2nd and 3rd Avenue." Ex. "F" to Fuerth Decl. BFC had engaged in construction not only at the premises where Conrad later claimed injury, but also at another location on 105th Street between 2nd and 3rd Avenues in Manhattan, for an owner other than Plaintiff. Capoccia Reply Decl. ¶ 4.

13.     On August 18, 2004, a copy of the Summons and Complaint in the Conrad Action was delivered to WKF&C Agency, the agent for Defendant, in one of two separate submissions made to it that day by Barbara Weiner of North Shore. Richards Decl. ¶ 18; a portion of Ex. "G" to Richards Decl. The same day, WKF&C Agency acknowledged receipt of the claim. Ex. "H" to Richards Decl. Mr. Barnaba, claims adjuster for Defendant on the matter, acknowledged that the claim was received by Defendant that same day. Ex. "Q" to Fuerth Decl., at 22-23. Two days later, on August 20, 2004, Mr. Barnaba requested that North Shore fax "another copy of the entire first report you submitted to include any summons, letters from attorneys, etc." Ex. "J" to Richards Decl. The same day, Barbara Weiner of North Shore faxed Mr. Barnaba such documents, including a further copy of the Summons and Complaint in the Conrad Action. Ex. "K" to Richards Decl.

14. Estelle Rodriguez was not ever an employee of Plaintiff. Capoccia Reply Decl. ¶ 6. Ms. Rodriguez was employed by BFC Construction during the period from 2002 through 2004. *Id.* Michael Barnaba, who requested documents on behalf of Defendant in his letter of August 25, 2004, admitted in his deposition that he did not ever advise Plaintiff of any insufficiency in its ensuing August 26, 2004 response to his August 25 letter, or renew his request, as it was believed that "once we verified the service date[ ] it wouldn't be necessary" to investigate the issue of notice further. Ex. "Q" to Fuerth Decl., at 60-61, 79-81.

15. Defendant's claims adjuster, Mr. Barnaba, did not conduct a factual investigation beyond writing one letter to the insured on August 25, 2004 and making one request of Plaintiff's insurance broker. Ex. "Q" to Fuerth Decl., at 22-23, 53-56. Defendant's claims counsel did not conduct a factual investigation except for "verif[ying] the service date." *Id.* at 57, 81-82. That Defendant's claim counsel did not conduct a factual investigation beyond verifying the service date is also borne out by its time records. Ex. "A" to Schneider Reply Decl. Despite requests therefor, neither Mr. Barnaba nor Defendant produced to this Court or to Plaintiff in discovery a copy of any denial based upon late reporting of a tender it claims to have made.

Dated: New York, New York
April 25, 2007

SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

By: _____
Donald F. Schneider (DFS-9886)
Attorneys for Plaintiff 105 Street Associates, LLC
Office Address and P.O. Box:
90 Broad Street, 6th Floor
New York, New York 10004
Tel.: (212) 265-2266
Fax.: (212) 265-2442

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

**GAYLE KAPLAN**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

On April 26, 2007 deponent served the within Plaintiff's Memorandum of Law in Opposition to Defendant's Motion For Summary Judgment and in Further Support of Plaintiff's Motion For Summary Judgment, Plaintiff's Statement Pursuant to Civil Rule 56.1(b) in Opposition to Defendant's Motion For Summary Judgment, Further Declaration of Donald F. Schneider and Declaration of Donald Capoccia in Reply to Defendant's Motion For Summary Judgment upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, via e-mail at glenn.fuerth@wilsonelser.com upon consent of Glenn Fuerth, Esq., defendant's counsel.

In addition, on April 26, 2007, deponent served the within Plaintiff's Memorandum of Law in Opposition to Defendant's Motion For Summary Judgment and in Further Support of Plaintiff's Motion For Summary Judgment, Plaintiff's Statement Pursuant to Civil Rule 56.1(b) in Opposition to Defendant's Motion For Summary Judgment, Further Declaration of Donald F. Schneider and Declaration of Donald Capoccia in Reply to Defendant's Motion For Summary Judgment upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, by depositing true copies of same, enclosed

in post-paid properly addressed wrappers in an official depository under the exclusive custody and control of the United States Postal Service within the State of New York.

_Gayle Kaplan_
GAYLE KAPLAN

Sworn to before me this
    day of April, 2007

_____
            Notary Public

S:\docs\BFC\Conrad\Greenwich Ins\affidavit of service via e-mail & mail.wpd