UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
105 STREET ASSOCIATES, LLC                    Index No.: 05-cv-9938 (VM)

              Plaintiff,

   -against-

GREENWICH INSURANCE COMPANY,

             Defendant.
------------------------------------------------------------------- X

## MEMORANDUM OF LAW OF DEFENDANT GREENWICH INSURANCE COMPANY IN REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, New York 10017

Of Counsel:   Glenn J. Fuerth

2801752.1

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

FACTUAL BACKGROUND ..................................................................................................... 1

ARGUMENT ............................................................................................................................... 1

    II.   105 STREET FAILED TO COMPLY WITH THE NOTICE PROVISION OF THE POLICY AND GREENWICH PROPERLY AND TIMELY DENIED COVERAGE ............... 1

    III.   GREENWICH TIMELY DISCLAIMED COVERAGE AND IS NOT OBLIGATED TO INDEMNIFY 105 STREET IN THE PRIMARY ACTION ................................................. 5

CONCLUSION ............................................................................................................................ 7

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of GREENWICH INSURANCE COMPANY ("Greenwich"), in reply to the opposition of 105 STREET ASSOCIATES, LLC ("105 Street") and in further support of Greenwich's motion for summary judgment which seeks an order to be entered for the following relief:

> (a) Pursuant to Federal Rules of Civil Practice 56(c), dismissing the complaint of plaintiff, 105 Street, in its entirety, and
>
> (b) For such other and further relief as this Court may deem just and necessary.

## FACTUAL BACKGROUND

For the sake of brevity, the Court is respectfully referred to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007,[1] for a full recitation of the facts underlying this matter relevant to the instant motions.

## ARGUMENT

### I. THERE IS NO ISSUE OF FACT THAT 105 STREET FAILED TO COMPLY WITH THE NOTICE PROVISION OF THE POLICY

There is no factual issue that 105 Street was properly served with the Conrad summons and complaint four (4) months prior to notifying Greenwich of the lawsuit. 105 Street's denial that it never received the Conrad summons and complaint sent via certified mail from the Secretary of State is of no significance, as a mere denial of receipt by mail without further probative facts is insufficient to overcome the presumption of delivery which attaches to a properly mailed letter. *Public Administrator of the County of N.Y. v. Markowitz*, 163 A.D.2d 100

---

[1] All references to the Declaration in Support of Glenn J. Fuerth, dated April 13, 2007, will be made as (Fuerth Dec. ¶ __).

2801752.1

(1st Dept. 1990); *Dean v. Sarner*, 201 A.D.2d 770, 771 (3rd Dept. 1994); *Engel v. Lichterman*, 95 A.D.2d 536, 538 (2nd Dept. 1983).

Indeed, contrary to 105 Street's disingenuous assertions, there is no ambiguity as to whether 105 Street had notice of the claim prior to July 2004. (Schneider Opp., pg. 4).[2] Evidenced by the signed receipt for certified mail,[3] it is indisputable that in direct violation of its Policy,[4] 105 Street received the summons and complaint in the Conrad action four (4) months prior to forwarding the claim to Greenwich. In a desperate attempt to avoid the devastating impact of the signed receipt, 105 Street claims that although it may have had *constructive* notice of the Conrad Action through the service of the Secretary of State, it did not have *actual* notice since Donald Capoccia did not personally accept the certified mail. (Schneider Opp., pg. 4).

In *Fleetwood Park Corp. v. Jerrick Waterproofing Co. Inc.*, 203 A.D.2d 238 (2nd Dept. 1994), the corporate defendant claimed that it did not receive actual notice of the action until after entry of judgment. The Court held that the defendant could not avail itself of the excuse of "actual notice" because the evidence showed that "one of the defendant's employees signed receipt of certified envelope containing a copy of the summons and complaint." *Id.* at 239.

The constructive versus actual knowledge argument is a beleaguered attempt to backpedal from 105 Street's initial contention that it never received the summons and complaint in the Conrad Action, suggesting that it was lost in the mail (Schneider Memo of Law, pg. 3).[5] Now, when faced with the evidence of Estelle Rodriguez's signature on the certified mail receipt

---

[2] All references to the Memorandum of Law in Opposition of Donald Schneider, dated April 23, 2007, will be made as (Schneider Opp., pg. _).

[3] All references to the March 28, 2007 letter and annexed copy of the April 26, 2004 certified mail return receipt, from Service of Process Unit, Division of Corporations, will be made as ("March 28, 2007 letter"). A copy of the March 28, 2007 letter is annexed to the declaration in support, dated April 13, 2007, by Glenn J. Fuerth as Exhibit "K."

[4] All references to the Policy will be made as (Pol. Section __). A copy of the Policy is annexed to the declaration in support, dated April 13, 2007, by Glenn J. Fuerth as Exhibit "D."

[5] All references to the Memorandum of Law by Donald Schneider, dated March 30, 2007, will be made as (Schneider Memo of Law, pg. _).

2

(March 28, 2007 letter, Fuerth Dec., Ex. "K"), 105 Street spuriously claims that Ms. Rodriguez was not, "tasked or authorized to accept or to open mail addressed to Plaintiff," and that she was, "never employed by Plaintiff." (Cappocia Opp. Dec., ¶6).[6]

However, this latest iteration is directly contradicted by Brandon Baron, a principal of 105 Street (B. Baron Dep., p. 8, lines 21-22, Fuerth Dec., Ex. "B"),[7] who testified that Ms. Rodriguez was the employee responsible for making the determination of who received mail sent to the business address of all three-named defendants in the Conrad Action. (B. Baron Dep., p. 23, line 15, Fuerth Dec., Ex. "B"). Furthermore, although 105 Street claims that, "Brad Richards was in charge of liability insurance issues for Plaintiff," and not Ms. Rodriguez (Cappocia Opp. Dec., ¶9), this assertion is belied by the fact that correspondence regarding 105 Street's liability insurance issues was addressed to Ms. Rodriguez by both North Shore, 105 Street's insurance broker,[8] and by Greenwich,[9] and not to Brad Richards.

In fact, 105 Street admits that Ms. Rodriguez was an employee when it states that Michael Barnaba, claims adjuster for Greenwich, wrote "one letter to Plaintiff on August 25, 2004." (Schneider Opp., pg. 7). The "letter to Plaintiff" referred to by 105 Street was addressed to:

> Estelle Rodriguez
> 105 Street Associates, LLC
> c/o BFC Construction Corp.

---

[6] All references to the declaration of Donald Cappocia in opposition to the instant motion, dated April 25, 2007, will be made as (Cappocia Opp. Dec., ¶__).

[7] All references to the December 7, 2006 deposition transcript of Brandon Baron will be made as (B. Baron Dep. Pg__, Line __.) A copy of the December 7, 2006 B. Baron transcript is annexed to the declaration in support, dated April 13, 2007, by Glenn J. Fuerth as Exhibit "B".

[8] All references to the July 26, 2004 letter from Steven Potolsky to Estelle Rodriguez, will be made as ("July 26, 2004 letter"). A copy of the July 26, 2004 letter is annexed to the declaration in support, dated April 13, 2007, by Glenn J. Fuerth as Exhibit "O."

[9] All references to the August 25, 2004 fax from Mr. Barnaba to Ms. Rodriguez will be made as ("August 25, 2004 fax"). A copy of the August 25, 2004 fax is annexed to the declaration in support, dated April 13, 2007, by Glenn J. Fuerth as Exhibit "R."

3

2801752.1

(August 25, 2004 fax, Fuerth Dec., Ex. "R").

Accordingly, this judicial admission is further proof that Ms. Rodriguez was working for 105 Street and BFC Construction. See, *Vanriel v. A. Weissman Real Estate*, 283 A.D.2d 260 (1st Dept. 2001); *Walsh v. Pyramid Co. of Onondaga*, 228 A.D.2d 259, 260 (1st Dept. 1996) (holding that the statement by plaintiff's counsel in an affirmation submitted upon the plaintiff's summary judgment motion was a judicial admission and binding in the absence of a sufficient explanation).

As the three named defendants in the Conrad Action were all registered through the Division of Corporations at the same business address,[10] the Secretary of State forwarded the Conrad summons and complaint addressed to BFC Construction.[11] The summons and complaint that Ms. Rodriguez signed for on April 26, 2004 (March 28, 2007 letter, Fuerth Dec., Ex. "K") names 105 Street as the first-named defendant in the Conrad Action.[12] Thus, assuming *arguendo* that Ms. Rodriguez did not physically hand the summons and complaint to Donald Cappocia, 105 Street nonetheless, may not claim that it did not have actual notice of the Conrad Action as a matter of law. Accordingly, 105 Street has failed to make a satisfactory showing to rebut the presumption of delivery of the Conrad summons and complaint to 105 Street. The attempts of obfuscation fail to create any factual issue that 105 Street had knowledge of the Conrad Action as of April 26, 2004, and failed to notify Greenwich in a timely fashion.

105 Street's reliance on *Nouveau Elevator Indus., Inc. v. Cont'l Cas. Ins. Co.*, No. 05-CV-0813, 2006 WL 1720429 (E.D.N.Y. June 21, 2006) is misplaced. (Schneider Opp., pgs. 1-

---

[10] All references to the 105 Street, BFC Partners, and BFC Construction New York State Department of State Division of Corporations entity information will be made as ("NYS DOS Info"). Copies of the NYS DOS Info are annexed to the declaration in support, dated April 13, 2007, by Glenn J. Fuerth as Exhibit "C."

[11] All references to the Receipt for Service dated April 20, 2004, will be made as ("Receipt"). A copy of the receipt is annexed to the declaration in support, dated April 13, 2007, by Glenn J. Fuerth as Exhibit "J."

[12] All references to the Conrad Summons and Complaint in the Primary Action will be made as ("Conrad Complt. ¶__"). A copy of the Conrad Complaint is annexed to the declaration in support, dated April 13, 2007, by Glenn J. Fuerth as Exhibit "A."

4

2801752.1

4). In *Nouveau,* the Court held that plaintiff's default was excusable since it never received actual notice of the underlying action due to its failure to update its address with the Secretary of State. *Id.* at 4. However, the holding was predicated on the undisputed fact that the plaintiff never actually received notice since it went to the wrong address. *Id.* Since the plaintiff's policy was ambiguous as to whether the notice requirement was initiated by actual or constructive notice of a claim, the Court interpreted the policy as requiring actual notice. *Id.* at 6.

In direct contrast to the plaintiff in *Nouveau,* 105 Street does not claim that the Secretary of State mailed the summons and complaint to the wrong address, nor is it undisputed that 105 Street didn't have actual notice. Instead, 105 Street proffers nothing more than mere denials without any probative evidence to support its contention that it never received the summons and complaint despite the concrete evidence of a signed certified mail receipt proving otherwise. (March 28 letter, Fuerth Dec., Ex."K"); See, *Public Admin. of the Cty of N.Y.*, 163 A.D.2d 100. As such, the alleged "ambiguity" that 105 Street attempts to raise as an argument for its failure to comply with the Policy is a red herring to the actual issues at hand since 105 Street had actual notice and failed to notify Greenwich in a timely fashion.

## II. GREENWICH TIMELY DISCLAIMED COVERAGE AND IS NOT OBLIGATED TO INDEMNIFY 105 STREET IN THE PRIMARY ACTION

When Greenwich received the Conrad summons and complaint four (4) months after service was properly effectuated on 105 Street, a confirmatory analysis was warranted, and indeed justified by New York law to address the potential late notice issue. See, *Pub. Serv. Mut. Ins. Co. v. Harlen House Assocs.*, 7 A.D.3d 421, 423 (1st Dept. 2004). Additionally, it is well-settled that the time to disclaim starts to accrue only at the time when the insurer first learns of the circumstances that the disclaimer is based upon. *Id.* at 421.

Similar to the facts in the case at hand, in *2540 Associates, Inc. v. Assicurazioni Generali, S.P.A*, 271 A.D.2d 282, 284 (1st Dept. 2000), the Court held that since an "insurer's justification for denying coverage is strictly limited to those grounds stated in the notice of disclaimer and, as a matter of policy, reasonable investigation is preferable to piecemeal disclaimers."

Here, Greenwich was justified in retaining coverage counsel to confirm its suspicions of late notice as it could not be facially confirmed from the summons and complaint when and who first became aware of the incident, as all that was alleged was that the Conrad incident occurred in July of 2002. Additionally, evidenced by the letter sent from North Shore to counsel for 105 Street, the file forwarded to Greenwich concerning the Conrad Action did not contain any "reference to 105 Street Associates, LLC."[13] Thus, Greenwich was tasked with creating a notice chronology with virtually no assistance from 105 Street and nonetheless timely disclaimed within 10 days after learning of the facts that justified the denial for late notice.

The Wilson Elser invoice[14] is of no aid to 105 Street's case as it simply notes that Wilson Elser received a "fax from plaintiff's counsel re: affidavit of service to the insured...." (Schneider Dec., Ex. "A"). Thus, there is no identification of what affidavit of service it is referring to. If 105 Street implies that it refers to the Receipt for Service,[15] it is of no moment as it is silent as to 105 Street. This appears to be the case as Wilson Elser called "defense counsel" on September 8, 2004, to discuss the "corporate relationship between (sic) three defendants."

---

[13] All references to the August 18, 2004 letter from Steven Potolsky to Donald Schneider, will be made as ("August 18, 2004 letter"). A copy of the August 18, 2004 letter is annexed to the declaration in support, dated April 13, 2007, by Glenn J. Fuerth as Exhibit "P."

[14] All references to the further declaration of Donald Schneider, dated April 26, 2007, will be made as ("Schneider Dec., ¶__").

[15] All references to the Receipt for Service dated April 20, 2004, will be made as ("Receipt"). A copy of the receipt is annexed to the declaration in support, dated April 13, 2007, by Glenn J. Fuerth as Exhibit "J."

(Schneider Dec., Ex. "A"). Two days later on September 10, 2004, a coverage letter and report[16] was sent to Greenwich with the recommendation that coverage should be denied.

Accordingly, the time to disclaim coverage accrued on September 10, 2004 when XL received the coverage letter/report. Within 10 days, the September 20, 2004 denial letter[17] was sent to 105 Street. Hence, Greenwich's denial for late notice was timely as a matter of law. See, *Pub. Serv. Mut. Ins. Co.*, 7 A.D.3d at 421 (holding that it was reasonable and timely for insurer to disclaim coverage 37 days after it was first notified of the claim, and 27 days after it learned of grounds for disclaimer).

## CONCLUSION

Based on the foregoing, it is respectfully requested that the Court enter an Order pursuant to Federal Rules of Civil Practice 56(c), granting Greenwich's motion to dismiss the complaint in its entirety, together with such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
May 11, 2007

Yours, etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Glenn J. Fuerth (GJF5848)
Attorneys for Defendant
GREENWICH INSURANCE COMPANY
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

---

[16] All references to the September 10, 2004 letter from Wilson Elser to XL Insurance, redacted pursuant to the November 7, 2006 Court Order, will be made as ("September 10, 2004 letter"). A copy of the September 10, 2004 letter is annexed to the declaration in support, dated April 13, 2007, by Glenn J. Fuerth as Exhibit "S."

[17] All references to the September 20, 2004 denial letter from Wilson Elser on behalf of Greenwich to 105 Street will be made as ("September 20, 2004 letter"). A copy of the September 20, 2004 letter is annexed to the declaration in support, dated April 13, 2007, by Glenn J. Fuerth as Exhibit "T."

7

2801752.1

TO:   Donald F. Schneider
      Attorney for Plaintiff
      90 Broad Street, 6th Floor
      New York, NY 10004
      212-265-2266