UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

105 STREET ASSOCIATES, LLC,                :

                                     Plaintiff,    :

              -against-            :    05 CV 9938 (VM) (DCF)

                                                  :

GREENWICH INSURANCE COMPANY,    :

                            Defendant.   :

------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW
IN REPLY TO DEFENDANT'S MEMORANDUM OF LAW SUBMITTED
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

 

**SCHNEIDER GOLDSTEIN BLOOMFIELD LLP**
Attorneys for Plaintiff
Address and P.O. Box:
90 Broad Street, 6th Floor
New York, New York 10004
(212) 265-2266

S:\docs\BFC\Conrad\Greenwich Ins\\memo of law in response 5-2-07 wpd

# TABLE OF CONTENTS

ARGUMENT ................................................................. 1

POINT I ....................................................................1

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT SHOULD BE GRANTED ........................................ 1

A.  Plaintiff Gave Defendant Notice of
    the Conrad Action as Soon as Practicable.
    Plaintiff's Constructive Notice of the Conrad
    Action is Insufficient as a Matter of Law to
    Trigger an Obligation By Plaintiff to
    Notify Defendant of the Conrad Action..................................1

B.  Defendant is Precluded From Disclaiming Because
    its Disclaimer Was Not Timely As a Matter of Law ........................ 3

CONCLUSION ............................................................... 4

**PLAINTIFF'S MEMORANDUM OF LAW
IN REPLY TO DEFENDANT'S MEMORANDUM OF LAW SUBMITTED
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff 105 Street Associates, LLC ("Plaintiff") respectfully submits this Memorandum of Law in reply to Defendant's Memorandum of Law dated April 27, 2007, submitted in opposition to Plaintiff's motion for summary judgment.

**ARGUMENT**

**PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT SHOULD BE GRANTED**

A   **Plaintiff Gave Defendant Notice of
the Conrad Action as Soon as Practicable.
Plaintiff's Constructive Notice of the
Conrad Action is Insufficient as a Matter
of Law to Trigger an Obligation By Plaintiff to
Notify Defendant of the Conrad Action**

Defendant's argument that Plaintiff's obligation to notify it of the Conrad Action was triggered by service of the Complaint therein via the Secretary of State, and that "service of process on a domestic corporation is deemed complete when the Secretary of State is so served, and thus [plaintiff] was served on April 20, 2004 as a matter of law," Def. Mem. in Opp. at 2-3, is legally baseless because actual notice of the Conrad Action was required. *See Nouveau Elevator Indus., Inc. v. Continental Casualty Ins. Co.*, 2006 WL 1720429 (E.D.N.Y. June 21, 2006); *U.S. Underwriters Ins. Co. v. 203-211 West 145th Street Realty Corp.*, 2001 WL 604060

S:\docs\BFC\Conrad\Greenwich Ins\memo of law in response 5-2-07

(S.D.N.Y. May 31, 2001).[1]

Defendant misstates the documentary evidence in asserting that Plaintiff "duly accepted the Conrad summons in April 2004," citing Ex. "K" to the Fuerth Decl., dated April 13, 2007. Such exhibit says no such thing; it consists of two pages: (i) the first page is a letter from the New York Department of State which states that service of process upon BFC Construction (not Plaintiff) was made on April 20, 2004 and a copy sent by certified mail to BFC Construction, and (ii) the second page is a copy of the postal receipt addressed to BFC Construction, not to Plaintiff. Moreover, assuming *arguendo* that Ms. Rodriguez, who was not an employee of Plaintiff, had signed for the Summons and Complaint directed to Donald Capoccia, the agent for service of process for Plaintiff (but not for BFC Construction), Capoccia Reply Decl. ¶ 6, it is undisputed that such act would have been unauthorized and that Mr. Capoccia did not ever receive the Summons and Complaint mailed by the New York Department of State or gain actual knowledge of it. *Id.* The notice of lawsuit provision of the Greenwich Policy was not triggered until Plaintiff received actual knowledge of the Conrad Action when it received the Kelner Letter addressed to it.

---

[1] In a somewhat analogous situation, District Judge Baer in *U.S. Underwriters Ins. Co. v. Held Bros., Inc.*, 1998 WL 355425*4-5 (S.D.N.Y. June 30, 1998) held that mere delivery to the New York Secretary of State of the Complaint in a declaratory judgment action (which may constitute written notice of disclaimer) does not constitute adequate notice of disclaimer under Insurance Law § 3420(d), *i.e.*, constructive notice by delivery to the New York Secretary of State is insufficient to constitute the giving of a notice of disclaimer by an insurer.

## B. Defendant is Precluded From Disclaiming Because its Disclaimer Was Not Timely As a Matter of Law

Defendant argues that it needed to conduct an "investigation into the potential violation of the notice provision," but it had on August 18, 2004 all facts upon which it relied in disclaiming: the date of service of the Summons and Complaint in the Conrad Action upon Plaintiff via the Secretary of State - - a fact stated in the Kelner Letter addressed to Plaintiff. Ex. "C" to Richards Decl. The assertions made by Defendant about the so-called "thorough investigation" that it conducted are demonstrated to be untrue by the sworn testimony of Defendant's claims adjuster, Ex. "Q" to Fuerth Decl., pp. 22-23, 53-56, 57, 81-82, who acknowledged that only verification of the service date was done on such issue, and the time records of Defendant's coverage counsel. Ex. "A" to Schneider Reply Decl. Defendant's overblown assertions about its so-called investigation cannot conceal the fact that, as admitted by Defendant's claims adjuster, there was no need for investigation of the timeliness of notice. Ex. "Q" to Fuerth Decl., at 81.

Defendant has failed to satisfy its burden of justifying its delay in disclaiming. See *First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y. 3d 64, 769 N.Y.S. 2d 459, 463 (Ct. App. 2003). Defendant's proffered excuse for its delay - - that it was conducting an investigation and awaiting an opinion of coverage counsel - - is insufficient as a matter of law. The basis for denying coverage based upon late notice of the Conrad Action was or should have been readily apparent before the onset of delay. Once Defendant knew or should have known the date of service of the Complaint in the Conrad Action upon Plaintiff, any attempt to justify delay

S:\docs\BFC\Conrad\Greenwich Ins\memo of law in response 5-2-07   3

thereafter in disclaiming on the asserted ground that Defendant needed time to investigate is unreasonable, for any information that Defendant could have learned from further investigation "did not affect the insurer's decision to deny coverage in the first place" so that "any delay in notification based on such extra investigation is unreasonable as a matter of law." *New York Univ. v. First Financial Ins. Co. ("New York Univ.")*, 322 F. 3d 750, 755 (2d Cir. 2003); see *First Fin. Ins. Co. v. Jetco Contracting Corp.*, 769 N.Y.S. 2d at 463 (answering question certified by the Second Circuit in *New York Univ.* and holding that once the insurer knew or should have known of the basis for disclaimer which it later invoked, the explanation for delay of further investigation of a different issue was insufficient). See also, *North Country Ins. Co. v. Tucker*, 273 A.D. 2d 683, 709 N.Y.S. 2d 255, 257 (3d Dep't 2000) (delay unreasonable as a matter of law because insurer did not need to hear certain witnesses' testimony before disclaiming coverage where there was already sufficient evidence).

Moreover, there was no reason to await a formal opinion of coverage counsel. See *Mt. Vernon Fire Ins. Co. v. Gatesington Equities, Inc.*, 204 A.D. 2d 419, 611 N.Y.S. 2d 893, 895 (2d Dep't 1994) (holding delay unreasonable as a matter of law because insurer did not need to wait for a formal opinion of coverage counsel).

## CONCLUSION

For the foregoing reasons and those set forth in Plaintiff's prior Memoranda of Law, Plaintiff's motion for summary judgment should be granted in all respects and Defendant's

S:\docs\BFC\Conrad\Greenwich Ins\memo of law in response 5-2-07   4

motion for summary judgment should be denied.

Dated: New York, New York
      May 9, 2007

                                   SCHNEIDER GOLDSTEIN BLOOMFIELD LLP

                                   By: _____
                                            Donald F. Schneider (DFS-9886)
                                   Attorneys for Plaintiff
                                   Office Address and P.O. Box:
                                   90 Broad Street, 6th Floor
                                   New York, New York 10004
                                   Tel.: (212) 265-2266
                                   Fax.: (212) 265-2442

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )


**GAYLE KAPLAN**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

On May 11, 2007, deponent served the within Plaintiff's Memorandum of Law in Reply to Defendant's Memorandum of Law Submitted in Opposition to Plaintiff's Motion For Summary Judgment upon Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for the defendant, at 150 East 42nd Street, New York, New York 10017, by depositing true copies of same, enclosed in post-paid properly addressed wrappers in an official depository under the exclusive custody and control of the United States Postal Service within the State of New York.

_____
GAYLE KAPLAN

Sworn to before me this
14th day of May, 2007

_____
Notary Public

DONALD F. SCHNEIDER
Notary Public, State of New York
No. 02SC6034524
Qualified in Westchester County
Commission Expires: Dec. 13, 2009

S:\docs\BFC\Conrad\Greenwich Ins\affidavit of service.wpd